ORIGINAL

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**
JUN - 7 2004
CLERK, U.S. DISTRICT COURT
By _____ Deputy

| | |
|---|---|
| **RICHARD MOORE, et al.** : | |
| Plaintiff, : | |
| v. : | Civil Action No.: 02-CV-1152-N |
| : | THIS DOCUMENT RELATES TO: |
| **HALLIBURTON COMPANY, et al.** : | All Actions |
| Defendants. : | |

### PRELIMINARY APPROVAL ORDER IN CONNECTION WITH SETTLEMENT PROCEEDINGS

WHEREAS, on May 10, 2004, the parties to the above-entitled action (the "Action") entered into a Stipulation and Agreement of Settlement (the "Stipulation"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure ("F.R.Civ.P.") and which, together with the exhibits thereto, sets forth the terms and conditions for the proposed settlement of the claims alleged in the Second Consolidated Amended Class Action Complaint ("Complaint") on the merits and with prejudice; and the Court having read and considered the Stipulation and the accompanying documents; and the parties to the Stipulation having consented to the entry of this Preliminary Approval Order; and all capitalized terms not otherwise defined herein having the meanings ascribed to them in the Stipulation;

NOW, THEREFORE, IT IS HEREBY ORDERED, this ___7___ day of ___June___, 2004 that:

1. Pursuant to F.R.Civ.P. 23(b)(3), and for the purposes of the Settlement only, this Action is hereby preliminarily certified as a class action on behalf of all persons who purchased the common stock of Halliburton on the open market during the period from May 18, 1998

through May 28, 2002, inclusive, and were damaged thereby. Excluded from the Class are the Settling Securities Defendants and all present and former officers and directors of Halliburton, members of the immediate families (parents, spouses, siblings, and children) of each of the Individual Settling Securities Defendants, each Settling Securities Defendant's Legal Representatives, heirs, successors or assigns and any entity in which any Defendant has had a controlling interest.

2. For purposes of this Preliminary Approval Order only, the Court preliminarily finds that the prerequisites for a class action under F.R.Civ.P. 23(a) and (b)(3) have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the named representatives are typical of the claims of the Class they seek to represent; (d) the Settling Lead Plaintiffs will fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Settling Lead Plaintiffs Private Asset Management, Gabriel T. Forrest, and Paul J. Benec are preliminarily certified as Class representatives. The law firm of Schiffrin & Barroway is appointed Lead Plaintiffs' Counsel for the Settlement Class.

4. A hearing (the "Settlement Fairness Hearing"), pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, is hereby scheduled to be held before the Court on _Aug. 26_, 2004, at _2:00_ _p_.m. for the following purposes:

(a) To finally determine whether this Action satisfies the applicable prerequisites for class action treatment under F.R.C.P. Rule 23(a) and (b);

(b) To determine whether the proposed Settlement is fair, reasonable, and adequate, and should be approved by the Court;

(c) To determine whether the Final Order and Judgment as provided under the Stipulation should be entered, dismissing the Complaint filed in the <u>Moore</u> Action, on the merits and with prejudice, and to determine whether the release by Settling Lead Plaintiffs and the Class of the Settled Claims, as set forth in the Stipulation, should be provided to the Released Parties;

(d) To determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable, and should be approved by the Court;

(e) To consider Lead Plaintiffs' Counsel's application for an award of attorneys' fees and expenses; and

(f) To rule upon such other matters as the Court may deem appropriate.

5. The Court may adjourn the Settlement Fairness Hearing without notice to the Class. The Court may also adjourn the Settlement Fairness Hearing by means other than an announcement of the adjournment at the scheduled time of the Settlement Fairness Hearing or at the scheduled time of any adjournment of the Settlement Fairness Hearing. The Court may consider modifications of the Settlement (with the consent of Settling Lead Plaintiffs and the Settling Securities Defendants) without further notice to the Class.

6. The Court reserves the right to approve the Settlement with or without modification and with or without further notice of any kind. The Court further reserves the right to enter its Final Order and Judgment approving the Stipulation and dismissing the Complaint on

the merits and with prejudice regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and expenses.

7. The Court approves the form, substance and requirements of the Notice of Pendency of Class Action, Hearing On Proposed Settlement and Attorneys' Fee Petition and Right to Share in Settlement Fund (the "Notice"), annexed hereto as Exhibit 1 and the Proof of Claim form, annexed hereto as Exhibit 2.

