

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

FEB 2 8 2005

CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | |
|---|---|
| RICHARD MOORE, et al., | § |
| | § |
| Plaintiffs, | § |
| | § |
| vs. | § |
| | § |
| HALLIBURTON COMPANY, et al., | § |
| | § |
| Defendants. | § |
| | § |

Civil Action No. 3:02-cv-1152-M

# ORIGINAL

## LEAD PLAINTIFF AMS FUND, INC.'S MOTION FOR MODIFICATION OF LEAD PLAINTIFF AND LEAD COUNSEL APPOINTMENT

## I.   INTRODUCTION

True to its lead plaintiff appointment, the Archdiocese of Milwaukee Supporting Fund, Inc. ("AMS Fund" or the "Fund") has not once wavered in its commitment to pursue solely the class's best interests. Indeed, recognizing that the prior proposed $6-million settlement from its very inception was both substantively and procedurally inadequate and having grave concerns about the manner by which it was reached, the AMS Fund vigorously challenged the settlement for almost a year and a half until the Court, expressing the same concerns raised by the AMS Fund, refused to approve the proposed settlement. *See* September 9, 2004 Memorandum Opinion and Order ("September 9 Order") at 16.

The parties, thereafter, were unable to negotiate an acceptable class settlement through the Court-ordered further mediation. February 1, 2005 Alternative Dispute Resolution Summary ("ADR Summ.") at ¶6.[1] And previously settling lead plaintiffs Private Asset Management ("PAM") and Paul J. Benec and their counsel, Schiffrin & Barroway LLP and Wolf Haldenstein Adler Freeman & Herz LLC, have expressed their intentions to withdraw voluntarily from their respective lead plaintiff and lead counsel/executive committee positions. *See* February 10, 2005 Unopposed Motion Seeking Court Authority for Private Asset Management to Withdraw as Lead Plaintiff and Schiffrin & Barroway LLP to Withdraw as Lead Counsel ("PAM Withdrawal Motion") at 1; *See also* Declaration of Arthur L. Shingler III in Support of Lead Plaintiff AMS Fund, Inc.'s Motion for Modification of Lead Plaintiff and Lead Counsel Appointment ("Shingler Decl.") at ¶7.

---

[1]     By this memorandum, the AMS Fund and its counsel are also advising the Court in writing of the mediation's result as required by the Court's September 9 Order. *See* September 9 Order at 18, ¶4.

Previously settling lead plaintiff Gabriel T. Forrest and his counsel Stull Stull & Brody, however, indicate that they will not withdraw voluntarily – despite that Forrest aggressively pursued the proposed settlement for almost a year and half over and even in light of the AMS Fund's stated concerns. Indeed, as a previously settling lead plaintiff, Mr. Forrest has compromised his ability to continue on the Class's behalf, having adopted the position that "none of the Plaintiffs' claims are likely to succeed." *See* September 9 Order at 6. A lead plaintiff simply cannot proffer up an inadequate settlement – particularly under the circumstances under which it was reached here – claim that the action has little to no chance of succeeding and then expect that he should thereafter be entrusted with the Class's best interests as the action proceeds to be litigated on the merits. That this is so is implicitly understood by previously settling lead plaintiff PAM and its counsel in their withdrawal papers – "[I]n light of the fact that, along with my counsel, Schiffrin & Barroway, I have a view as to the true value of this Action which is vastly different from that of Scott + Scott and its client, AMS Fund, I believe it is appropriate for PAM to step aside as Lead Plaintiff at this time …." Appendix to Unopposed Motion Seeking Court Authority for Private Asset Management to Withdraw as Lead Plaintiff and Schiffrin & Barroway, LLP to Withdraw as Lead Counsel ("PAM App.")(Declaration of Michael D. Berlin, Esq. on Behalf of Private Asset Management at ¶19). Mr. Forrest and his counsel Stull, Stull & Brody likewise should either voluntarily step aside and withdraw from – or be relieved of – their lead plaintiff and plaintiffs' executive committee appointments.

