

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF TEXAS

DALLAS DIVISION

| | | |
|---|---|---|
| RICHARD MOORE, On Behalf of Himself and All Others Similarly Situated, et al., | § § § | Civil Action No. 3:02-CV-1152-M |
| | § | <u>CLASS ACTION</u> |
| Plaintiffs, | § § | |
| vs. | § § | |
| HALLIBURTON COMPANY, et al., | § § | |
| Defendants. | § § § | |

**INTERVENORS' REQUEST FOR LEAVE TO FILE REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE MOTION TO INTERVENE**

Intervenors Laborers National Pension Fund, Plumbers and Pipefitters National Pension Fund, and City of Dearborn Heights Act 345 Police and Fire Retirement System ("Intervenors") hereby respectfully request leave to file a Reply in Support of Intervenors Motion for Leave to File Motion to Intervene.

The Halliburton defendants were the only party to file a responsive brief to Intervenors' motion for leave. They filed an opposition on February 14, 2005, and served that response on Intervenors' counsel by mail the same day. Intervenors counsel understood that pursuant to Local Rule 7.1(f), Intervenors were entitled to 15 days to file a reply brief. Intervenors' counsel also understood that pursuant to Fed. R. Civ. P. 6(e), Intervenors were entitled to three additional days. Calculating this time period, counsel for Intervenors concluded that the time by which Intervenors must file a Reply brief is 18 days after the date of filing, or March 4, 2005.

Therefore, Intervenors respectfully request leave to file their Reply brief, attached hereto as Exhibit A.

DATED: March 4, 2005

PROVOST & UMPHREY LAW FIRM, LLP
JOE KENDALL
State Bar No. 11260700
WILLIE C. BRISCOE
State Bar No. 24001788

_____
WILLIE C. BRISCOE

3232 McKinney Avenue, Suite 700
Dallas, TX 75204
Telephone: 214/744-3000
214/744-3015 (fax)

LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
WILLIAM S. LERACH
ANDREW J. BROWN
1401 B Street, Suite 1600
San Diego, CA  92101
Telephone: 619/231-1058
619/231-7423 (fax)

LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
EX KANO S. SAMS II
100 Pine Street, Suite 2600
San Francisco, CA  94111
Telephone: 415/288-4545
415/288-4534 (fax)

Attorneys for Plaintiffs

S:\CasesSD\Halliburton\brf00018907.doc

- 3 -

## CERTIFICATE OF CONFERENCE

In accordance with Local Rule 7.1, on March 4, 2005 counsel for Intervenors telephoned all parties who filed a response to Intervenors' Motion for Leave to File the Motion to Intervene.

Halliburton:   Inervenors left a voicemail, but were unable to speak with counsel prior to filing this Request.

David Lesar:   Intervenors did not receive a response to their inquiry in time before filing this Request.

Douglas Foshee and Robert Charles Muchmore, Jr.: Intervenors left a voicemail, but were unable to speak with counsel prior to filing this Request.

## DECLARATION OF SERVICE BY MAIL

I, the undersigned, declare:

1. That declarant is and was, at all times herein mentioned, a citizen of the United States and a resident of the County of San Diego, over the age of 18 years, and not a party to or interested party in the within action; that declarant's business address is 401 B Street, Suite 1600, San Diego, California 92101.

2. That on March 4, 2005 declarant served the **INTERVENORS' REQUEST FOR LEAVE TO FILE REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE MOTION TO INTERVENE** by depositing a true copy thereof in a United States mailbox at San Diego, California in a sealed envelope with postage thereon fully prepaid and addressed to the parties listed on the attached Service List.

3. That there is a regular communication by mail between the place of mailing and the places so addressed.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 4th day of March, 2005, at San Diego, California.

