

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAR 1 0 2005

CLERK, U.S. DISTRICT COURT
By ___NT___
      Deputy

ORIGINAL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF TEXAS

DALLAS DIVISION

| | | |
|---|---|---|
| RICHARD MOORE, On Behalf of Himself and All Others Similarly Situated, et al., | § § § | Civil Action No. 3:02-CV-1152-M |
| | § | CLASS ACTION |
| Plaintiffs, | § § | |
| vs. | § § | |
| HALLIBURTON COMPANY, et al., | § § | |
| Defendants. | § § § | |

**INTERVENORS' JOINDER IN LEAD PLAINTIFF AMS FUND, INC.'S MOTION FOR MODIFICATION OF LEAD PLAINTIFF AND LEAD COUNSEL APPOINTMENT**

Lead plaintiff AMSF Fund, Inc. ("AMSF") filed a motion to modify the lead plaintiff and lead counsel appointments to (1) remove Gabriel T. Forrest as lead plaintiff and his counsel Stull, Stull & Brody as a member of the lead counsel executive committee, and (2) permit Intervenors and their counsel the opportunity to pursue this action in conjunction with AMSF as named plaintiffs and co-lead counsel, respectively. Intervenors hereby join in that motion.

## I. INTRODUCTION

With the withdrawal of two of the four court-appointed lead plaintiffs, lead plaintiff AMSF is the only remaining lead plaintiff that has demonstrated its willingness and ability to represent the interests of the class. Likewise, AMSF's counsel, Scott + Scott, LLC is the only remaining member of the old lead counsel structure that has demonstrated zeal and competence on behalf of the class. Certainly, Mr. Forrest and his counsel have failed in all material respects to perform their duties as lead plaintiff and lead counsel. Mr. Forrest and his attorneys Stull, Stull & Brody should be relieved of their fiduciary responsibilities in this case.

As the only legitimate lead plaintiff, AMSF supported the motion of Institutional Investors – with millions of dollars in losses – to intervene and have their counsel be appointed co-lead counsel in this case. The class, the parties and the Court will benefit from granting that request. Intervenors' counsel bring additional resources and experience to the litigation that will directly benefit the class. Intervenors and AMSF, along with their counsel, present the Court with a streamlined prosecution of this case by a small group and lead counsel with a proven track record of successfully prosecuting complex class actions. *See generally In re Enron Corp. Sec. Litig.*, No. H-01-3624 (S.D. Tex.) Intervenors, therefore, respectfully join in AMSF's motion to remove Mr. Forrest and his counsel from their fiduciary responsibilities in this case, grant Intervenors' Motion to Intervene, and appoint Scott + Scott and Lerach Coughlin Stoia Geller Rudman & Robbins LLP ("Lerach Coughlin") as co-lead counsel.

## II. ARGUMENT

### A. The Class, the Parties, and the Court Will Benefit from a Streamlined Prosecution of This Case by AMSF and Intervenors

The original lead plaintiff group and lead counsel structure was created by agreement of four competing and unrelated plaintiffs. This leadership structure was created by the lawyers and their clients, and was uncontested by any other litigant. Undoubtedly to create a compromise to serve their own economic interests the four law firms created a four member executive committee. But now two of the committee members have fled the litigation, and a third has demonstrated an inability or unwillingness to pursue the litigation on the merits. As a result, there remains only a single lead plaintiff, represented by a single firm to pursue the claims on behalf of the class.

To its substantial credit, lead plaintiff AMSF has demonstrated throughout this litigation how a fiduciary on behalf of the shareholder class should conduct itself. AMSF, through its representative Paula John, has been an active participant in the litigation and instrumental in protecting the interests of absent class members. September 9, 2004 Order at 3. It has appeared at hearings, mediation and taken part in all important aspects of the litigation. AMSF's counsel Scott + Scott, on behalf of AMSF, has likewise been exemplary in fulfilling its fiduciary obligations to the class and zealously representing the class' interests.

