UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF TEXAS

DALLAS DIVISION

| | | |
|---|---|---|
| THE ARCHDIOCESE OF MILWAUKEE SUPPORTING FUND, INC., et al., On Behalf of itself and All Others Similarly Situated, | § § § § | Master Docket No. 3:02-CV-1152-M |
| | § | ECF |
| Lead Plaintiff, | § § | CLASS ACTION |
| vs. | § § | |
| HALLIBURTON COMPANY, et al., | § § | |
| Defendants. | § § § | |
| This Document Relates To: | § § § | |
| ALL ACTIONS. | § § § § | |

**CO-LEAD CLASS COUNSEL'S AND THE INSTITUTIONAL INVESTOR CLASS REPRESENTATIVES' MOTION TO STRIKE AMSF'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO SUBSTITUTE CO-LEAD CLASS COUNSEL OR, IN THE ALTERNATIVE, FOR LEAVE TO FILE A RESPONSE IN OPPOSITION TO THE REPLY**

**I.     INTRODUCTION**

In moving to oust Co-Lead Class Counsel, Archdiocese of Milwaukee Supporting Fund, Inc. ("AMSF") submitted a cursory two-page motion devoid of any competent evidentiary submission supporting the conclusory generalizations (relations have "deteriorated") purportedly justifying the extraordinary relief AMSF sought.  AMSF offered not one exhibit or other item of evidence in support of its motion.  In the face of opposition papers demonstrating that AMSF's motion fell far short of meeting its burden to achieve the "rare remedy" of ouster of counsel – with its attendant costs and delay for the plaintiff class – AMSF makes, *for the first time in its reply brief*, new arguments not in its motion, submitting no less than 26 exhibits as purported evidence of Co-Lead Class Counsel's insufficiency.  As the Laborers National Pension Fund, City of Dearborn Heights Act 345 Police & Fire Retirement System and the Plumbers and Pipefitters National Pension Fund (the "Institutional Investor Class Representatives") and Co-Lead Class Counsel set forth in opposing AMSF's motion, it is inappropriate for a movant to withhold evidence and argument until filing a reply brief to which the opposing party (ostensibly) cannot respond.  *See* Co-Lead Class Counsel's and the Institutional Investor Class Representatives' Opposition to AMSF's Motion Seeking Court Permission to Replace Co-Lead Class Counsel ("Opposition Brief") at 20 n.15.

AMSF's incendiary filing is an attempt to "game" the system by launching a vitriolic attack on counsel – based on hearsay, speculation and innuendo – but without any competent evidentiary submission from the Lead Plaintiff.  And it was all done in a manner that would deny counsel any opportunity to refute these baseless – yet potentially harmful – claims.  AMSF's "sandbagging" clearly contravenes this District's rules.  Accordingly, Co-Lead Class Counsel and the Institutional Investor Class Representatives respectfully request that the Court strike the Reply Brief in Support of the Motion by Lead Plaintiff the Archdiocese of Milwaukee Supporting Fund, Inc. for Substitution of Lead Counsel ("Reply") and the improperly submitted exhibits.  In the alternative,

Co-Lead Class Counsel and Institutional Investor Class Representatives respectfully request leave to submit an opposition to the Reply in order to address AMSF's arguments and evidence proffered for the first time in its Reply. The proposed opposition is filed concurrently herewith as Ex. A.[1]

## II. ARGUMENT

In the Northern District of Texas, "[t]he local rules do not permit a party to submit additional evidence with a reply brief, and a movant desiring to submit additional evidence in support of a motion must first seek leave of court." *Vogt v. Tex. Instruments, Inc.*, No. 3:05-CV-2244-L, 2006 U.S. Dist. LEXIS 67226, at *9 n.3 (N.D. Sept. 19, Tex. 2006) (striking supplemental appendix). As explained by Judge Fitzwater:

> "Rule 7.1(f), the general reply brief rule that applies to all civil motions . . . does not refer to an evidentiary appendix. Accordingly, a party may not file a reply brief appendix without first obtaining leave of court. Because the purpose of a reply brief is to rebut the nonmovant's response, not to introduce new evidence, such leave will be granted only in limited circumstances."

