IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ARCHDIOCESE OF MILWAUKEE SUPPORTING FUND, INC., et al., On Behalf Of Itself and All Others Similarly Situated<br>Lead Plaintiff<br><br>vs.<br><br>HALLIBURTON COMPANY and DAVID J. LESAR,<br><br>Defendants | § § § § § § § § § § § § § § Civil Action No. 3:02-CV-1152-M |

## JOINT REPORT ON PROPOSED SCHEDULING ORDER

The Court's March 28, 2007 Order instructed the parties to confer and submit a joint scheduling order to the Court on or before May 1, 2007. The parties have exchanged and discussed proposed pretrial schedules. Counsel for Lead Plaintiff Archdiocese of Milwaukee Supporting Fund, Inc. ("Plaintiff" or "AMS Fund") and counsel for defendants Halliburton Company ("Halliburton") and David. J. Lesar ("Lesar") (Halliburton and Lesar are collectively referred to as "Defendants") propose the following scheduling order and discovery plan. The parties have indicated the scheduling issues on which they reached agreement and those on which no agreement could be reached.

I.   **Class Certification.**

Plaintiff initially proposed to file a motion for class certification on or before August 28, 2007, and Defendants initially proposed December 21, 2007. In the interest of compromise and in recognition of the complexity of the issues in this case, Plaintiff and Defendants jointly propose that Plaintiff will file and serve its motion for class certification on or before October 15,

2007, with Defendants' responses due on December 17, 2007, and Plaintiff's reply due on January 21, 2008.

## II. Discovery.

### A. Discovery To Date.

Certain confirmatory discovery took place in 2004. According to counsel for Halliburton, the "vast bulk" of the discovery materials produced at that time was subsequently produced to AMS Fund, through prior Co-Lead Counsel, in 2006. AMS Fund served its First Set Of Requests For Production Of Documents to Halliburton on July 12, 2006, and Halliburton responded on August 28, 2006.

On August 8, 2006, Co-Lead Counsel and counsel for Defendants met for the purpose of reaching an agreement on what documents would be initially produced by Halliburton in response to AMS Fund's document requests. By letter dated August 9, 2006 from then Co-Lead Counsel, and a responsive letter from counsel for Halliburton dated August 23, 2006, AMS Fund and Halliburton confirmed the agreements they had reached at the August 8, 2006 meeting. According to counsel for Halliburton, pursuant to those agreements, Halliburton has produced to AMS Fund all documents previously produced to the Securities and Exchange Commission by Halliburton, which Halliburton's counsel estimates to total over 300,000 pages.

Halliburton also identified, collected and prepared for delivery to then Co-Lead Counsel certain other documents they had agreed to produce. While the Court was considering AMS Fund's motion to substitute David Boies and the firm of Boies, Schiller & Flexner LLP ("Boies Schiller") as Lead Counsel, and its motion to compel Scott + Scott to turn over to AMS Fund all documents relating to this case, further production of documents was suspended. Defendants have on April 27, 2007 produced the SEC correspondence to Boies Schiller and have agreed to produce the other documents they previously agreed to produce within a reasonable time.

**B.     Initial Disclosures.**

The parties will exchange initial disclosures as required by Federal Rule of Civil Procedure 26(a)(1) by July 28, 2007.

**C.     Deadline for Completing Fact Discovery.**

*Plaintiff's Proposal:*  Plaintiff proposes that all fact discovery be completed by October 28, 2008. The Lead Plaintiff acknowledges the Court's admonishment at the April 29, 2005 hearing that this case should move on an aggressive schedule.

*Defendants' Proposal:*  Defendants propose that all fact discovery be completed by April 30, 2009. Defendants do not believe that a discovery effort, covering all of the claims in the Fourth Complaint, including the alleged pre-June 3, 1999 conduct, could be accomplished during the period Plaintiff proposes. Defendants therefore cannot agree to the schedule proposed by Plaintiff in the absence of substantial limitations on the scope of discovery (whether by agreement of the parties or order of the Court). In the event of an agreement or order limiting the scope of discovery, Defendants believe that a shorter pre-trial period could be feasible.

*Defendants' Compromise Proposal:*  In an effort to reach a compromise, Defendants proposed a fact discovery deadline of January 30, 2009. Plaintiff did not accept this compromise.

Defendants estimate that the scope of Plaintiff's proposed discovery would require the gathering, review, and production of over one billion pages of hard documents and electronically stored information. Defendants derive this estimate from identification of hard copy documents that are responsive to the Plaintiff's first document request; identification of documents that are

otherwise potentially relevant to the claims in the Fourth Complaint; and identification of sources of electronically stored information that is potentially relevant to those claims.[1]

However, given the breadth of the Plaintiff's claims, the volume of potentially responsive documents could exceed Defendant's current estimate. For example, the Fourth Complaint alleges that, prior to and during the purported Class Period, Halliburton did not have adequate internal controls or personnel, to be able to perform fixed-price construction projects profitably. These allegations cover hundreds, and potentially thousands, of construction projects. To put this into context, for certain *individual* construction projects, the volume of hard copy documents requires their transport by tractor trailer.