8. The Court approves the selection of The Garden City Group, LLC by Lead Plaintiffs' Counsel as the Claims Administrator. The Claims Administrator, under the supervision of Lead Plaintiffs' Counsel, shall cause the Notice and the Proof of Claim, substantially in the forms annexed hereto, to be mailed, by first class mail, postage prepaid, on or before *June 18*, 2004, to all Class Members who can be identified with reasonable effort by Lead Plaintiffs' Counsel. Halliburton shall make available sufficient information required to identify and give notice to the Class. Lead Plaintiffs' Counsel shall use reasonable efforts to give notice to nominee owners such as brokerage firms and other persons or entities who purchased Halliburton common stock during the Class Period as record owners but not as beneficial owners. Such nominee purchasers are directed to forward copies of the Notice and Proof of Claim to their beneficial owners within seven days of receipt of the Notice or to provide the Claims Administrator with lists of the names and addresses of the beneficial owners, and the Claims Administrator is ordered to send the Notice and Proof of Claim promptly to such beneficial owners. Additional copies of the Notice shall be made available to any record holder requesting such for the purpose of distribution to beneficial owners, and such record holders shall be reimbursed from the Settlement Fund, upon receipt by the Claims Administrator of proper documentation, for the reasonable expense of sending the Notices and Proofs of Claim to

beneficial owners. Lead Plaintiffs' Counsel shall, at or before the Settlement Fairness Hearing, file with the Court proof of mailing of the Notice and Proof of Claim.

9. The Court approves the form of Publication Notice of the pendency of this class action and the proposed Settlement in substantially the form and content annexed hereto as Exhibit 3 and directs that Lead Plaintiffs' Counsel shall cause the Publication Notice to be published in the national edition of <u>The Wall Street Journal</u> within ten days of the mailing of the Notice. Lead Plaintiffs' Counsel shall, at or before the Settlement Fairness Hearing, file with the Court proof of publication of the Published Notice.

10. The form and method set forth herein of notifying the Class of the Settlement and its terms and conditions meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7) as amended by the Private Securities Litigation Reform Act of 1995, and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto.

11. In order to be entitled to participate in the Net Settlement Fund, in the event the Settlement is effected in accordance with all of the terms and conditions set forth in the Stipulation, each Class Member shall take the following actions and be subject to the following conditions:

(a) A properly executed Proof of Claim (the "Proof of Claim"), substantially in the form attached hereto as Exhibit 2, must be submitted to the Claims Administrator, at the Post Office Box indicated in the Notice, postmarked not later than _Sep. 27_, 2004. Such deadline may be further extended by Court Order. Each Proof of Claim shall be deemed to have been submitted when postmarked (if properly addressed and mailed by first class mail,

5

postage prepaid) provided such Proof of Claim is actually received prior to the motion for an order of the Court approving distribution of the Net Settlement Fund. Any Proof of Claim submitted in any other manner shall be deemed to have been submitted when it was actually received at the address designated in the Notice.

(b) The Proof of Claim submitted by each Class Member must satisfy the following conditions: (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by Lead Plaintiffs' Counsel; (iii) if the person executing the Proof of Claim is acting in a representative capacity, a certification of his current authority to act on behalf of the Class Member must be included in the Proof of Claim; and (iv) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

(c) As part of the Proof of Claim, each Class Member shall submit to the sole and exclusive jurisdiction of the Court with respect to the claim submitted, and shall (subject to effectuation of the Settlement) release all Settled Claims as provided in the Stipulation.

12. Any member of the Class who does not submit a Proof of Claim form in the manner stated in this Order shall be deemed to have waived his, her or its right share in the Net Settlement Fund, and shall forever be barred from sharing in the Net Settlement Fund. Any such member of the Class, however, in all other respects shall be subject to and bound by all of the terms of the Settlement, including the terms of the Final Order and Judgment and the releases

provided for by the Settlement and the Final Order and Judgment unless such member of the Class has submitted a request to be excluded from the Class in the manner required by this Order.

13. Class Members shall be bound by all determinations and judgments in this Action, whether favorable or unfavorable, unless such persons request exclusion from the Class in a timely and proper manner, as hereinafter provided. A Class Member wishing to make such request shall mail the request in written form by first class mail postmarked no later than _Aug. 18_, 2004 to the address designated in the Notice. Such request for exclusion shall clearly indicate the name and address of the person seeking exclusion, that the sender requests to be excluded from the Class in the Halliburton Securities Litigation, and must be signed by such person. Such persons requesting exclusion should also provide the following information: their daytime telephone number and the date(s), price(s), and number(s) of shares of all purchases and sales of Halliburton common stock during the Class Period. The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

14. Class Members requesting exclusion from the Class shall not be entitled to receive any payment out of the Net Settlement Fund as described in the Stipulation and Notice.