The AMS Fund – as sole remaining lead plaintiff – will now continue to lead the class's efforts to obtain an outstanding result hopefully with the assistance of class member plaintiffs Laborers National Pension Fund, Plumbers and Pipefitters National Pension Fund and the City of Dearborn Heights Act 345 Police and Fire Retirement System (the "Intervening Funds") who seek to intervene in the action to serve as class representatives in this action.

2

Accordingly, lead plaintiff AMS Fund respectfully requests that the Court grant PAM and Mr. Benec's and their respective counsels' motions to withdraw and remove Mr. Forrest as a lead plaintiff and his counsel Stull Stull & Brody as an executive committee member, leaving the AMS Fund to continue to pursue the class's best interests as sole lead plaintiff, in cooperation with the Intervening Funds. AMS Fund also respectfully requests that the Court approve the AMS Fund's selection of its counsel Scott + Scott, LLC and the law firm of Lerach, Coughlin, Stoia, Geller, Rudman & Robbins, LLP, as co-lead counsel for the class. This will assure that the class is represented by counsel with the experience and resources necessary to vigorously prosecute this action. Both firms are accomplished class action and securities fraud counsel who together will serve diligently the class's interests. *See* Shingler Decl. at ¶8.

## II.   ARGUMENT

It is a maxim that "class representatives are properly characterized as fiduciaries." *In re Craft*, --- F.Supp.2d ---, 2005 WL 221887, *5 (N.D.Tex. 2005); *Roper v. Consurve, Inc.*, 578 F.2d 1106, 1110 (5th Cir.1978) ("By the very act of filing a class action, the class representative assumes responsibilities to members of the class."); *Martens v. Thomann*, 273 F.3d 159, 173 (2d Cir.2001) ("[A]s class representatives, the moving plaintiffs have fiduciary duties towards the other members of the class."); 5 Moore's Federal Practice § 23.25[2][a] (3d ed. rev.2004) ("The class representative acts as a fiduciary for the entire class.").

Lead plaintiffs appointed under the Private Securities Litigation Reform Act of 1995 ("PSLRA") likewise owe these same fiduciary obligations to unnamed class members. September 9 Order at 6 ("'A lead plaintiff in a class action owes a fiduciary duty to the class.'")(citation omitted)). Thus, adequate representation requires "'the willingness and ability of the representatives to take an active role in and control the litigation and to protect the interests of absentees.'" *Berger v. Compaq Computer Corp.*, 257 F. 3d 475, 482 (5th Cir. 2001)(citation omitted); *accord Pettway v.*

*American Cast Iron Pipe Co.*, 576 F. 2d 1157, 1177 (5th Cir. 1978) (Rule 23 adequacy requirement "contemplates that the named plaintiffs will undertake a major role in the prosecution of a class action.")  Indeed, Due Process itself "requires that the named plaintiff at all times adequately represent the interests of the absent class members." *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812 (1985).

### A.   Lead Plaintiff AMS Fund Continues to Represent the Class's Best Interests

As a lead plaintiff, the AMS Fund has clearly demonstrated the level of active participation and resolve required of lead plaintiffs entrusted with the class's best interests.  The Fund stepped forward at the action's inception and timely moved for lead plaintiff appointment.  And, once appointed, the Fund has not lost sight of its obligation first and foremost to the class.

While previously settling lead counsel rushed to settle the action without having conducted any adequate investigation or research, let alone adversary discovery, the AMS Fund mounted – on its own – that which is required of lead plaintiffs in securities fraud class actions – a significant and ongoing independent investigation into additional facts corroborating defendants' alleged wrongdoing.  Shingler Decl. at ¶3.  Such investigation is crucial to securities fraud class action success, particularly in light of the PSLRA's prohibition of formal discovery until plaintiffs have stated a claim.  Further, the AMS Fund's investigation produced considerable results consisting of not only direct evidence and testimony supporting the class's claim but raising substantial questions about the prior proposed settlement's adequacy.[2]  In addition, in cooperation with the AMS Fund,

---

[2]      While the AMS Fund's fact investigation is ongoing, much of the Fund's investigation and research has been incorporated in class member John Kimble's original and amended complaints (filed August 29, 2003, and March 2, 2004, respectively), class member Ben Alan Murphey's proposed complaint (filed August 3, 2004) and class member/proposed interveners Laborers National Pension Fund, Plumbers and Pipefitters National Pension Fund and the City of Dearborn

4

the Intervening Funds have produced and filed by far the most comprehensive complaint filed to date in the action – a complete product that provides a clear roadmap for this case to go forward on these merits.