_____
BONNIE M. NAIDITCH

## HALLIBURTON SERVICE LIST

Arthur L. Shingler, III
SCOTT + SCOTT, LLC
401 B Street, Ste. 307
San Diego, CA 92101
Fax: 619/233-0508

John Emerson, Jr.
THE EMERSON FIRM
830 Apollo Lane
Houston, TX 77058
Fax: 281/488-8867

Richard Schiffrin
Marc Wilner
SCHIFFRIN & BARROWAY, LLP
Three Bala Plaza East, Ste. 400
Bala Cynwood, PA 19004
Fax: 610/667-7056

Jules Brody
STULL STULL & BRODY
6 East 45th Street
New York, NY 10017
Fax: 212/490-2022

Timothy R. McCormick
THOMPSON & KNIGHT
1700 Pacific Ave., Ste. 3300
Dallas, TX 75201
Fax: 214/969-1751

Mr. Gregory Nespole
WOLD HALDENSTEIN ADLER
 FREEMAN & HERZ
270 Madison Avenue
New York, NY 10016
Fax: 212/686-0114

William Federman
FEDERMAN & SHERWOOD
2926 Maple Avenue, Ste. 200
Dallas, TX 75201
Fax: 214/740-0112

Marcos G. Ronquillo
Jose L. Gonzales
GODWIN GRUBER
Renaissance Tower
1201 Elm Street, Ste. 1700
Dallas, TX 75270
Fax: 214/760-7332

Robert Edwin David
HUGHES & LUCE
1717 Main Street, Ste. 2800
Dallas, TX 75201
Fax: 214/939-5849

Ronald Stevens
KIRKPATRICK & LOCKHART
10100 Santa Monica Blvd.
Seventh Floor
Los Angeles, CA 90067
Fax: 310/552-5001

Robb Voyles
BAKER BOTTS, LLP
1500 San Jacinto Center
98 San Jacinto Blvd.
Austin, TX 78701-4039
Fax: 512/322-8326

Rod Phelan
Samara L. Kline
BAKER BOTTS, LLP
2001 Ross Avenue
Dallas, TX 75201-2980
Fax: 214/953-6501

Fred Isquith
WOLF HALDENSTEIN ADLER FREEMAN
  & HERTZ, LLC
270 Madison Avenue
New York, NY 10016
(212) 545-4600

Theodore Carl Anderson, III
KILGORE & KILGORE PLLC
3109 Carlisle
Dallas, TX 75204
Telephone: 214/969-9099
214/953-0583 (fax)

Craig Walker
WalkerLaw LLP
3196 High Ridge Road
Stamford, CT 06903

J. Lawrence Irving
Butz Dunn DeSantis & Bingham,
101 West Broadway, Suite 1700
San Diego, California 92101
Fax: 619/702-6093

A

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF TEXAS

DALLAS DIVISION

| | | |
|---|---|---|
| RICHARD MOORE, On Behalf of Himself<br>and All Others Similarly Situated, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>HALLIBURTON COMPANY, et al.,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 3:02-CV-1152-M<br><br><u>CLASS ACTION</u> |

**INTERVENORS' REPLY IN SUPPORT OF MOTION
FOR LEAVE TO FILE MOTION TO INTERVENE**

...

## I. INTRODUCTION

The Halliburton defendants oppose Intervenors' request for their Motion for Leave to File Motion to Intervene ("Motion for Leave") for reasons both irrelevant and unmeritorious – taking contradictory positions. *Compare, e.g.*, Defendants' Response to Proposed Intervenor's Motion for Leave to File Motion to Intervene and Defendants' Brief in Support ("Defs' Mem.") at 2 (arguing motion to intervene "***comes far too late***"), *with id.* at 4 (arguing consideration of the motion to intervene is "***premature***").[1] Because defendants offer no legitimate basis for denying intervention, Intervenors should be permitted to file their motion to intervene so that the issues raised may be resolved on the merits. The motions to intervene should be granted.[2]

Defendants argue that the Court should not allow Intervenors to file their motion to intervene prior to the expiration of the Stay for reasons that really go to the merits of the underlying motion to intervene. For example, they claim the motion is "untimely," will "unnecessarily complicate this litigation," and "lacks merit." *See* Defs' Mem. at 2. None of these arguments have merit. For example, "timeliness" is not literally measured by the amount of time that has passed (as defendants suggest), but rather requires a balancing of the rights of the intervenors and the potential prejudice of the current parties and the Court. *Stallworth v. Monsanto Co.*, 558 F.2d 257, 263 (5th Cir. 1977). Because this and defendants other arguments are based on a misunderstanding of the relevant law, Intervenors' Motion for Leave should be granted and intervention ordered.