Seeking to ensure their interests remain protected, Intervenors have requested permission to intervene as named plaintiffs. Intervenors communicated this interest to AMSF, and AMSF supports intervention by these funds, and their request to appoint their counsel as co-lead counsel. By supporting the addition of Intervenors and their counsel, AMSF in its role as lead plaintiff recognizes that Intervenors and their counsel bring significant additional resources and experience to the litigation, all to the benefit of the class. Pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), the lead plaintiff selects lead counsel subject to the court's approval. 15 U.S.C. §78u-4(a)(3)(B)(u); *In re Cavanaugh*, 306 F.3d 726, 732-33 (9th Cir. 2002). Here, AMSF as lead

- 2 -

plaintiff requests that Intervenors be permitted to intervene as named plaintiffs, and that Lerach Coughlin be approved as co-lead counsel.[1]

Appointing Scott + Scott and Lerach Coughlin as co-lead counsel creates a streamlined and effective litigation team with the resources and abilities necessary to pursue this complex case on behalf of the class. Importantly, Lerach Coughlin, AMSF, and Scott + Scott have experience working together in similar litigation. For example, in the *Enron* litigation, currently pending in the United States District Court for the Southern District of Texas, Lerach Coughlin is the sole lead counsel on behalf of sole lead plaintiff the University of California Regents. In that same case, AMSF is a named plaintiff in that action, and has worked (and continues to work) diligently and effectively with its own counsel and Lerach Coughlin for the benefit of all shareholders.

### B. Mr. Forrest and His Counsel Should Be Removed from Their Decision-Making Roles in This Litigation

When the Court initially appointed Mr. Forrest Lead Plaintiff and his lawyers to a lead counsel role at the beginning of this case, the Court was bound by the lead plaintiff provisions of the PSLRA and was required to make a preliminary finding as to the "adequacy" and "typicality" requirements of Fed. R. Civ. P. 23(a) on a very limited record. 15 U.S.C. §78u-4(a)(3)(B)(iii) (lead plaintiff must make a preliminary showing that it satisfies Rule 23). But now, as a result of the well-known procedural history of this litigation, this Court, like the Court in *Umsted v. Intelect Communications, Inc.*, No. 3:99-CV-2604-M, 2003 U.S. Dist. LEXIS 218 (N.D. Tex. Jan. 7, 2003) "finds itself in the unique position of being able to consider their actual involvement in the litigation to date and how it might be predictive of their future actions, rather than simply guess how they might function in a representative capacity." *Id.* at *4.

---

[1] Under Fed. R. Civ. P. Rule 23(g), Lerach Coughlin also satisfies the criteria necessary to be appointed as class counsel. *See* Intervenors' Memorandum in Support of Motion to Intervene at 18.

- 3 -

By their conduct in this case, Mr. Forrest and his counsel have demonstrated that they will not or cannot perform the duties required of them as a lead plaintiff/class representative and lead counsel/class counsel in this case. Under Rule 23(a)(4), Mr. Forrest and his counsel are not adequate. "[W]hat must be shown to establish adequacy is two-fold: that plaintiff's counsel has the zeal and competence to represent the class, and that the proposed class representative is willing and able to take an active role in controlling the litigation and protecting the absent class members." *In re Firstplus Fin. Group, Inc. Sec. Litig.*, No. 3:98-CV-2551-M, 2002 U.S. Dist. LEXIS 20446, at *18 - *19 (N.D. Tex. Oct. 23, 2002). They have demonstrated neither, to the great detriment of the class.

### 1.  Mr. Forrest Is Inadequate Under the PSLRA and Rule 23

To date it appears from the record that Mr. Forrest has done absolutely nothing to fulfill his obligations to the class. He has never appeared in court nor attended any hearings, ***even when so ordered!*** He has failed to serve in any respect, "supervise" the conduct of his counsel, or act in any manner that demonstrates a willingness or ability to manage the litigation – other than passively sitting by while other lawyers attempted to sell this case down the river. In sum, he has been little more than a litigation "spectator," serving as a vehicle to permit his lawyer to glom on to any award of attorneys fees at the end of this case. *Umsted*, 2003 U.S. Dist. LEXIS 218, at *10.

Compounding the problem, Mr. Forrest has not participated as an active member of a "group," in accordance with the Court's Order appointing him as a co-lead plaintiff. *See* December 6, 2002 Order at 4; *Firstplus*, 2002 US Dist LEXIS 20446, at *18 (when determining adequacy, the co-lead plaintiffs' "apparent unwillingness or inability to meet and manage the litigation is regrettable") As AMSF points out in their moving papers, Mr. Forrest has done the exact opposite in

this case. By failing to participate as a member of the lead plaintiff group, Mr. Forrest has demonstrated that he is not an "adequate" lead plaintiff or class representative.[2]