*Dethrow v. Parkland Health Hosp. Sys.*, 204 F.R.D. 102, 104 (N.D. Tex. 2001) (striking supplemental appendix).[2] Here, AMSF's entire Reply is based upon 26 newly proffered exhibits, which together raise issues and arguments no where made in AMSF's motion. AMSF has not sought leave of the Court to submit these new exhibits (nor do sufficient grounds exist for granting such permission). As the courts in *Voght* and *Dethrow* did, this Court should strike the exhibits attached to AMSF's Reply. Moreover, because AMSF's Reply is completely coextensive with – and dependent upon – the newly proffered evidentiary items that must be stricken from the record, Co-

---

[1] All exhibits are attached hereto, unless otherwise noted.

[2] *See also Linbrugger v. Abercia*, 363 F.3d 537, 541 (5th Cir. 2004) (granting motion to strike portion of a reply brief, holding that when a party makes an "argument for the first time in his reply brief . . . the argument is waived"); *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 260 n.9 (5th Cir. 1995) ("[W]e do not consider issues raised for the first time in a reply brief. . . . Moreover, the failure to provide any legal or factual analysis of an issue results in waiver of that issue."). Citations are omitted and emphasis is added, unless otherwise noted.

Lead Class Counsel and the Institutional Investor Class Representatives respectfully request that the Reply be stricken.[3]

Should the Court choose not to strike AMSF's Reply, Co-Lead Class Counsel and the Institutional Investor Class Representatives respectfully request leave of the Court to file a brief in opposition to the reply. In the rare instance where courts in this District refuse to strike argument and evidence submitted for the first time in a reply brief, submission of a responsive brief is appropriate. *See, e.g.*, *Schimek v. MCI, Inc.*, No. 3:05-CV-0045-P, 2006 U.S. Dist. LEXIS 54747, at *3 n.5 (N.D. Tex. Aug. 7, 2006) ("In such circumstances, a sur-reply is wholly merited."); *Pa. Gen. Ins. Co. v. Story*, No. 3:05-CV-0330-G, 2003 U.S. Dist. LEXIS 9923, at *2 (N.D. Tex. June 10, 2003) ("granting leave to file a surreply . . . to respond to the new argument raised in the defendant's reply brief"). The Reply includes many unjustified accusations – often based on hearsay, innuendo and speculation – that attack the integrity of plaintiffs' counsel. If this incendiary material remains in the case, fairness mandates that counsel be allowed to fully respond to these attacks.

Because of the nature of the attacks on their ethics and integrity, Co-Lead Class Counsel do not want these baseless accusations to remain "of record" and un-refuted for any length of time. They have the potential for reputational harm as they are used – or abused – by the media, our adversaries or our competitors. Given the way former Scott+Scott, LLP partner Neil Rothstein – now AMSF's so-called Special Counsel – has paraded AMSF's motion before the media[4] and

---

[3]   If AMSF has not forfeited its right to file a reply by these tactics, the Court should direct that any reply it is permitted to file ***not*** contain any new evidentiary items or claims and be a proper reply limited to dealing with matters raised in the original motion and opposition.

[4]   *See* Daniel Fisher, "Battle of the Class-Action Titans," *Forbes.com*, Nov. 28, 2006 ("The lead plaintiff in a politically tinged securities lawsuit against Halliburton has taken the unusual step of asking the court to replace class-action king William Lerach . . . . ***Neil Rothstein, an attorney who is advising the AMS Fund, said the fund was concerned that Lerach's own mounting legal difficulties might pose a conflict . . . . 'My client commends Mr. Lerach on the job he's done so***