Additionally, the Fourth Complaint alleges that, prior to the start of and during the purported Class Period, Lesar and/or Cheney (and through one or both of them, Halliburton) knowingly or recklessly used unapproved claims revenues that were neither probable of recovery, nor reliably estimable, to offset losses on unidentified fixed-price, engineering, procurement, and construction contracts. Although the Fourth Complaint alleges that there were at least seven such contracts, Plaintiff's counsel has not at this point agreed to limit discovery with respect to the construction contract accounting issues either to the Class Period or to those seven contracts. Discovery related to these allegations would involve review of all the relevant, original data relating to, and used as support for, each unapproved claim for each of these contracts. Defendants have not yet estimated the number of hard copy documents and electronically stored information that these claims would cover. Defendants guess that such

---

[1] Defendants' efforts to identify the volume of potentially relevant electronically stored information have included the following: running a set of search terms designed to identify all potentially responsive information stored on a sample of computers used by relevant current or former Halliburton employees; determining the number of electronic pages on those computers that are identified as responsive to the search terms; and using these samples to estimate the total volume of potentially responsive electronically stored information.

documents, including project blueprints, plans, budgets, updated budgets, work schedules, daily, weekly and monthly job reports, manpower allocation schedules, wages, overhead expenses, man-hours, invoices, emails, spreadsheets, accounting data, and subcontractor and third-party costs, could number in the hundreds of thousands or even millions.

Plaintiff has also alleged, purportedly based on information from three or four unnamed current or former Halliburton employees, that Halliburton project accountants located on the sites of numerous construction contracts used various improper accounting practices. The Fourth Complaint does not identify a single, specific construction site. Rather, its allegations imply that such improper practices were regular occurrences at all Halliburton construction sites. Thus, these allegations implicate truckloads of documents and electronically stored information related to thousands of contracts.

A final example of the breadth of discovery at issue in this case is Plaintiff's claim that Halliburton knew or recklessly disregarded that its potential asbestos liabilities were materially underestimated from the time of the 1998 Dresser merger through December 7, 2001. These allegations involve at least three entities—Halliburton, Dresser, and Harbison Walker Refractories, Inc., a former Dresser subsidiary. Even if the potentially responsive documents were limited to Halliburton's and Dresser's asbestos liabilities, these allegations concern thousands of individual cases that were filed, tried or settled prior to or during the Class Period. The complete files for many of these cases are currently in the physical possession of individual outside trial counsel around the country. Plaintiff's asbestos-related claims also involve Harbison and numerous other, unnamed companies that allegedly went bankrupt or incurred substantial liability exposure during the purported Class Period. Those allegations, if pursued, would require substantial third-party discovery.

Given these examples of the breadth of Plaintiff's claims, and Plaintiff's present inability to limit the scope of discovery consistent with the Court's previous Order dismissing certain claims, Defendants believe that fact discovery in this case could not be completed in the time proposed by Plaintiff.

### D.     Expert Discovery.

*Plaintiff's Proposal:* Plaintiff proposes the following schedule for the designation of experts, the submission of expert reports, and the completion of expert discovery: Expert designations and submissions of expert reports by Plaintiff will occur no later than November 21, 2008; expert designation and submission of rebuttal expert reports by Defendants will occur no later than December 22, 2008; and designation of any reply experts and submission of reply expert reports by Plaintiff will be completed by January 30, 2009. All expert discovery will be completed by March 20, 2009.

*Defendants' Proposal:* Defendants propose that Plaintiff designate all expert witnesses it may use at trial and submit all expert reports to Defendants, pursuant to Federal Rule of Civil Procedure 26(a)(2)(A) and (B), by June 30, 2009. Defendants will designate all expert witnesses they may use at trial and submit all expert reports to Plaintiff, pursuant to Federal Rule of Civil Procedure 26(a)(2)(A) and (B), by August 30, 2009. Rebuttal expert reports should be submitted by September 30, 2009. All expert discovery will be completed by October 30, 2009.

*Defendants' Compromise Proposal:* In an effort to reach a compromise, Defendants proposed that Plaintiff designate experts and submit reports by February 28, 2009, that Defendants designate experts and submit reports by April 30, 2009, that Plaintiffs designate rebuttal experts and submit reports by May 30, 2009, and that expert discovery be completed by June 30, 2009. Plaintiff did not accept this compromise.

*Joint Proposal:* The parties jointly propose that only one deposition shall be permitted of each expert witness and that no expert discovery shall be taken after the deadline, except by leave of the Court.

### E. Fact Depositions.

*Joint Proposal:* The parties jointly propose that the Plaintiff and Defendants each be allowed, without leave of Court, to take up to fifty (50) fact depositions, and to designate up to five (5) witnesses who may be deposed for up to a total of fourteen (14) hours each. Additional depositions may be taken, and additional witnesses deposed for up to fourteen (14) hours, only with leave of Court. The parties agree that they will make a good faith effort to identify which witnesses will be designated for fourteen hour depositions in the deposition notice for the witnesses, and will endeavor to schedule the deposition for each such witness on consecutive days. All other fact depositions will be subject to the seven (7) hour limitation provided for in Fed.R.Civ.P. 30(d)(2).