15. Any member of the Class who does not request exclusion from the Class in the manner required by this Order may object to the Settlement, the Plan of Allocation, the adequacy of representation and/or the request by Lead Plaintiffs' Counsel for attorneys' fees and reimbursement of expenses in person or by counsel at the Settlement Fairness Hearing. Any objection, or request to be heard at the Settlement Fairness Hearing must be in writing, must be received by the Court and the counsel identified in the Notice no later than _Aug. 18_, 2004

unless good cause is shown for an extension of this deadline, and must include the following information: (a) the person's name, address and telephone number, (b) the dates the person purchased and sold Halliburton securities during the Class Period, (c) a detailed statement of the basis for the person's objections to the Settlement, the Plan of Allocation, the adequacy of representation, the request by Lead Plaintiffs' Counsel for attorneys' fees and reimbursement of expenses, or any other matter before the Court, and (d) any supporting papers, including all documents and writings that the person wants the Court to consider. The objection, statement or request to be heard at the Settlement Fairness Hearing must be filed with the Clerk of the Court and must be served on the counsel for the parties identified in the Notice at the same time that the objection, or request to be heard is filed with the Clerk of the Court.

16. Any member of the Class who does not object to the Settlement, the Plan of Allocation, the adequacy of representation or Lead Plaintiffs' Counsel's request for attorneys' fees and reimbursement of expenses or otherwise request to be heard at the Settlement Fairness Hearing in the manner required by this Order shall be deemed to have waived his, her or its right to object to the Settlement, the Plan of Allocation, the adequacy of representation, or Lead Plaintiffs' Counsel's request for attorneys' fees and reimbursement of expenses or otherwise be heard concerning these subjects, and shall forever be barred from objecting to the Settlement, the Plan of Allocation, the adequacy of representation, or Lead Plaintiffs' Counsel's request for attorneys' fees and reimbursement of expenses or from otherwise being heard concerning these subjects in this or any other proceeding.

17. Attendance at the hearing is not necessary; however, persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or the request for attorneys' fees are required to indicate in their written objection their intention to appear at

the hearing. Class Members do not need to appear at the hearing or take any other action to indicate their approval.

18. Pending final determination of whether the Settlement should be approved, the Plaintiffs, all Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence or prosecute any action which asserts Settled Claims against any Released Party.

19. Pending the Settlement Fairness Hearing, the Court shall stay all proceedings in the Action, other than those proceedings necessary to carry out or enforce the terms and conditions of the Stipulation.

20. This Order, the Settlement, and any of their terms, and all negotiations, discussions and proceedings in connection with this Order and the Settlement, shall not constitute any evidence, or an admission by any of the Defendants or other Released Parties, that any acts of wrongdoing have or have not been committed and shall not be deemed to create any inference that there is or is not any liability on the part of any of the Defendants or other Released Parties. This Order, the Settlement, and any of their terms, and all negotiations, discussions and proceedings in connection with this Order and the Settlement, shall not be offered or received in evidence or used for any other purpose in this or any other proceeding in any court, administrative agency, arbitration forum, or other tribunal in the United States or any other country except as necessary to enforce the terms of this Order and/or the Settlement.

21. If: (a) the Settlement is terminated by the Settling Securities Defendants pursuant to Paragraph 29 of the Stipulation; (b) any specified condition to the Settlement set forth in the Stipulation is not satisfied and the Settlement is terminated by Lead Plaintiffs' Counsel and Counsel for the Defendants; (c) the Court rejects, in any respect, the Final Order and Judgment in

substantially the form and content annexed to the Stipulation as Exhibit B and/or Lead Plaintiffs' Counsel and Counsel for the Settling Securities Defendants fail to consent to the entry of another form of order in lieu thereof; (d) the Court rejects the Stipulation, including any amendment thereto approved by Lead Plaintiffs' Counsel and Counsel for the Settling Securities Defendants; or (e) the Court approves the Stipulation, including any amendment thereto approved by Lead Plaintiffs' Counsel and Counsel for the Settling Securities Defendants, but such approval is reversed on appeal and such reversal becomes final by lapse of time or otherwise, then, in any such event listed in subparagraphs (a) through (e) hereof, the Stipulation, including any amendment(s) thereof, and this Preliminary Order certifying the Class and the Class Representatives for purposes of the Settlement shall be null and void, of no further force or effect, and without prejudice to any party, and may not be introduced as evidence or referred to in any actions or proceedings by any person or entity, and each party shall be restored to his, her or its respective position as it existed prior to the execution of the Stipulation.

22. The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

23. All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Stipulation.

Dated: _June 7, 2004_

_____
DAVID GODBEY, U.S.D.J.