In addition to its undertakings to advance the class's claims and only after failing to reach an acceptable resolution of the AMS Fund's significant concerns with the $6-million settlement, the AMS Fund promptly initiated a motion for order to show cause why the then lead counsel should not be removed as such. *See* June 13, 2003 Lead Plaintiff AMS Fund's Motion for Order to Show Cause. Through the Fund's show-cause motion, the Court was informed of the settlement-related conduct that the AMS Fund questioned. After hearing, the Court denied the motion "without prejudice to the possibility of re-urging it if and when there is a hearing on the motion to approve the proposed settlement and that's denied." August 25, 2003 Hearing Transcript at 48:21-24; *see also* September 9 Order at 3.

For the next year, the AMS Fund continued to challenge the proposed settlement and ultimately formally objected to its final approval on August 18, 2004. Through its objection, the AMS Fund explained the settlement's inadequacies and urged the Court to deny final approval. *See* August 18, 2004 Lead Plaintiff AMS Fund, Plaintiff John Kimble and Classmember Ben Alan Murphey's Objection to Proposed Halliburton Securities Fraud Litigation Settlement. Importantly, while the AMS Fund could have opted out of the proposed settlement in order to pursue its own losses, the Fund did not. As a class fiduciary, the Fund was simply unwilling to abandon the class when it was clear the class needed it most. Shingler Decl. at ¶4.

---

Heights Act 345 Police and Fire Retirement System's proposed complaint (filed January 24, 2005), which was prepared by proposed intervening class members' counsel Lerach, Coughlin, Stoia, Geller, Rudman & Robbins with our assistance.

On September 9, 2004, the Court refused to approve the $6-million settlement, largely for the same reasons argued by the AMS Fund as to that settlement's inadequacies. September 9 Order at 16 ("[T]he Court is not satisfied that the settlement proposed is fair, reasonable and adequate, and ... has concerns both about the manner in which settlement was reached, and the terms of the proposed settlement ...."). In doing so, the Court ordered the parties to engage in further mediation and other activities in an effort to find a resolution that would fairly and adequately compensate the class. *Id.* at 17-19. The Court also stated that should the parties be unable to resolve the action through the mediation process, the Court would consider addressing the present lead plaintiff and lead counsel terms of appointment and a schedule for going forward. *Id.* at 19.

Continuing its direct presence and involvement in this action, the AMS Fund personally attended each of the ordered meetings, including the meeting with defendants and, along with the Intervening Funds' counsel, the Court-ordered mediation. As mediator Gary V. McGowan has reported to the Court, however, the mediation failed to produce a settlement. ADR Summ. at ¶6. It is clear that the litigation must now proceed on the merits.

The AMS Fund remains lead plaintiff in this action and, as it has throughout the litigation, remains capable and committed to pursuing the class's best interests as the action proceeds, capabilities enhanced even more if the Court grants the Intervening Funds' pending motion to intervene and the Intervening Funds and their counsel join with the AMS Fund and Scott + Scott to prosecute this action as co-lead counsel.[3]

---

[3]     By this motion, the AMS Fund specifically requests that the Court order defendants to meet and confer with the AMS Fund concerning dates for filing a single consolidated and operative complaint and defendants' response. Should defendants move to dismiss the complaint, AMS Fund also requests that the Court order the parties to submit an agreed upon briefing and hearing schedule.

**B.      The Court Should Grant PAM and Mr. Benec's and Their Counsels'
Withdrawals and Should Remove Mr. Forrest and His Counsel Stull Stull &
Brody from Their Prior Leadership Appointments**

Now that approval of the proposed settlement has been denied and the action's prosecution

will be revived, previously settling lead plaintiffs PAM and Mr. Benec and their counsel, who had

"determined to seek Court approval [of the $6-million settlement] based upon [their] collective view

of the strengths and weaknesses of the case ...[,]" (PAM Withdrawal Motion at 2), seek to withdraw

from their lead plaintiff and lead counsel appointments. *See* PAM App at 3, 4 & 39. As previously

settling lead plaintiffs, PAM and Mr. Benec's withdrawals are their only appropriate course under

the circumstances of this action. Indeed, as evidenced by their proffering the $6-milion settlement as

fair and adequate in the first instance and as expressed by PAM, the previously settling lead

plaintiffs necessarily must "have a view as to the true value of this Action which is vastly different

from that of Scott + Scott and its client, AMS Fund," making it "appropriate ... to step aside as Lead

Plaintiff ...." PAM App at 39.