---

[1]   All emphasis is added and citations omitted, unless otherwise stated.

[2]   Intervenors' Motion for Leave was necessitated by this Court's September 9, 2004 Memorandum Opinion and Order ("Order" or "September 9, 2004 Order") staying the litigation to permit the parties to take part in court-ordered mediation in an effort to pursue the possibility of early settlement of the litigation. Order at 16-18. By its own terms, the Stay is scheduled to terminate on March 7, 2005. Thus, on that date, all of defendants' objections based on the pendency of the Stay become moot, and this case will go forward on the merits.

## II. ARGUMENT

### A. The Motion to Intervene Is Timely

Defendants argue that Intervenors' request for leave to file their motion to intervene is untimely because this case is over two years old and Intervenors did not file a complaint, move for lead plaintiff, or object to the initial settlement after receiving notice. *See* Defs' Mem. at 3-4, 8-9. Defendants are wrong. "[T]imeliness is not limited to chronological considerations but 'is to be determined from all of the circumstances.'" *Stallworth*, 558 F.2d at 263. Other than the age of the case, defendants offer no reason why Intervenors' motion is "untimely." That is not the inquiry.

> "Timeliness" is not a word of exactitude or of precisely measurable dimensions. The requirement of timeliness must have accommodating flexibility toward both the court and the litigants if it is to be successfully employed to regulate intervention in the interest of justice.

*McDonald v. E. J. Lavino Co.*, 430 F.2d 1065, 1074 (5th Cir. 1970). Indeed, as Intervenors pointed out in their motion to intervene, the most important factor in determining "timeliness" is whether any of the current parties in the litigation would be prejudiced by the intervention. *See* Memorandum in Support of Motion to Intervene ("Mem.") at 12-13. Defendants can point to no such prejudice. They are simply being denied the opportunity to take advantage of inadequate lead counsel, and get them to an inadequate settlement – but this is not *prejudicial* to them. Of course, denying the motion would be prejudicial to the plaintiff class.[3]

Defendants also contend – again without authority or factual basis – that permitting Intervenors to pursue their claims in conjunction with lead plaintiff Archdiocese of Milwaukee Supporting Fund, Inc. ("AMSF") would "at this stage unnecessarily complicate this litigation."

---

[3] On the facts of this case, Intervenors motion *is* timely, as it follows closely on the heels of this Court's September 9, 2004 Order. There was no need to move to intervene when it appeared that the court-appointed lead plaintiffs were properly performing their court-appointed function. There was no need to intervene even when the inadequate $6 million settlement was proposed, for another lead plaintiff objected – and did so effectively.

Defs' Mem. at 4. Defendants do not offer any reason to believe this is so, or even explain what they mean. *See id.* at 4-5. Even defendants concede that the Court has yet to determine who "will represent the putative class from this point forward" and "which of the complaints will be the operative complaint for the litigation." *Id.* at 4. That being the case, **this is the ideal time to hear Intervenors' motion**, as it is related to the rulings concerning lead plaintiff which this Court has indicated it intends to make – who is going to prosecute this case and via what operative complaint.[4]