Indeed, by supporting the rejected settlement, and leaving it to the Schiffrin & Barroway, LLP ("Schiffrin") firm to defend the settlement on his behalf, Mr. Forrest now has a conflict of interest with the class. At the hearing on final approval, Mr. Schiffrin took the following position on behalf of Mr. Forrest:

> At the fairness hearing, Mr. Schiffrin advocated on behalf of the Pro-Settlement Plaintiffs. According to Mr. Schiffrin, none of the Plaintiffs' claims are likely to succeed. . . . Mr. Schiffrin argued that the Contract Claim would be difficult, if not impossible, to prove, and that the Asbestos Claim was likely time-barred. In response to the Court's question about whether the Asbestos Claim could relate back to the original filing for limitations purposes, Mr. Schiffrin contended that the Plaintiffs would not have the benefit of relation back for the Asbestos Claim . . . .

September 9, 2004 Order at 6. Having argued on the record that the claims are "impossible to prove" and "time-barred," it is impossible now for Mr. Forrest to vigorously prosecute these claims on behalf of the class. *See In re Carreker Corp. Sec. Litig.*, No. 3:03-CV-0250-M, 2003 U.S. Dist. LEXIS 25988, at *11-*12 (N.D. Tex. Aug. 14, 2003) ("adequacy" requires "no conflicts of interests between the named plaintiffs and other class members, and the named parties must be prepared to prosecute the action vigorously") Because Mr. Forrest is and will be hopelessly conflicted with the class as this litigation goes forward, he can no longer serve as a lead plaintiff or class representative.

### 2.  Stull, Stull & Brody Is Inadequate in This Case

The "zeal and competence" of proposed lead counsel is one factor in determining the adequacy of the lead plaintiff or class representative under Fed. R. Civ. P. 23(a). *Berger v. Compaq Computer Corp.*, 257 F.3d 475, 479 (5th Cir. 2001) ("Rule 23(a)'s adequacy requirement

---

[2] The "Status Report" filed by Mr. Forrest further demonstrates his failure to be anything other than a spectator in this lawsuit. According to this filing, he has done nothing other than "kept apprized (sic) of case developments through regular communication" with his attorneys. Status Report on Behalf of Lead Plaintiff Gabriel T. Forrest at 2.

encompasses class representatives, their counsel, and the relationship between the two.") In this case, Mr. Forrest's counsel Stull, Stull & Brody has demonstrated a lack of zeal in pursuit of the class' claims. Although the firm belatedly asserts that it "stands ready, willing and able to litigate the claims," its conduct in this case belies that noble platitude.

At best, the Stull, Stull & Brody firm abdicated its own independent fiduciary obligations to the class and failed to live up to the terms of the Court's December 6, 2003 Order appointing it to the executive committee charged with "overseeing" the litigation. Indeed, this Court already found "[t]he structure for handling the litigation was so lacking that the Executive Committee did not have its first meeting until May of 2003, a month after Lead Counsel and the Defendants had reached a settlement in principle." September 9, 2004 Order at 11-12, n.6. And when faced with the clear misconduct by the Schiffrin firm, Mr. Forrest's counsel implicitly approved the conduct and moved this Court – along with the other withdrawing Pro-Settlement counsel – to approve the inadequate settlement. Thus, Stull, Stull & Brody knowingly ratified Schiffrin's misconduct, the impropriety of the negotiation process and the inadequate settlement to the prejudice of the class. And like Mr. Forrest, through the Schiffrin firm's argument at the final approval hearing, his counsel has now taken a position that puts it in direct conflict with the interests of the class. Stull, Stull & Brody is, therefore, inadequate to continue in their fiduciary role.

III.  **CONCLUSION**

    For the foregoing reasons, Intervenors respectfully join in lead plaintiff AMSF's motion to modify the lead plaintiff and lead counsel appointments.

| | |
|---|---|
| DATED: March 10, 2005 | PROVOST & UMPHREY LAW FIRM, LLP<br>JOE KENDALL<br>State Bar No. 11260700<br>WILLIE C. BRISCOE<br>State Bar No. 24001788<br><br>_/s/ Willie C. Briscoe_<br>WILLIE C. BRISCOE<br><br>3232 McKinney Avenue, Suite 700<br>Dallas, TX 75204<br>Telephone: 214/744-3000<br>214/744-3015 (fax)<br><br>LERACH COUGHLIN STOIA GELLER<br>  RUDMAN & ROBBINS LLP<br>WILLIAM S. LERACH<br>ANDREW J. BROWN<br>1401 B Street, Suite 1600<br>San Diego, CA 92101<br>Telephone: 619/231-1058<br>619/231-7423 (fax)<br><br>LERACH COUGHLIN STOIA GELLER<br>  RUDMAN & ROBBINS LLP<br>EX KANO S. SAMS II<br>100 Pine Street, Suite 2600<br>San Francisco, CA 94111<br>Telephone: 415/288-4545<br>415/288-4534 (fax)<br><br>Attorneys for Plaintiffs |