- 3 -

constantly features updates concerning it on the website of his new organization, Worldwide Tree Group™ (Truth in Corporate Justice) (www.worldwidetree.org), which solicits investors to participate in class action suits – it is not surprising that within hours of AMSF's new filing, the baseless accusations of its improper Reply brief were reported in *The Wall Street Journal* and *CNNMoney.com*. *See* Law Blog,"Client Wants to Fire Lerach," *Wall St. J*., Dec. 29, 2006, Ex. C; Roger Parloff, "Client Yearning to Fire Attorney Lerach Says *Fortune* Story Was Last Straw," *CNNMoney.com*, Dec. 28, 2006, Ex. D; Susan Pulliam, "Here's a Class-Action Novelty: Client vs. Lawyer; Citigroup Loses a Contest for Merger-Deal Credit," *Wall St. J*., Dec. 30, 2006, at B3, Ex. E.[5]  Thus, the Institutional Investor Class Representatives and Co-Lead Class Counsel

---

*far, but at this time thinks it's in the best interest of everyone involved that he step aside,' Rothstein said*."), Ex. B.

[5]    Rothstein is now giving a play-by-play of this motion by repeatedly updating his website and issuing press releases with each new filing.  In the January 4, 2007 Truth in Corporate Justice LLC press release, he stated:

> **Lead Plaintiff in Halliburton Securities Litigation to Send Attorneys Packing**
>
> *This is an update concerning the Halliburton Securities Litigation.  Truth in Corporate Justice LLC ("TCJ") is Special Counsel to the AMS Fund, Inc. on Securities Matters. . . .*
>
> . . . January 4, 2007 – Truth in Corporate Justice LLC ("TCJ") (www.worldwidetree.org) issues this press release to advise shareholders and the concerned public that the Archdiocese of Milwaukee Supporting Fund, Inc. ("AMS Fund"), Lead Plaintiff in the Halliburton Securities Litigation matter, is seeking to substitute lead counsel. . . .
>
> . . . Truth in Corporate Justice LLC's founder, Neil Rothstein (a former Scott + Scott partner), Special Counsel to the AMS Fund, ***stated that this is an unfortunate but necessary change that was unexpected at the time Mr. Lerach's firm first intervened in this case***.
>
> Some of the most important reasons for the change in counsel request, as stated in the Reply Brief filed on December 27, 2006, are . . . there exists a potentially negative impact on the litigation as a result of the proliferation of media attention surrounding William S. Lerach, which could possibly shift the focus from

- 4 -

respectfully request the Court rule as quickly as possible on this motion so if the improper filing is not stricken an opposition brief can be filed to refute the false claims made by AMSF.

### III. CONCLUSION

For the reasons stated herein, the requested relief should be granted. Co-Lead Class Counsel and the Institutional Investor Class Representatives respectfully request oral argument on this motion to strike and the underlying motion to oust Co-Lead Class Counsel.

DATED: January 8, 2007           Respectfully submitted,

                                 PROVOST & UMPHREY LAW FIRM, LLP
                                 JOE KENDALL
                                 State Bar No. 11260700
                                 WILLIE C. BRISCOE


                                       s/JOE KENDALL
                                       JOE KENDALL

---

> the merits of the case and turn it into a convoluted battle between Lerach and the government. The conflict: an attorney under federal investigation is representing a lead plaintiff who has brought a lawsuit against a sitting vice president's former company where he was Chief Executive Officer. The Vice President is not a defendant in this action. The Reply Brief also states that the Department of Justice's ongoing criminal investigation of Lerach and his former firm, Milberg, Weiss, Bershad, Hynes & Lerach, which has led to the indictment of two of Lerach's former partners and his predecessor firm, has brought to light facts not disclosed to the Court or Lead Plaintiff (as summarized in the Fortune.com article published recently available at http://money.cnn.com/blogs/legalpad).
>
> . . . Neil Rothstein, founder of TCJ, says that it is unfortunate that another change in counsel is necessary at this time; however, the amount of information that the current lead counsel hid from the Lead Plaintiff clearly does not comport with what is in the best interest of the client or the class. "***While the Lead Plaintiff sought to have this transition occur with the dignities of those involved remaining intact, the realities amount to far more than the loss of dignity***," *stated Rothstein*. "***This is not about guilt or innocence; it is about the appearance of impropriety, conflicts of interest, and ethical behavior***."