*Plaintiff's Further Proposal:* Plaintiff reserves the right to identify the fourteen (14) hour witness at any time. Given the limited number of fourteen (14) hour depositions, Plaintiff may need to delay the decision on who they will designate until the key witnesses have been deposed.

*Defendants' Further Proposal:* Defendants propose that the witnesses be designated no later than ten(10) days after the conclusion of the first seven (7) hours of deposition.

### F. Rule 30(b)(6) Depositions.

Depositions of witnesses designated to testify on Rule 30(b)(6) topics will be counted by the number of hours of testimony taken by the party who noticed the deposition. Seven (7) hours of Rule 30(b)(6) testimony will count as one (1) deposition under the deposition limit set forth in

Section E, irrespective of the number of witnesses who give that testimony or the number of days in which that testimony is given. The parties reserve the right to seek a protective order should they believe that Rule 30(b)(6) depositions are being used to avoid the number or time limits set forth above.

### G. Interrogatories.

*Plaintiff's Proposal:* Due to the complexity of this case and the breadth of Plaintiff's claims, the limit on interrogatories provided for by Fed.R.Civ.P. 33(a) shall not apply. The parties will each be permitted to serve such interrogatories as they believe in good faith are necessary to the efficient prosecution or defense of the Action.

*Defendant's Proposal:* The limit on interrogatories provided for by Federal Rule of Civil Procedure 33(a) shall apply. Defendants believe that, in the absence of any limits on interrogatories, disputes between the parties will be more likely.

### H. Privilege Logs.

The parties have agreed that privilege logs and supplements thereto should be provided in compliance with the Federal Rules of Civil Procedure, and will be provided and/or updated no later than sixty (60) days following the production from which the subject privileged documents are withheld.

### III. Dispositive Motions.

*Plaintiff's Proposal:* Plaintiff proposes that any dispositive motion, including a motion for summary judgment, shall be filed and served by April 15, 2009.

*Defendants' Proposal:* Defendants propose that any dispositive motion, including a motion for summary judgment, shall be filed and served by February 15, 2010.

*Defendants' Compromise Proposal:* In an effort to reach a compromise, Defendants proposed that any dispositive motion, including a motion for summary judgment, shall be filed and served by July 30, 2009. Plaintiff did not accept this compromise.

*Joint Proposal:* The parties agree that oppositions to such motions and replies shall be filed within the time frames set forth in the Federal Rules of Civil Procedure.

### IV.     Pretrial Conference And Trial.

The parties jointly propose that the Court conduct a final pretrial conference at a date to be set by the Court. The parties further propose that, at the time of such conference, the Court will set the dates for exchange of exhibit lists, witness lists, the filing of motions *in limine* and trial.

DATED: May 1, 2007

Respectfully Submitted,

BOIES, SCHILLER & FLEXNER LLP

_____
Caryl L. Boies
State Bar No. 2565420
401 E. Los Olas Blvd., Suite 1200
Fort Lauderdale, Florida 33301
Telephone No.: (954) 356-0011
Facsimile No.: (954) 356-0022

*Counsel For Plaintiff
Archdiocese of Milwaukee
Supporting Fund, Inc.*

BAKER BOTTS L.L.P.

_____
Robb L. Voyles
State Bar No. 20624100
Jessica B. Pulliam
State Bar No. 24037309
2001 Ross Avenue
Dallas, Texas 75201-2980
Telephone No. (214) 953-6500
Facsimile No. (214) 953-6503

David Sterling
State Bar No. 19170000
Rebecca Robertson
State Bar No. 00794542
One Shell Plaza
910 Louisiana
Houston, Texas 77002-4995
Telephone No. (713) 229-1234
Facsimile No. (713) 229-2099

*Counsel For Defendant
Halliburton Company*

| | |
|---|---|
| KIRKPATRICK & LOCKHART<br>PRESTON ELLIS GATES LLP | GODWIN PAPPAS RONQUILLO, LLP<br><br>*Donald E. Godwin* (signature) |
| Ronald W. Stevens<br>Michael J. Quinn<br>Christopher J. Kondon | Donald E. Godwin<br>State Bar No. 08056500<br>Marcos G. Ronquillo<br>State Bar No. 17226000 |
| 10100 Santa Monica Boulevard<br>Seventh Floor<br>Los Angeles, CA 90067<br>Telephone No. (310) 552-5000<br>Facsimile No. (310) 552-5001 | Jose L. Gonzalez<br>State Bar No. 08129100<br>James Johanns<br>State Bar No. 24036847<br>Renaissance Tower<br>1201 Elm, Suite 1700<br>Dallas, Texas 75270-2084<br>Telephone No. (214) 939-4400<br>Facsimile No. (214) 760-7332 |
| David R. Cohen<br>Henry W. Oliver Bldg.,<br>535 Smithfield Street<br>Pittsburgh, Pennsylvania 15222-2312<br>Telephone No. (412) 355-8682<br>Facsimile No. (412) 355-6501 | *Counsel for Defendant David J. Lesar* |
| *Counsel For Defendant Halliburton Company* | |