Mr. Forrest likewise cannot expect that a lead plaintiff can proffer up an inadequate

settlement – ***particularly under the circumstances of how it was reached here*** – asserting that the

action has little to no chance of succeeding and still thereafter be entrusted with the class's best

interests once that settlement is rejected and the action proceeds to be litigated on the merits.

Moreover, Forrest has demonstrated no commitment to the class at all. He failed to assure that the

interests of absent class members were properly represented both during the prior settlement process,

at the final settlement approval hearing and even at the Court-ordered mediation – despite the

Court's expressly ordering ***all lead plaintiffs*** to meet "***in person***" to engage in the recent settlement

mediation. September 9 Order at 6-7 and 17 ("[A]ll of the Lead Plaintiffs, Schiffrin & Barroway,

and, if they wish, the members of the Executive Committee, shall meet in person to engage in

mediation ...." *Id.* at 17, ¶3.; *see also* Shingler Decl at ¶7. As the Court recognized, Mr. Forrest's

7

absence "was despite the fact that '[a] lead plaintiff in a class action owes a fiduciary duty to the class.'"  September 9 Order at 6-7 (citation omitted).  Indeed, "as fiduciaries to the absent class members, the Pro-Settlement Plaintiffs should have either appeared at the fairness hearing or expressed themselves in affidavits or declarations to assure that the interests of the absent class members were properly represented ...." *Id.* at 7.  "Only the opposing Lead Plaintiff, [AMS Fund], expended the effort to appear at the hearing, through its representative, Paula John." *Id.*

Mr. Forrest's demonstrated lack of commitment to the Class requires his and his counsel's removal from their prior lead plaintiff and executive committee appointments.

### C.      The Court Should Approve the AMS Fund's Selection of Co-Lead Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to Court approval.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v).  Indeed, only when necessary to "protect the interests of the class" should the lead plaintiff's choice of counsel be disturbed.  15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa).

Here the AMS Fund originally selected its counsel Scott + Scott as lead counsel for the class. Scott + Scott has extensive experience litigating securities class actions and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors.  *See* Shingler Decl. at ¶8.  Further, Scott + Scott has the background and knowledge to lead the class's efforts, as well as a demonstrated commitment in this action to both its client and the class.  *Id.*

With the appearance of the Intervening Funds in this action with their counsel Lerach, Coughlin, Stoia, Geller, Rudman & Robbins, the AMS Fund also requests that Lerach, Coughlin, Stoia, Geller, Rudman & Robbins be appointed as co-lead counsel for the class. Lerach Coughlin is an accomplished and successful class action litigation firm and has also demonstrated its commitment to the success of this action as counsel for the intervening class members and participation in the recent mediation proceedings.  Shingler Decl. at ¶¶6 & 8.  As this court is aware

8

Lerach Coughlin is currently acting as lead counsel in two of the largest securities fraud class action cases pending in any U.S. District Court – *In re Enron Corporation Securities Litigation*, Civ. No. H-01-3624 (S.D. Tex.) and *Baca v. Dynegy Inc., et al.* Civ. No. 4:02-cv-01571 (S.D. Tex.). *Id.*[4]

**III.   CONCLUSION**

The AMS Fund remains a lead plaintiff and will not falter in its commitment to the class. Accordingly, the AMS Fund respectfully requests that the Court grant the previously settling lead plaintiffs' and their respective counsels' withdrawal motions and approve the AMS Fund's selection of co-lead counsel.