### B. A "Conflict of Interest" Is Not Required for Intervention

Defendants argue alternatively that the motion to intervene should be denied because Intervenors have not demonstrated a "conflict of interest" between Intervenors and the current Lead Plaintiffs. This makes no sense. Intervenors are not required to make any such showing. *See* Mem. at 11-15. Defendants' confusion apparently stems from the fact that they rely on authority discussing **intervention of right** pursuant to Fed. R. Civ. P. 24(a). *See, e.g., Bush v. Viterna*, 740 F.2d 350, 354-56 (5th Cir. 1984). Here, Intervenors' motion seeks **permissive intervention** and is brought pursuant to Fed. R. Civ. P. 23(d) and 24(b), which does not require a conflict of interest. *See, e.g., In re Enron Corp. Sec., Derivative & "ERISA" Litig.*, MDL-1446, No. H-01-3624, 2004 U.S. Dist. LEXIS 8158, at *133 (S.D. Tex. Feb. 25, 2004) ("Indeed, unlike Rule 24(a), intervention as of right, which allows a part to intervene only where its interests are not adequately represented by current parties, Rule 24(b) contains no such restriction.").

As set forth in Intervenors' motion, the test for permissive intervention in a class action is not an onerous one, and in fact intervention is to be "encouraged." Fed. R. Civ. P. 23(d)(2). Contrary to

---

[4] Indeed, defendants' own brief belies their argument that permitting intervention will "complicate" the lawsuit, as they later argue there is substantial "subject matter overlap" between the pending complaints and the proposed Federal Securities Class Action Complaint-in-Intervention ("Complaint"), and agree that the Court should set a briefing schedule for the filing of a single consolidated amended complaint and defendants' motion to dismiss. *See* Defs' Mem. at 2 n.4.

defendants' argument, intervention is proper in this case *even if one of the current lead plaintiffs is "adequate." See, e.g., Vuyanick v. Republic Nat'l Bank*, 82 F.R.D. 420, 439 (N.D. Tex. 1979) ("even if the court does not find the [lead] plaintiff inadequate, it should allow such intervention as will make the representation even stronger and protect the class members most completely"). In any event, if any "conflict" were required, the Court may rest assured that it is between the lead counsel that tried to settle this case for $6 million and proposed intervenors. After much pushing and shoving, they have now moved to withdraw so the class can be properly represented.

Moreover, defendants' suggestion that Intervenors' motion should not be heard because AMSF can continue in this case as sole Lead Plaintiff and represent Intervenors' interest ignores two important facts. *First*, AMSF as Lead Plaintiff *supports* Intervenors' motion to intervene as named plaintiffs, to serve as class representatives at the appropriate time and have their counsel designated co-lead counsel with Scott + Scott, counsel for AMSF. *Second*, this Court has already acknowledged certain benefits to the class by prosecution of this litigation by more than one entity. *See* Order at 12. Because certain of the current lead plaintiffs have not adequately protected Intervenors' interests, and lead plaintiff AMSF *supports* Intervenors' motion, the Court should permit Intervenors to file their motion so that it may be heard on the merits.[5] This is certainly a matter as to which the views of the guardian *ad litem* of the class should be sought.

---

[5] Defendants reliance on *Mayo v. Hartford Life Ins. Co.*, 214 F.R.D. 458 (S.D. Tex. 2002), is misplaced. In *Mayo*, the current class counsel sought to intervene another client of his, and offered a complaint-in-intervention that was identical to the operative complaint. Because the proposed intervenors brought nothing new to the table on behalf of the class, the court declined their request without prejudice. But in this case, Intervenors offer both additional experienced counsel *and* a Complaint that significantly enhances the allegations on behalf of the class.

## C. Intervenors' Motion to Intervene Is Not a Lead Plaintiff Motion in Disguise

Last, defendants dispute the merits of the underlying motion to intervene, relying on the lead plaintiff provisions of the Private Securities Litigation Reform Act of 1995 ("PSLRA"). *See* Defs' Mem. at 8-10. This argument improperly confuses the concept of intervention by a class member pursuant to Rule 23(d) with the lead plaintiff procedures set forth in the PSLRA. Simply put, it is not necessary for a party who intervenes into a securities class action to satisfy the PSLRA's lead plaintiff requirements. As one court aptly noted:

> [T]his argument relates to appointment of Lead Plaintiff, which is a separate issue from that of permissive intervention or of appointment as a class representative. This Court has chosen a single Lead Plaintiff for the entire *Newby* class action, into which ICERS seeks to intervene, and it will address particularized standing and class representation issues when class certification is ripe. There is no requirement that every named plaintiff, no less putative class member, must satisfy the PSLRA requirements for pleading and must move for appointment as Lead Plaintiff with appointment of Lead Counsel.