C:\DOCUME~1\change\LOCALS~1\Temp\MetaSave\brf00018902.doc

## DECLARATION OF SERVICE BY MAIL AND FACSIMILE

I, the undersigned, declare:

1.  That declarant is and was, at all times herein mentioned, a citizen of the United States and a resident of the County of San Diego, over the age of 18 years, and not a party to or interested party in the within action; that declarant's business address is 401 B Street, Suite 1600, San Diego, California 92101.

2.  That on March 10, 2005 declarant served the **INTERVENORS' JOINDER IN LEAD PLAINTIFF AMS FUND, INC.'S MOTION FOR MODIFICATION OF LEAD PLAINTIFF AND LEAD COUNSEL APPOINTMENT** by depositing a true copy thereof in a United States mailbox at San Diego, California in a sealed envelope with postage thereon fully prepaid and addressed to the parties listed on the attached Service List. Declarant also served the parties by facsimile.

3.  That there is a regular communication by mail between the place of mailing and the places so addressed.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 10th day of March, 2005, at San Diego, California.

*/s/ Bonnie M. Naiditch*
BONNIE M. NAIDITCH

-8-

## HALLIBURTON SERVICE LIST

Arthur L. Shingler, III
SCOTT + SCOTT, LLC
401 B Street, Ste. 307
San Diego, CA 92101
Fax: 619/233-0508

John Emerson, Jr.
THE EMERSON FIRM
830 Apollo Lane
Houston, TX 77058
Fax: 281/488-8867

Richard Schiffrin
Marc Wilner
SCHIFFRIN & BARROWAY, LLP
280 King of Prussia Road
Radnor, PA 19087
Fax: 610/667-7056

Jules Brody
STULL STULL & BRODY
6 East 45th Street
New York, NY 10017
Fax: 212/490-2022

Timothy R. McCormick
THOMPSON & KNIGHT
1700 Pacific Ave., Ste. 3300
Dallas, TX 75201
Fax: 214/969-1751

Gregory Nespole
WOLF HALDENSTEIN ADLER
FREEMAN & HERZ
270 Madison Avenue
New York, NY 10016
Fax: 212/686-0114

William Federman
FEDERMAN & SHERWOOD
2926 Maple Avenue, Ste. 200
Dallas, TX 75201
Fax: 214/740-0112

Marcos G. Ronquillo
Jose L. Gonzales
GODWIN GRUBER
Renaissance Tower
1201 Elm Street, Ste. 1700
Dallas, TX 75270
Fax: 214/760-7332

Robert Edwin David
HUGHES & LUCE
1717 Main Street, Ste. 2800
Dallas, TX 75201
Fax: 214/939-5849

Ronald Stevens
KIRKPATRICK & LOCKHART
10100 Santa Monica Blvd.
Seventh Floor
Los Angeles, CA 90067
Fax: 310/552-5001

Robb Voyles
BAKER BOTTS, LLP
1500 San Jacinto Center
98 San Jacinto Blvd.
Austin, TX 78701-4039
Fax: 512/322-8326

Rod Phelan
Samara L. Kline
BAKER BOTTS, LLP
2001 Ross Avenue
Dallas, TX 75201-2980
Fax: 214/953-6501

Fred Isquith
WOLF HALDENSTEIN ADLER FREEMAN
 & HERTZ, LLC
270 Madison Avenue
New York, NY 10016
(212) 545-4600

Theodore Carl Anderson, III
KILGORE & KILGORE PLLC
3109 Carlisle
Dallas, TX 75204
214/953-0583 (fax)

Craig Walker
WALKERLAW LLP
3196 High Ridge Road
Stamford, CT 06903

J. Lawrence Irving
BUTZ DUNN DESANTIS & BINGHAM
101 West Broadway, Suite 1700
San Diego, California 92101
Fax: 619/702-6093