Press Release, Truth in Corporate Justice LLC, "Lead Plaintiff in Halliburton Securities Litigation to Send Attorneys Packing" (Jan. 4, 2007), Ex. F.

State Bar No. 24001788
3232 McKinney Avenue, Suite 700
Dallas, TX  75204
Telephone:  214/744-3000
214/744-3015 (fax)

Liaison Counsel

LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
WILLIAM S. LERACH
G. PAUL HOWES
ANDREW J. BROWN
MATTHEW P. SIBEN
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
THOMAS G. WILHELM
9601 Wilshire Blvd., Suite 510
Los Angeles, CA  90210
Telephone:  310/859-3100
310/278-2148 (fax)

LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
EX KANO S. SAMS II
100 Pine Street, Suite 2600
San Francisco, CA  94111
Telephone: 415/288-4545
415/288-4534 (fax)

SCOTT + SCOTT, LLP
DAVID R. SCOTT
MARK V. JACKOWSKI
DENISE V. ZAMORE

              s/DAVID R. SCOTT
    ───────────────────────────────
              DAVID R. SCOTT

108 Norwich Avenue
Colchester, CT  06415
Telephone:  860/537-3818
860/537-4432 (fax)

- 6 -

SCOTT + SCOTT, LLP
EDMUND W. SEARBY
GEOFFREY M. JOHNSON
33 River Street
Chagrin Falls, OH  44022
Telephone:  440/247-8200
440/247-8275 (fax)

SCOTT + SCOTT, LLP
BETH KASWAN
75 Rockefeller Plaza, Suite 1915
New York, NY  10019
Telephone:  212/710-1040
212/710-1041 (fax)

SCOTT + SCOTT, LLP
ARTHUR L. SHINGLER III
600 B Street, Suite 1500
San Diego, CA  92101
Telephone:  619/233-4565
619/233-0508 (fax)

Co-Lead Counsel for Plaintiffs

KILGORE & KILGORE
THEODORE C. ANDERSON
State Bar No. 01215700
3109 Carlisle
Dallas, TX 75204
Telephone:  214/969-9099
214/953-0583 (fax)

Liaison Counsel

O'DONOGHUE & O'DONOGHUE
LOUIS P. MALONE
4748 Wisconsin Avenue, NW
Washington DC 20016
Telephone:  (202) 362-0041
(202) 362-2640 (fax)

Additional Plaintiff's Counsel

S:\CasesSD\Halliburton\BRF00037820 - Mot Strike.doc

CERTIFICATE OF SERVICE

I hereby certify that on January 8, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

    s/WILLIAM S. LERACH
WILLIAM S. LERACH

LERACH COUGHLIN STOIA GELLER
    RUDMAN & ROBBINS LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-3301
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:billl@lerachlaw.com

# Mailing Information for a Case 3:02-cv-01152

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Theodore Carl Anderson , III**
  tca@kilgorelaw.com,kdd@kilgorelaw.com

- **Stuart L Berman**
  ecf_filings@sbclasslaw.com

- **Thomas E Bilek**
  tbilek@hb-legal.com,llockett@hb-legal.com

- **Willie Briscoe**
  Provost_Dallas@yahoo.com,wbriscoe@provostumphrey.com,bgribble@provostumphrey.com

- **Jules Brody**
  jbrody@ssbny.com

- **Andrew J Brown**
  andrewb@lerachlaw.com,e_file_sd@lerachlaw.com

- **Jason L Cagle**
  jason.cagle@tklaw.com,pam.clark@tklaw.com

- **Lea F Courington**
  lcourington@gwinnroby.com,jbalch@gwinnroby.com,mlemons@gwinnroby.com,shamner@gwinn

- **Lindsey C Cummings**
  lcummings@gwinnroby.com,sroshto@gwinnroby.com

- **Robert Edwin Davis**
  davisr@hughesluce.com,boerdem@hughesluce.com,murosr@hughesluce.com