Dated:  February 28, 2005

SCOTT + SCOTT, LLC

Arthur L. Shingler III
401 B Street, Ste. 307
San Diego, CA  92101
Telephone No. (619) 233-4565
Facsimile No. (619) 233-0508

- and -

David R. Scott
Neil Rothstein
P.O. Box 192
108 Norwich Ave.
Colchester, CT  06415

**KILGORE & KILGORE, PLLC**
THEODORE C. ANDERSON

---

[4]    Kilgore & Kilgore PLLC has served diligently and consistently as the AMS Fund's local counsel throughout this action. Accordingly, the AMS Fund requests that its selection of Kilgore & Kilgore as its local counsel be approved.

3109 Carlisle
Dallas, Texas  75204
Telephone No. (214) 969-9099
Facsimile No. (214) 953-0583

**Counsel for Lead Plaintiff AMS Fund, Inc.**

## CERTIFICATE OF CONFERENCE

This is to certify that my co-counsel Arthur L. Shingler III either conferred or attempted to confer with all presently appointed lead plaintiffs, objector Patricia Magruder, intervening class members Laborers National Pension Fund, Plumbers and Pipefitters National Pension Fund and the City of Dearborn Heights Act 345 Police and Fire Retirement System, and defendants' counsel Kirkpatrick & Lockhart concerning the substance of this motion.  Lead plaintiff Gabriel Forrest indicates through counsel that neither he nor his counsel will withdraw voluntarily as lead plaintiff or executive committee member. Defendants indicate they will object to certain aspects of this motion.

_Theodore Anderson_
THEODORE C. ANDERSON

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 28th day of February 2005, a true and correct copy of the foregoing Motion was sent by facsimile and U.S. Mail, with postage prepaid thereon, to all persons listed on the attached service list.

_Theodore Anderson_
THEODORE C. ANDERSON

11

MOORE V. HALLIBURTON
Civil Action No. 02-CV-1152-M

William S. Lerach
Andrew Brown
LERACH COUGHLIN STOIA GELLER
    RUDMAN & ROBBINS LLP
401 B Street, Suite 1700
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

Timothy R. McCormick
THOMPSON & KNIGHT
1700 Pacific Ave., Ste. 3300
Dallas, TX  75201
Fax:  214/969-1751

Robert Edwin David
HUGHES & LUCE
1717 Main Street, Ste. 2800
Dallas, TX  75201
Fax:  214/939-5849

Jules Brody
STULL STULL & BRODY
6 East 45th Street
New York, NY  10017
Fax:  212/490-2022

Marcos G. Ronquillo
Jose L. Gonzales
GODWIN GRUBER
Renaissance Tower
1201 Elm Street, Ste. 1700
Dallas, TX  75270
Fax:  214/760-7332

Robb Voyles
BAKER BOTTS, LLP
1500 San Jacinto Center
98 San Jacinto Blvd.
Austin, TX 78701-4039
Fax:  512/322-8326

Richard Schiffrin
Marc Wilner
SCHIFFRIN & BARROWAY, LLP
Three Bala Plaza East, Ste. 400
Bala Cynwood, PA  19004
Fax:  610/667-7056

William Federman
FEDERMAN & SHERWOOD
2926 Maple Avenue, Ste. 200
Dallas, TX  75201
Fax:  214/740-0112

John Emerson, Jr.
THE EMERSON FIRM
830 Apollo Lane
Houston, TX 77058
Fax:  281/488-8867

Mr. Gregory Nespole
WOLD HALDENSTEIN ADLER
  FREEMAN & HERZ
270 Madison Avenue
New York, NY  10016
Fax:  212/686-0114

Ronald Stevens
KIRKPATRICK & LOCKHART
10100 Santa Monica Blvd.
Seventh Floor
Los Angeles, CA  90067
Fax:  310/552-5001

Rod Phelan
Samara L. Kline
BAKER BOTTS, LLP
2001 Ross Avenue
Dallas, TX 75201-2980
Fax:  214/953-6501

Craig Walker
WALKER LAW, LLP
P.O. Box 19
Pound Ridge, NY 10576

Theodore Carl Anderson, III
KILGORE & KILGORE PLLC
3109 Carlisle
Dallas, TX  75204
Telephone:  214/969-9099
214/953-0583 (fax)

J. Lawrence Irving
Butz Dunn DeSantis & Bingham,
101 West Broadway, Suite 1700
San Diego, California 92101
Fax:  619/702-6093