*Enron*, 2004 U.S. Dist. LEXIS 8158, at *1, *25 n.18.

Other courts have similarly permitted intervention without requiring the intervenors to satisfy the PSLRA's lead plaintiff requirements. *See In re WorldCom, Inc. Sec. Litig.*, 294 F. Supp. 2d 392, 422 (S.D.N.Y. 2003) (holding that there is no "legal bar to a lead plaintiff asking other plaintiffs to join a lawsuit as named plaintiffs"); *In re Initial Pub. Offering*, 214 F.R.D. 117, 122-23 (S.D.N.Y. 2002) (holding that the "purpose of the lead plaintiff section of the PSLRA was never to do away with the notion of class representatives or named plaintiffs in securities class actions"). In spite of this clear authority, defendants seem to suggest that Intervenors' motion to intervene can be denied because it is actually a motion for lead plaintiff in disguise. Ironically, if defendants are correct, then they lack standing to even be heard on the issue because ***defendants have no standing on the issue of appointment of the lead plaintiff***. *See, e.g., In re Enron Corp., Sec. Litig.*, 206 F.R.D. 427, 439 (S.D. Tex. 2002); *Gluck v. CellStar Corp.*, 976 F. Supp. 542, 547-50 (N.D. Tex. 1997).

Defendants attempt to distinguish Intervenors' compelling authority by arguing that the securities cases permitting intervention of a named plaintiff did so on the basis that it was necessary to cure a "standing" defect of the lead plaintiff. While factually accurate, those cases do *not* stand for the proposition that intervention is *only* permitted to confer standing. Instead, those courts permitted intervention – and this Court should here – because permitting intervention "enhances" the representation of the entire class under Fed. R. Civ. P. 24(b). *See Vuyanick*, 82 F.R.D. at 437; *Enron*, 2004 U.S. Dist. LEXIS 8158, at *133.

In accordance with the PSLRA's procedures and with its time limits, this court designated lead plaintiffs some time ago. Unfortunately, all but one of the lead plaintiffs proved unfit for their task. Fortunately, one did not. AMSF stood up and did the right thing. AMSF deserves to continue to be the lead plaintiff. Intervenors are willing to have AMSF serve as the lead plaintiff. They will be happy to serve as class representative and to consent to their counsel acting as co-lead counsel for the class.

### III. CONCLUSION

Based upon the foregoing reasons, Intervenors respectfully request the Court grant Intervenors' Motion for Leave to file the Motion to Intervene.

DATED: March 4, 2005

Respectfully submitted,

PROVOST & UMPHREY LAW FIRM, LLP
JOE KENDALL
State Bar No. 11260700
WILLIE C. BRISCOE
State Bar No. 24001788

_____
WILLIE C. BRISCOE

3232 McKinney Avenue, Suite 700
Dallas, TX 75204
Telephone: 214/744-3000
214/744-3015 (fax)

- 6 -

LERACH COUGHLIN STOIA GELLER
 RUDMAN & ROBBINS LLP
WILLIAM S. LERACH
ANDREW J. BROWN
1401 B Street, Suite 1600
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

LERACH COUGHLIN STOIA GELLER
 RUDMAN & ROBBINS LLP
EX KANO S. SAMS II
100 Pine Street, Suite 2600
San Francisco, CA 94111
Telephone: 415/288-4545
415/288-4534 (fax)

Attorneys for Plaintiffs

S:\CasesSD\Halliburton\brf00018667.doc