- **Paul W Denney**
  denneyp@hughesluce.com,richeyt@hughesluce.com

- **John G Emerson , Jr**
  john@emersonpoynter.com,tanya@emersonpoynter.com,swilson@emersonpoynter.com

- **William B Federman**
  wfederman@aol.com,law@federmanlaw.com,ngb@federmanlaw.com

- **Dennis D Gibson**
  gibson@gmwdlaw.com,cgilbert@gmwdlaw.com

- **Brian N Hail**

bhail@ghjhlaw.com,rradcliff@ghjhlaw.com,rperkins@ghjhlaw.com,drlilly@ghjhlaw.com

- **Michael K Hurst**
  mhurst@ghjhlaw.com,tnoullet@ghjhlaw.com,cdeleon@ghjhlaw.com,bcongdon@ghjhlaw.com

- **Lawrence J Irving**
  judge@butzdunn.com

- **Fred T Isquith**
  isquith@whafh.com,barnes@whafh.com

- **Mark V Jackowski**
  mvjackowski@scott-scott.com,cmcgowan@scott-scott.com

- **Joe Kendall**
  Provost_Dallas@yahoo.com,jkendall@provostumphrey.com

- **Jeffrey R Krinsk**
  jrk@classactionlaw.com,mag@classactionlaw.com,mlk@classactionlaw.com,fk@classactionlaw.c

- **William S Lerach**
  e_file_sd@lerachlaw.com,kirstenb@lerachlaw.com

- **Wes Loegering**
  loegerw@hughesluce.com,harrisj@hughesluce.com,valferd@hughesluce.com

- **Roger L Mandel**
  rmandel@smi-law.com,laura@smi-law.com,tsweet@smi-law.com,bmarks@smi-law.com

- **Timothy R McCormick**
  timothy.mccormick@tklaw.com,susan.covington@tklaw.com

- **James M McCoy**
  jmccoy@gmwdlaw.com,cgilbert@gmwdlaw.com

- **Rod Phelan**
  rod.phelan@bakerbotts.com,vivica.lamarche@bakerbotts.com

- **Scott Daniel Powers**
  scott.powers@bakerbotts.com,barbara.martin@bakerbotts.com,melissa.depagter@bakerbotts.com

- **Scott E Poynter**
  scott@emersonpoynter.com

- **Jessica B Pulliam**
  jessica.pulliam@bakerbotts.com

- **Marcos G Ronquillo**
  mronquillo@godwinpappas.com,cvillarreal@godwinpappas.com,jgonzalez@godwinpappas.com

- **Edmund W Searby**
  esearby@scott-scott.com,aslaughter@scott-scott.com

- **Arthur L Shingler , III**
  ashingler@scott-scott.com,cmcgowan@scott-scott.com

- **Kay E Sickles**
  ksickles@sbclasslaw.com

- **Marc R Stanley**
  mstanley@smi-law.com,laura@smi-law.com,tsweet@smi-law.com,bmarks@smi-law.com

- **Ronald W Stevens**
  rstevens@klng.com,ckondon@klng.com,mquinn@klng.com,kasfour@klng.com

- **Robert M Thornton**
  rmt@kilgorelaw.com

- **Emery L Vincent**
  larryvin@gmail.com,beverly@emmonsjackson.com,lvincent@scottyung.com

- **Robb L Voyles**
  robb.voyles@bakerbotts.com

- **Craig M Walker**
  craig_m_walker@sbcglobal.net,walkerlawllp@aol.com

- **Thomas G Wilhelm**
  TWilhelm@lerachlaw.com,e_file_sd@lerachlaw.com

- **Martin Woodward**
  mwoodward@smi-law.com,tsweet@smi-law.com,bmarks@smi-law.com

- **Alfred G Yates , Jr**
  yateslaw@aol.com

- **Richard J Zook**
  rzook@cdzc.com,rromero@cdzc.com,pmoore@cdzc.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Eric J Belfi
Murray Frank & Sailer
275 Madison Ave
Suite 801
New York, NY 10016
```

**David Boies**
Boies Schiller & Flexner
333 Main St
Armonk, NY 10504

**Aaron Brody**
Stull Stull & Brody
6 East 45th Street
New York, NY 10017

**Thomas Burt**
Wolf Haldenstein Adler Freeman & Herz
270 Madison Ave
Ninth Floor
New York, NY 10016

**Steven E Cauley**
Cauley Geller Bowman & Coates
PO Box 25438
Little Rock, AR 72221-5438

**Darren J Check**
Schiffrin Barroway Topaz & Kessler LLP - Radnor
280 King of Prussia Rd
Radnor, PA 19087

**Patrick V Dahlstrom**
Pomerantz Haudek Block Grossman & Gross
One N LaSalle St
Suite 2225
Chicago, IL 60602-3908

**Leo W Desmond**
Law Office of Leo W Desmond
2161 Palm Beach Lakes Blvd
Suite 204
West Palm Beach, FL 33409

**Robert J Dyer**                                                          , III
Dyer & Shuman
801 E 17th Ave
Denver, CO 80218-1417

**Nadeem Faruqi**
Faruqi & Faruqi
320 East 39th Street
New York, NY 10016

**Brian M Felgoise**
Law Offices of Brian M Felgoise
PO Box 706
261 Old York Rd    Suite 423
Jenkintown, PA 19046

**Paul J Geller**
Lerach Coughlin Stoia Geller Rudman & Robbins - Boca Raton
120 E Palmetto Park Rd
Suite 500
Boca Raton, FL 33432

**Donald E Godwin**  
Godwin Gruber  
Renaissance Tower  
1201 Elm St  
Suite 1700  
Dallas, TX 75270-2084

**Marc I Gross**  
Pomerantz Haudek Block Grossman & Gross  
100 Park Avenue  
26th Floor  
New York, NY 10017-5516

**Stanley M Grossman**  
Pomerantz Haudek Block Grossman & Gross  
100 Park Avenue  
26th Floor  
New York, NY 10017-5516

**Corey D Holzer**  
Holzer Holzer & Cannon LLC  
1117 Perimeter Center West  
Suite E-107  
Atlanta, GA 30338

**Adam J Levitt**  
Wolf Haldenstein Adler Freeman & Herz - Chicago  
55 W Monroe St  
Suite 1111  
Chicago, IL 60603

**Gary McGowan**  
One Riverway  
Suite 2070  
Houston, TX 77056

**Brian Murray**  
Rabin & Peckel  
275 Madison Ave  
34th Floor  
New York, NY 10016

**Gregory M Nespole**  
Wolf Haldenstein Adler Freeman & Herz  
270 Madison Ave  
Ninth Floor  
New York, NY 10016

**Charles J Piven**  
Law Office of Charles J Piven  
World Trade Center Baltimore  
401 E Pratt St  
Suite 2525  
Baltimore, MD 21202

**Neil Rothstein**  
Scott + Scott  
108 Norwich Ave  
PO Box 192  
Colchester, CT 06415

**Richard S Schiffrin**
Schiffrin Barroway Topaz & Kessler LLP - Radnor
280 King of Prussia Rd
Radnor, PA 19087

**Steven G Schulman**
Milberg Weiss & Bershad  - New York
1 Pennsylvania Plaza
49th Floor
New York, NY 10119

**David R Scott**
Scott + Scott
108 Norwich Ave
PO Box 192
Colchester, CT 06415

**Patrick Slyne**
Stull Stull & Brody
6 East 45th St
New York, NY 10017

**Marc A Topaz**
Schiffrin Barroway Topaz & Kessler LLP - Radnor
280 King of Prussia Rd
Radnor, PA 19087

**Richard J Vita**
Law Office of Richard J Vita
77 Franklin St
Suite 300
Boston, MA 02110

**Marc I Willner**
Schiffrin Barroway Topaz & Kessler LLP - Radnor
280 King of Prussia Rd
Radnor, PA 19087