IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THE ARCHDIOCESE OF MILWAUKEE SUPPORTING FUND, INC., et al., On Behalf of itself and All Others Similarly Situated, | § § § § | |
| Lead Plaintiff, | § | Civil Action No. 3:02-CV-1152-M |
| v. | § § | |
| HALLIBURTON COMPANY, et al., | § § | |
| Defendants. | § § | |

## LEAD PLAINTIFF'S MOTION FOR DECLARATION THAT PRIVILEGE HAS BEEN WAIVED BY HALLIBURTON'S REFUSAL TO PROVIDE AN ADEQUATE PRIVILEGE LOG AND TO COMPEL PRODUCTION OF WITHHELD DOCUMENTS

Respectfully submitted,

BOIES, SCHILLER & FLEXNER LLP

/s/ David Boies
David Boies
333 Main Street
Armonk, NY  10504
Telephone:  (914) 749-8200
Facsimile:  (914) 749-8300

**LEAD COUNSEL FOR LEAD PLAINTIFF, THE ARCHDIOCESE OF MILWAUKEE SUPPORTING FUND, INC.**

Caryl L. Boies, TSB # 02565420
Sashi B. Boruchow, FSB #0398276
401 E. Las Olas Blvd., Suite 1200
Ft. Lauderdale, FL 33301
Telephone:  (954) 356-0011
Facsimile:  (954) 356-0022

*Additional counsel appear on signature page*

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ........................................................................................................ ii

I. INTRODUCTION.............................................................................................................1

II. FACTUAL BACKGROUND ..........................................................................................4

III. ARGUMENT ...................................................................................................................5

    A.    Halliburton's Third Log Fails to Number the Documents in the Log or to Identify the Number of Documents or Pages that Each Entry Represents. ........... 7

    B.    Halliburton's Third Log Does Not Adequately Describe the Documents Withheld and Provides No Basis for the Assertion of Privilege............................ 8

        1.    Halliburton Has Withheld Documents That Were Neither Sent to Nor Received From Counsel. ....................................................................... 11

        2.    Halliburton Has Withheld Documents For Which Any Privilege Has Been Waived by Public Disclosure. ......................................................... 11

        3.    Halliburton Has Withheld Documents That Have Been Disclosed to Third Parties and Thus Cannot Be Privileged. ........................................ 14

        4.    Halliburton is Improperly Withholding Documents Prepared For Prior, Unrelated Litigation........................................................................ 16

    C.    Halliburton's Privilege Log Fails to Provide Adequate Dates For Each Document.......................................................................................................... 17

    D.    Halliburton's Privilege Log Fails to Identify All Originators and Recipients......18

    E.    Halliburton's Continued Failure to Provide an Adequate Privilege Log Constitutes Waiver of Any Claimed Privilege....................................................19

CONCLUSION............................................................................................................................ 20

# TABLE OF AUTHORITIES

Page

**Cases**

*Alldread v. City of Grenada,*
  988 F.2d 1425 (5th Cir. 1993) .................................................................................................13

*Allendale Mut. Ins. Co. v. Bull Data Sys., Inc.,*
  145 F.R.D. 84 (N.D. Ill. 1992).....................................................................................................9

*Am. Med. Sys., Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA.,*
  No. Civ.A. 98-1788, 1999 WL 816300 (E.D. La. Oct. 7, 1999) ...............................................10

*Bramante v. McClain,*
  No. SA-06-CA-0010, 2007 WL 102314 (W.D. Tex. Jan. 08, 2007)....................................1, 15

*Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. of Mont.,*
  408 F.3d 1142 (9th Cir. 2005) .............................................................................................7, 20

*Consol. Grain & Barge Co., Inc. v. M/V CSS ATLANTA,*
  No. Civ.A 99-687, 2000 WL 495740 (E.D. La. Apr. 24, 2000)................................................20

*In re Grand Jury Proceedings Oct. 12, 1995,*
  43 F.3d 966 (5th Cir. 1994) ....................................................................................................16

*In re Grand Jury Proceedings Oct. 12, 1995,*
  78 F.3d 251 (6th Cir. 1996) ....................................................................................................14

*In re Grand Jury Proceedings,*
  604 F.2d 798 (3d Cir.1979)......................................................................................................16

*In re Papst Licensing, GmbH Patent Litig.,*
  No. CIV. A. MDL 1298, 2001 WL 1135268 (E.D. La. Sept. 19, 2001) ....................................6

*In re Santa Fe Intern. Corp.,*
  272 F.3d 705 (5th Cir. 2001) .......................................................................................... passim

*In re Target Tech. Co.,*
  208 Fed. Appx. 825 (Fed. Cir. 2006)..................................................................................13, 14

*James v. Harris County,*
  237 F.R.D. 606 (S.D. Tex. 2006)..............................................................................................18

*Levingston v. Allis-Chalmers Corp.,*
  109 F.R.D. 546 (S.D. Miss. 1985) ...........................................................................................16

*Mack v. Global Drilling Co.,*
  No. Civ.A. 04-3461, 2006 WL 980746 (E.D. La. Apr. 11, 2006) ........................................8, 19

*Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n,*
  914 F. Supp. 1172 (E.D. Pa. 1996) ..................................................................................7, 20

*Nance v. Thompson Medical Co.,*
  173 F.R.D. 178 (E.D. Tex. 1997)..........................................................................................1

*Navigant Consulting, Inc. v. Wilkinson,*
  220 F.R.D. 467, 473 (N.D. Tex. 2004) .......................................................................... passim

*Newpark Envtl. Ser. v. Admiral Ins. Co.,*
  No. Civ.A.99-331 E, 2000 WL 136006 (E.D. La. Feb. 3, 2000)..............................................20

*Peacock v. Merrill,*
  No. 08-01-B-M2, 2008 WL 687195 (M.D. La. Mar. 10, 2008) .................................................9

*PYR Energy Corp. v. Samson Res. Co.,*
  No. 1:05-CV-530, 2007 WL 446025 (E.D. Tex. Feb. 7, 2007)..................................................7

*Reyes v. Red Gold, Inc.,*
  No. CIV A B-05-191, 2006 WL 2729412 (S.D. Tex. Sept. 25, 2006) .......................................7

*S.E.C. v. Chesnoff,*
  Misc. Action No. 4:05-MC-043-Y, 2006 WL 2052371 (N.D. Tex. July 18, 2006).................18

*Standard Servs. Co., Inc. v. Witex USA, Inc.,*
  No. Civ.A. 02-0537, 2003 WL 1873087 (E.D. La. Apr. 10, 2003)............................................7

*U.S. v. Constr. Prods. Research, Inc.,*
  73 F.3d 464 (2d Cir. 1996).....................................................................................................9

*U.S. v. Davis,*
  636 F.2d 1028, 1044 n.18 (5th Cir. 1981) .............................................................................13

*U.S. v. El Paso Co.,*
  682 F.2d 530 (5th Cir.1982) ...................................................................................................7

*U.S. v. Kelly,*
  569 F.2d 928 (5th Cir. 1978) .................................................................................................18

*U.S. v. Murillo,*
  234 F.3d 28, 2000 WL 1568160 (5th Cir. 2000) ...................................................................14

*Weil v. Inv./Indicators, Research & Mgmt., Inc.,*
    647 F.2d 18 (9th Cir. 1981) ................................................................................................13

**Rules**

FED. R. CIV. P. 26(b)(5)..............................................................................................6, 20

## I.   <u>INTRODUCTION</u>

This motion is necessitated by Defendant Halliburton's repeated refusal to provide a privilege log with sufficient detail for Lead Plaintiff to evaluate and challenge Halliburton's assertions of privilege.   Lead Plaintiff is seeking a declaration that Halliburton's repeated refusals to provide an adequate privilege log constitute a waiver of Halliburton's purported claims of privilege, and an order compelling Halliburton to produce the withheld documents.

When a party withholds a document on the basis of privilege, it is that party's burden to demonstrate that they are entitled to the claimed privilege or protection and that the privilege or protection has not been waived.   *See Bramante v. McClain*, No. SA-06-CA-0010, 2007 WL 102314, at *1 (W.D. Tex. Jan. 08, 2007).   In complex litigation, the only effective manner in which to verify that a privilege or protection is properly asserted is through submission of a privilege log.   *In re Santa Fe Intern. Corp.*, 272 F.3d 705, 710 (5th Cir. 2001).   Failure to substantiate an asserted privilege or protection can, under certain circumstances, result in a waiver. *See Nance v. Thompson Medical Co.*, 173 F.R.D. 178, 183 (E.D. Tex. 1997).

Circumstances justifying waiver are present here.   As an initial matter, Halliburton delayed nearly six months, disregarding Lead Plaintiff's requests, before producing any privilege log at all.   When Halliburton did finally provide a privilege log, the log was so deficient as to be useless.   The log made blanket assertions of work product and attorney-client privilege over essentially undifferentiated documents, failed to provide proper descriptions of the documents or any basis for the assertion of privilege, and made no effort to identify adequately the authors or recipients—literally providing only last names, and in some cases, only e-mail addresses. Despite numerous requests from Lead Counsel over the last few months, Halliburton has refused to cure these defects, except to provide some additional information regarding some of the authors and recipients.   These circumstances support a finding of waiver; Halliburton has been

given the opportunity to provide a sufficient long and has refused, thwarting Lead Plaintiff's ability to test Halliburton's assertions of privilege.  However, should the Court determine that waiver is not appropriate, Halliburton should, at a minimum, be compelled to provide an adequate privilege log.

The need for an adequate privilege log is heightened here because the sparse information Halliburton did provide indicates that it has withheld documents based on improper assertions of the work product protection and attorney-client privilege.  If the Court does not find an overall waiver, Halliburton must be compelled to provide more detailed information so that Lead Plaintiff can evaluate and challenge these suspect entries on Halliburton's privilege log.

Four particular issues with Halliburton's assertions of privilege exemplify this problem. First, Halliburton has withheld documents on its privilege log that have no apparent attorney involvement whatsoever.  Halliburton also appears to have withheld documents from numerous files simply because they came from an attorney's office.  Because Halliburton's privilege log provides no basis for its assertion of privilege on these documents, Lead Plaintiff has no ability to ascertain why Halliburton has claimed a privilege over these documents, and no means of testing the assertion of privilege.  Halliburton must be compelled to produce these documents or to substantiate its assertion of privilege.

Second, it appears that Halliburton has waived the privilege on many of the withheld documents by publicly disclosing the content of the communications.  For example, Halliburton disclosed in numerous public filings various legal opinions of its outside counsel, Vinson & Elkins LLP, regarding the litigation between Halliburton and Highlands Insurance Company, and also disclosed the basis for Vinson & Elkins' opinions.  Halliburton, therefore, waived the attorney-client privilege and work product protection with respect to all communications

2

regarding the Highlands litigation.  While Lead Plaintiff intends to bring a separate motion on this issue, Halliburton's privilege log does not provide sufficient information for Lead Plaintiff to discern which documents reflect communications related to the Highlands litigation and so are subject to Lead Plaintiff's waiver argument.  Without a detailed description, Lead Plaintiff cannot assess whether the withheld documents relate to the subject matter of the disclosure.

Third, while many authors and recipients are not sufficiently identified on the log, Lead Plaintiff has been able to ascertain that Halliburton included documents on its log that were distributed to third parties who have no apparent privileged relationship with Halliburton. Halliburton's log provides no basis for asserting a privilege over these third party communications – making it difficult for Lead Plaintiff to test the assertion of privilege. Halliburton must be compelled to produce these documents or to substantiate its assertion of privilege.

Fourth, and finally, many of the documents as to which Halliburton claims work product protection relate not to this litigation, but to prior and unrelated "asbestos" or "insurance" litigation.  Lead Plaintiff intends to argue that the work product protection only applies in subsequent litigation if the cases are "closely related," and thus, that Halliburton's assertion of privilege over documents related to these prior, unrelated cases is improper.  However, Halliburton's privilege log does not identify the litigation to which these documents relate, let alone provide sufficient information to determine whether that litigation was "closely related" to the present case.  At a more basic level, the log does not even provide sufficient information to test Halliburton's assertion that the documents were created in anticipation of <u>any</u> litigation. Halliburton should be compelled to produce these documents or to identify these documents with

sufficient specificity so that Lead Plaintiff can determine if they were prepared in anticipation of past litigation, and, if so, whether the litigation was "closely related" to this case.

## II.   FACTUAL BACKGROUND

Lead Plaintiff served its First Set of Requests for Production of Documents on July 11, 2006, and served its Second Request for Production of Documents on Halliburton on June 14, 2007.  App. at 001-025; 026-054.  Despite requests from Lead Plaintiff, Halliburton did not produce its first privilege log (hereinafter "First Log") until December 28, 2007.  App. at 055-092.  The First Log was grossly deficient in that it provided no basis on which Lead Plaintiff or the Court could assess Halliburton's assertions of privilege.  By letter dated April 24, 2008, Caryl Boies, counsel for Lead Plaintiff, wrote to David Sterling, Halliburton's counsel, detailing the deficiencies and requesting that Halliburton provide an adequate privilege log, i.e., one that would allow Lead Plaintiff and the Court to assess whether the attorney-client privilege or work product protection has been properly asserted.  App. at 093-095.

On May 1, 2008, Mr. Sterling responded, offering to update the privilege log only to identify those individuals on the log who are lawyers, and refusing to cure any of the other defects.  App. at 096-097.[1]  In a May 2, 2008 letter, Ms. Boies again requested that Halliburton provide the information requested in her April 24 letter, emphasizing that such information would allow the parties to discuss, and potentially resolve, problematic entries in the log.  App. at 098.

Halliburton ultimately provided a revised privilege log (hereinafter "Second Log") to Lead Plaintiff on May 9, 2008.  App. at 099-135.  The Second Log was the same as the First

---

[1] While Mr. Sterling's May 1, 2008 letter also complained about Plaintiff's privilege log, Ms. Boies offered to provide any additional information that Halliburton believed necessary to assess the Plaintiff's privilege claims, and to provide a revised Privilege Log.  Defendants have not responded to Plaintiff's offer.

Log, except that it included, for some but not all entries, brief notations next to the last names indicating that they were a "Hal attorney" or an "Outside counsel." *Id.*  No other identifying information was provided for individuals on the log.  After further communication from Lead Counsel (App. at 136), Halliburton eventually agreed to produce the full names and job titles of the individuals identified in the privilege log, and a third privilege log (hereinafter "Third Log") was produced on or around May 23, 2008.  App. at 137-161.  In the Third Log, the attorney designations previously added were removed, and instead, Halliburton provided a separate document purporting to identify the first and last names of some, <u>but not all</u>, of the individuals identified in the log, along with some, <u>but not all</u>, employer and job title information.  App. at 162-173.

The Third Log is still grossly deficient because it: (1) fails to assign numbers to the documents on the log, or to identify the number of documents or pages that each entry represents, leaving the withheld documents essentially undifferentiated and indistinguishable; (2) fails to provide adequate descriptions of the subject matter of the documents or to indicate any basis for the assertion of privilege over the documents; (3) fails to describe adequately the date of many of the documents; and (4) fails to provide sufficient identifying information regarding the authors and recipients of the documents.  Indeed, the Third Log simply contains blanket assertions of privilege of the type that are routinely rejected.  Halliburton has steadfastly refused to cure these remaining deficiencies, thereby necessitating this motion.

III.   <u>ARGUMENT</u>

"A party asserting a privilege exemption from discovery bears the burden of demonstrating its applicability."  *In re Santa Fe Intern. Corp.*, 272 F.3d 705, 710 (5th Cir. 2001); *accord Navigant Consulting, Inc. v. Wilkinson,* 220 F.R.D. 467, 473 (N.D. Tex. 2004) (stating that "[t]he burden is on the party asserting the privilege to demonstrate how each document or

communication" is privileged.).  Under the Federal Rules of Civil Procedure, a party withholding a document on a claim of privilege must "expressly make the claim" and "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim."  FED. R. CIV. P. 26(b)(5); *accord Navigant Consulting, Inc.,* 220 F.R.D. at 473-74 ("[A] party asserting the privilege . . . must provide 'a detailed description of the materials in dispute and state specific and precise reasons for their claim of protection form disclosure.'" (citations omitted)).  In complex litigation, "compliance with Rule 26(b)(5) is 'usually accomplished by submission of a log identifying documents or other communications by date and by the names of the author(s) and recipient(s), and describing their general subject matter . . . .'"  *In re Santa Fe Intern. Corp.*, 272 F.3d at 710 (quoting MANUAL FOR COMPLEX LITIGATION (THIRD) § 21.431 (1995)).

"The purpose of the privilege log is to provide the parties and the court [with] adequate information to determine whether a document is privileged."  *In re Papst Licensing, GmbH Patent Litig.,* No. CIV. A. MDL 1298, 2001 WL 1135268, at *2 (E.D. La. Sept. 19, 2001).  Thus, a privilege log should include, "at a minimum":

    a.    the date of the document(s) claimed to be privileged;

    b.    the type of document(s) and length;

    c.    the author and the recipient of the document(s);

    d.    the general subject matter of the document(s);

    e.    the privilege asserted for each document(s); and

    f.    an explanation as to why the privilege is applicable with enough specificity to allow plaintiff to determine whether to object to the privilege asserted.

*PYR Energy Corp. v. Samson Res. Co.*, No. 1:05-CV-530, 2007 WL 446025, at *1 (E.D. Tex. Feb. 7, 2007). In addition, the privilege log should identify the document request number to which the withheld document is responsive. *See Reyes v. Red Gold, Inc.*, No. CIV A B-05-191, 2006 WL 2729412, at *5 (S.D. Tex. Sept. 25, 2006).

Finally, "[t]he privilege must be specifically asserted with respect to particular documents." *U.S. v. El Paso Co.*, 682 F.2d 530, 539 (5th Cir. 1982). Blanket assertions of privilege over an undifferentiated group of documents are unacceptable since they do not allow the court and the opposing party to test the merits of the claim of privilege. *Id.* at 541. Accordingly, claims of privilege should be rejected where the party claiming the privilege fails to "particularize its assertion of the privilege" with respect to each specific document. *Id.*

Where a party fails to properly assert a privilege, it may be deemed to have waived that privilege. *See Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. of Mont.*, 408 F.3d 1142, 1147 (9th Cir. 2005); *Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n*, 914 F. Supp. 1172, 1178 (E.D. Pa. 1996).

In the present case, Halliburton's Third Log remains deficient for all of the reasons identified above. Halliburton's continued failure to provide an adequate privilege log constitutes waiver of any claimed privilege, and Halliburton should be compelled to produce the documents, or, at minimum, to provide an adequate log.

### A.   Halliburton's Third Log Fails to Number the Documents in the Log or to Identify the Number of Documents or Pages that Each Entry Represents.

Halliburton's Third Log provides absolutely no information regarding the number of documents or pages withheld under each entry. *See Standard Servs. Co., Inc. v. Witex USA, Inc.*, No. Civ.A. 02-0537, 2003 WL 1873087, at *2 (E.D. La. Apr. 10, 2003) (requiring a defendant to produce a privilege log containing "a detailed description of the contents of EACH

DOCUMENT, *including the page numbers*" (second emphasis added)).   In fact, ignoring requests that it do so, Halliburton does not even provide a means of identifying the specific entries in its Third Log, such as numbering the documents or providing bates labels.  *See Mack v. Global Drilling Co.*, No. Civ.A. 04-3461, 2006 WL 980746, at *2 (E.D. La. Apr. 11, 2006) (finding a privilege log deficient where "the documents themselves [were] not Bates-stamped or otherwise labeled so that the parties and the court [could] even discuss them by any easy reference").   For ease of reference, Lead Plaintiff has created a new chart with sequentially numbered entries, just as the Plaintiff did in *Mack*, and will use these entry numbers when referring to specific entries in Defendant's Third Log.  App. at 174-208; s*ee Mack,* 2006 WL 980746, at *2.

Lead Plaintiff's use of these numbers is not meant to infer that each entry represents only a single document.   To the contrary, it appears that multiple withheld documents may be subsumed within single, generic entries.   In short, the log provided by Halliburton leaves the withheld documents essentially undifferentiated and undistinguishable.

### B.    Halliburton's Third Log Does Not Adequately Describe the Documents Withheld and Provides No Basis for the Assertion of Privilege.

Most of the descriptions for the withheld documents are inadequate because they are highly generalized and conclusory in nature.   For example, hundreds of entries are described simply as "E-mail re: asbestos litigation" or "Letter re: asbestos litigation" or "Memo re: asbestos litigation."  *See, e.g.,* Entry Nos. 4, 18-24, 61-63, 71-74.  Other examples of inadequate descriptions include: "E-mail re: Highlands," "Fax re: asbestos litigation," "E-mail re: asbestos disclosure," "Letter re: insurance litigation," and "E-mail re: Dresser, Inc."  *See, e.g.*, Entry Nos. 1-2, 5-7, 9-12, 53-55, 131, 276-77, 280, 623, 702.   These entries comprise merely a small

sampling of the many deficient descriptions in Defendant's log; in fact, virtually all of the 744 entries in the log are similarly deficient.

"Generalized description[s] of a document, which include a conclusory statement that the document is subject to a particular privilege, is insufficient." *Peacock v. Merrill*, No. 08-01-B-M2, 2008 WL 687195, at *3 (M.D. La. Mar. 10, 2008). The *Peacock* court found that generalized descriptions—such as "Memos of communications concerning tax matters" and "Research concerning tax questions"—were too vague and broad. Similarly, in *U.S. v. Constr. Prods. Research, Inc.*, 73 F.3d 464 (2d Cir. 1996), the court found deficient a privilege log containing document descriptions such as: "(a) 'Fax Re: DOL Findings' with comment 'cover sheet;' (b) 'Fax: Whistleblower article' with comment 'Self-explanatory;' (c) 'Letter Re: Customer Orders' with comment 'Re: Five Star Products;' [and] (d) 'Summary of Enclosures' with comment 'Self-explanatory.'" *Id.* at 473-74. Even though these descriptions are more detailed than the descriptions in Halliburton's Third Log, the court concluded that "[t]he descriptions and comments simply do not provide enough information to support the privilege claim, particularly in the glaring absence of any supporting affidavits or other documentation." *Id.* at 474.

That providing adequate descriptions may impose a burden is no excuse for deficient descriptions. In *Allendale Mut. Ins. Co. v. Bull Data Sys., Inc.*, 145 F.R.D. 84 (N.D. Ill. 1992), the court held that descriptions, very much like those provided here, such as "'letter re claim,' 'analysis of claim,' or 'report in anticipation of litigation'—with which we have grown all too familiar—[are] insufficient." *Id.* at 88. While the court acknowledged that providing more detailed descriptions "may be burdensome," the court noted that detailed descriptions "will provide a more accurate evaluation of a discovery opponent's claims and takes into consideration

the fact that there are no presumptions operating in the discovery opponent's favor." *Id.* The court concluded that "[a]ny failure to comply with these directions will result in a finding that the plaintiff-discovery opponents have failed to meet their burden of establish[ing] the applicability of the privilege." *Id.*

Here, the descriptions provided by Halliburton fail to establish the applicability of the claimed privilege. Indeed, all that can be ascertained from the bulk of the proferred descriptions is that some of the withheld documents were sent to or by an attorney. However, a document is not privileged simply because it is communicated to, or received from, counsel. *See Navigant Consulting, Inc. v. Wilkinson,* 220 F.R.D. 467, 475 (N.D. Tex. 2004) (holding that "documents are not privileged merely because they were prepared by or sent to an attorney"); *Am. Med. Sys., Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA.*, No. Civ.A. 98-1788, 1999 WL 816300, at *1 (E.D. La. Oct. 7, 1999) ("[A] document sent from one corporate officer to another is not privileged simply because a copy is sent to counsel."). Accordingly, an "e-mail," "fax" or "letter" from counsel is not presumptively privileged, and without a sufficient description of the withheld documents it is virtually impossible to assess the validity of the privilege claims asserted by the Defendant. *Cf. Navigant Consulting, Inc.,* 220 F.R.D. at 476 ("Unless the documents contain confidential communications made for the purpose of facilitating the rendition of legal advice, there is no privilege.").

While Halliburton's descriptions are inadequate under any circumstances, the inadequacy of Halliburton's descriptions is magnified by the fact that, as discussed below, the sparse information provided indicates that Halliburton has improperly asserted both the attorney-client privilege and work-product protection over many documents. Lead Plaintiff requires more detailed descriptions to challenge these suspect entries on the log. Halliburton should be found

to have waived the privilege on all withheld documents on account of its refusal to provide a meaningful privilege log.  However, if an overall waiver is not found, Halliburton must be compelled to provide more particular document descriptions, and in particular to provide information sufficient for Lead Plaintiff to test Halliburton's assertion of privilege in the four areas outlined below.

    1.    **Halliburton Has Withheld Documents That Were Neither Sent to Nor Received From Counsel.**

Halliburton has asserted that certain documents are protected under the attorney-client privilege even though no lawyer is listed as an originator or recipient, and the descriptions for those entries do not indicate that any legal advice was discussed or otherwise referenced.  *See* Entry Nos. 258 ("Notes/comments re: draft 10Q"), 588 ("E-mail re: asbestos liability"), 590 ("E-mail re: asbestos claims"), 703 ("Work papers re: asbestos settlement"), 736 ("Notes/comments re: asbestos disclosures").  Because these vague, generalized descriptions offer no guidance as to why these communications qualify for the asserted privilege, Halliburton has failed to meet its burden of demonstrating that these documents are exempt from production and has thus waived any claim of privilege.  *See supra* pp. 5-7; *infra* Section III.E.  At minimum, Halliburton should be compelled to indicate on a revised log why such documents are privileged, so that Lead Plaintiff and the Court are able to test its assertion of privilege.

    2.    **Halliburton Has Withheld Documents For Which Privilege Has Been Waived by Public Disclosure.**

Halliburton's Third Log suggests that it is withholding numerous documents on the basis of the attorney-client privilege, for which any such privilege has been waived through public disclosure.  Numerous entries on the log indicate that the document relates either to "Highlands" or the "Highlands Litigation," which refers to prior litigation between Halliburton and Highlands

Insurance Company regarding insurance coverage for asbestos claims.[2]   It is impossible to determine whether the entries described solely as relating to "Highlands" actually relate to the Highlands litigation.   Therefore, based on these vague descriptions, none of these documents are properly withheld on the basis of the attorney-client privilege because any such privilege has been waived by public disclosure.

In multiple public filings, Halliburton disclosed legal advice and conclusions it had received from its counsel, Vinson & Elkins LLP, regarding the merits of the Highlands litigation. For example, Halliburton stated the following in its Form 10-Q for the periods ending March 31, 2001, and June 30, 2001:

> On March 21, 2001 the Delaware Chancery Court ruled that Highlands was not obligated to provide insurance coverage for asbestos claims filed against Kellogg Brown & Root.  The court ruled that the agreements entered into by Highlands and Halliburton at the time of the spin-off terminated the policies previously written by Highlands that would otherwise have covered these claims.  This ruling, if it is not reversed on appeal, would eliminate our primary insurance covering asbestos claims against Kellogg Brown & Root for periods prior to the spin-off. ***We and our legal counsel, Vinson & Elkins L.L.P., believe, however, that the court's ruling is wrong***.  We are in the process of appealing the ruling to the Delaware Supreme Court, which will hear oral argument on September 17, 2001.  It may be early 2002 before the Delaware Supreme Court rules on our appeal.  ***Vinson & Elkins has rendered an opinion to us that it is very likely that the ruling of the Chancery Court will be reversed because the ruling clearly contravenes the provisions of the applicable agreements between Highlands and Halliburton.   Vinson & Elkins has also opined to us that it is likely that we will ultimately prevail in this litigation.***

App. at 210; 212 (emphasis added); *see also* App. at 214 (containing a near verbatim disclosure that appeared in Halliburton's annual Form 10-K filing for the period ending December 31,

---

[2] *See* Entry Nos. 1-2, 5-7, 9-12, 29-30, 32-33, 35-36, 38-40, 49, 51, 53-55, 79, 86, 111, 189, 194, 197, 200-01, 206, 219, 231, 237, 245, 314, 359, 373-74, 376, 378-79, 382-83, 387, 391, 401, 416, 483, 500, 544-45, 548, 550, 577, 634, 645, 648, 717, 724, 739.

2000).[3]  In addition, on March 22, 2001—the day after the Delaware Chancery Court made its

ruling—Halliburton issued a press release that stated, in part:

> Halliburton's legal counsel, Vinson & Elkins LLP, has advised
> Halliburton that in its opinion it is likely that this ruling
> will be reversed on appeal to the Delaware Supreme Court since it is in
> clear contravention of the provisions of the applicable agreements
> between the parties.

App. at 217.[4]

A "disclosure of *any significant portion* of a confidential communication waives the

privilege as to the whole."  *U.S. v. Davis*, 636 F.2d 1028, 1044 n.18 (5th Cir. 1981) (emphasis

added).  Therefore, "it has been widely held that voluntary disclosure of the content of a

privileged attorney communication constitutes waiver of the privilege as to all other such

communications on the same subject."  *Weil v. Inv./Indicators, Research & Mgmt., Inc.*, 647

F.2d 18, 24 (9th Cir. 1981).  Thus, by publicly disclosing and relying on the advice Halliburton

received from its counsel on the Highlands matter, Halliburton has waived the attorney-client

privilege with respect to all communications between it and Vinson & Elkins regarding the

Highlands litigation.  *Alldread v. City of Grenada*, 988 F.2d 1425, 1434 (5th Cir. 1993) ("a

voluntary disclosure of information which is inconsistent with the confidential nature of the

attorney client relationship waives the privilege.").  Indeed, numerous courts have held that

public disclosures of the type made by Halliburton here waives the attorney-client privilege as to

the subject matter of the disclosure.  *See In re Target Tech. Co.*, 208 Fed. Appx. 825, 826-27

(Fed. Cir. 2006) (holding that "an extrajudicial disclosure that revealed the attorney's

---

[3] Similarly, Halliburton stated the following regarding the Highlands litigation in its Form 10-Q for the period ending September 31, 2001:  "We expect, based on an opinion from our outside legal counsel, to ultimately prevail in this litigation."  App. at 216.

[4] On the same day, Halliburton also issued a Form 8-K Report regarding the press release, and again disclosed the advice it had received from Vinson & Elkins regarding the merits of the case.  App. at 220.

conclusion" waived the privilege as to any documents related "to the subject matter of the disclosure"); *In re Grand Jury Proceedings Oct. 12, 1995*, 78 F.3d 251, 254 (6th Cir. 1996) (revealing their "attorney's legal conclusions and the facts on which those conclusions were based" waived privilege as to the subject matter of the disclosure).[5]

In the present case, Halliburton disclosed Vinson & Elkins' legal conclusion regarding the merits of Halliburton's case against Highlands Insurance Company.  By choosing to disclose the most important part of the attorney-client communication, Halliburton has waived any claim of privilege with respect to all communications that aided Vinson & Elkins in assessing the merits of the Highlands litigation, whether otherwise protected by the attorney-client privilege or the work product doctrine.  S*ee In re Target Tech*, 208 Fed. Appx. at 826-27; *In re Grand Jury Proceedings Oct. 12, 1995*, 78 F.3d at 254.

Unfortunately, Halliburton's privilege log is so vague that Lead Plaintiff is not able to identify which communications on the log are subject to waiver by public disclosure.  Accordingly, if Halliburton is not found to have waived the privilege by virtue of its inadequate log, Halliburton should be forced to provide more detailed descriptions of the documents, so that Lead Plaintiff can list those documents as to which any privilege has been waived through Halliburton's public disclosure of its Counsel's opinion regarding the merits of the Highlands litigation.

### 3. Halliburton Has Withheld Documents That Have Been Disclosed to Third Parties and Thus Cannot Be Privileged.

Certain descriptions provided in Halliburton's Third Log indicate that Halliburton is improperly withholding numerous documents that have been disclosed to third parties.  *See U.S. v. Murillo*, 234 F.3d 28 (table), 2000 WL 1568160, at *3 (5th Cir. 2000) ("A voluntary

---

[5] In making such determinations, the court held that "the District Court must be guided by fairness concerns."  *In re Grand Jury Proceedings Oct. 12, 1995*, 78 F.3d at 256.

disclosure of information which is inconsistent with the confidential nature of the relationship waives the privilege.").  For example, Entry No. 228 indicates that "mrickman@jump.net"—presumably a third party—was a recipient of an e-mail from Albert Cornelison, which Halliburton claims is protected by the attorney-client and work product privileges.  Halliburton also claims that the attorney-client privilege and work product doctrine protect an e-mail sent to Bill Jones at Peterson Consulting.  *See* Entry No. 686.  The same claim is made on numerous e-mails sent to or received from Karen Kellner ("Aon"),[6] Sharron Malenski ("Ingerrand"),[7] Jim McTurnan ("Shaw Pipe Protection Limited—Shaw Court"),[8] and Linda Nabors ("Marsh USA, Inc.").[9]  In addition, Halliburton claims that certain documents sent to or received from outside accounting firms are protected by the attorney-client privilege.  *See* Entry Nos. 470, 651.

Lead Plaintiff cannot ascertain from the descriptions on the log whether Halliburton never meant for these documents to be kept confidential and, thus, the privilege never attached, or whether these documents were at some point privileged, and waiver has occurred through disclosure.  In either event, since these individuals are all third parties, the onus is on Halliburton to justify why their presence in the e-mail communication would not destroy the attorney-client privilege, and potentially the work product privilege, at least with respect to that communication, and likely to any subject discussed in that communication.  *See In re Santa Fe Intern. Corp.*, 272 F.3d 705, 710 (5th Cir. 2001); *Bramante v. McClain*, No. SA-06-CA-0010, 2007 WL 102314, at

---

[6] *See* Entry Nos. 521, 528.

[7] *See* Entry No. 112.

[8] *See* Entry Nos.  50, 701.

[9] *See* Entry Nos. 25, 31, 48, 75-77, 80, 96-97, 103, 108, 114, 120, 149-50, 153-55, 157-58, 161, 165-66, 177-81, 183-84, 187-88, 193, 208-09, 214, 216, 240, 260, 266, 316, 321, 327, 330, 332-33, 346-47, 355, 361, 399, 409-10, 426-27, 440, 446, 602, 628, 667, 699.

*1 (W.D. Tex. Jan. 08, 2007); *Navigant Consulting, Inc. v. Wilkinson,* 220 F.R.D. 467, 473 (N.D. Tex. 2004). Halliburton should, at a minimum, be compelled to provide information sufficient to test the assertion of privilege on these documents.

      4.      Halliburton is Improperly Withholding Documents Prepared For Prior, Unrelated Litigation.

Based on Halliburton's Third Log, Halliburton is withholding numerous documents under the work product doctrine that were not created in anticipation of this litigation. For instance, most of the documents that Halliburton withholds are simply described as an e-mail, letter, or memo "re: asbestos litigation" or "re: insurance litigation." *See, e.g.,* Entry Nos. 3-4, 16-28, 61-63, 71-77, 93-97, 99-103, 212-18, 362-63.[10] Halliburton should not be permitted to withhold work product documents from prior, unrelated litigation. *See, e.g, In re Grand Jury Proceedings,* 604 F.2d 798, 803-04 (3d Cir.1979) (extending the work product protection only to "closely related" subsequent litigation); *Levingston v. Allis-Chalmers Corp.,* 109 F.R.D. 546, 552 (S.D. Miss. 1985) (finding that "the work product privilege is inapplicable to those documents generated in prior, terminated, unrelated proceedings," since such "approach best comports with the fact that the privilege is qualified and not absolute").[11]

Regardless, given Halliburton's extremely vague descriptions, it is nearly impossible to determine if any of these documents were even created in anticipation of any litigation, let alone

---

[10] While many of these log entries assert the attorney-client privilege in addition to the work product privilege, the log also provides no basis for the assertion of the attorney-client privilege to these documents.

[11] The Fifth Circuit has declined to rule on whether the work product privilege applies in subsequent litigation that is not closely related to the prior litigation in which the work product was generated. *See In re Grand Jury Proceedings,* 43 F.3d 966, 971 (5th Cir. 1994). If this issue is not resolved with Halliburton's counsel, Lead Plaintiff intends to argue in a subsequent motion that the Fifth Circuit would follow the Third Circuit on this issue. However, the issue does not need to be resolved in the instant motion, which seeks only declaration of waiver due to Halliburton's refusal to provide a proper privilege log, or compelling production of an adequate log. That would enable Plaintiff to determine the particular litigations to which the communications relate.

litigation that is "closely related" to the present case.  Accordingly, Halliburton should be found to have waived the work product protection by virtue of its refusal to produce an adequate log, or be compelled to provide sufficient descriptions that enable Lead Plaintiff and the Court to test its assertion.

**C.    Halliburton's Privilege Log Fails to Provide Adequate Dates For Each Document.**

Defendant's privilege log also fails to provide adequate dates for the documents withheld.  For instance, in its Third Log, Halliburton provides no date whatsoever for entries 708-44.  For entries 334-37 and 576, Defendant lists only a year for the document date.  For entries 182, 284-85, 359-60, 456, 496, 531, 555, 577-80, 613, and 670, Defendant only provides the month and year of the document.  Moreover, out of all the entries, only one—686—contains a clearly defined date range spanning multiple days.  Given the advent of chain e-mails, it is unlikely that only one document out of the 744 listed in the log contains communications spanning more than one day.  Therefore, it also appears that Halliburton has failed to provide accurate date ranges for many entries in the log.

Without the correct date for a withheld document, it is impossible to determine if a document is properly withheld on the basis of the work product doctrine.  For instance, the work product doctrine may not protect from discovery materials created in anticipation of unrelated prior litigation.  *See supra* Section III.B.4.  And documents created before the Defendant could have "reasonably anticipated" the present litigation are likewise not covered by the work product doctrine.  Given the deficient dates provided by the Defendant in their privilege log, it is difficult to determine if the asserted grounds for withholding the documents are valid.

**D.**   **Halliburton's Privilege Log Fails to Identify All Originators and Recipients.**

Identification of all originators and recipients, as well as their job titles, is critical to determining whether a privilege or protection has attached, and if attached, whether it has been waived. *See U.S. v. Kelly*, 569 F.2d 928, 938 (5th Cir. 1978); *S.E.C. v. Chesnoff*, Misc. Action No. 4:05-MC-043-Y, 2006 WL 2052371, at *2 (N.D. Tex. July 18, 2006); *James v. Harris County*, 237 F.R.D. 606, 609 (S.D. Tex. 2006) ("Courts typically hold that waiver is a negative burden that the privilege proponent must satisfy."). Defendant's privilege log fails to sufficiently identify all originators and recipients for each entry in the log. Indeed, as discussed in the April 24, 2008, letter to Mr. Sterling, the entries do not even purport to identify the author, but rather indicate that the individual identified is either the author or the person from whose files it came. App. at 094.

Thus, according to descriptions provided, it appears that volumes of documents may have been withheld for the sole reason that they came from the files of one of Halliburton's numerous attorneys. However, the fact that a document is retrieved from an attorney's files does not, by itself, establish entitlement to a privilege or protection. *See Navigant Consulting, Inc. v. Wilkinson,* 220 F.R.D. 467, 474-75 (N.D. Tex. 2004). This fatal flaw aside, in several entries, Defendant fails to identify either the originator or any recipient. *See* Entry Nos. 405, 452, 455, 462, 473, 477, 516, 705. In another entry, Defendant lists an author and a recipient of a carbon copy, but provides no original addressee. *See* Entry No. 346. Numerous other entries list only an originator and no recipient, and fail to indicate that there was, in fact, no recipient. *See* Entry Nos. 37, 67, 91, 106, 109, 128, 147-48, 159, 182, 196, 198, 238, 257-59, 284, 290, 295-98, 304, 313, 324-25, 331, 334-37, 360, 366, 379-80, 390, 393-94, 396-98, 400, 404, 406-07, 411-15, 433, 438, 441-42, 454, 457, 460-61, 464, 468-69, 481, 496, 504, 506, 509, 511, 513-14, 519, 522-23, 525, 529-32, 534, 537, 547, 549, 551, 553, 555, 558, 560-63, 565, 567, 576, 578-81,

587, 605-06, 613, 616, 627, 631, 647, 670, 680, 687, 703, 708-15, 720-23, 725-27, 729-42.  In

these entries, Defendant simply leaves the spaces blank, forcing Lead Plaintiff to guess whether

there were actually any recipients for the entries in question.  Finally, in yet other entries,

Defendant provides only a name for one more of the originators and recipients, and fails to

include any information whatsoever regarding who those individuals are, *see* Entry Nos. 17, 206,

351, 612, 667, 694,[12] or to provide their job title.  *See, e.g.*, Entry Nos. 8, 50, 56, 112, 132, 149,

160, 228, 253, 470, 521, 533.[13]

Because Halliburton failed to adequately identify the originators and recipients, it is

impossible to ascertain whether the attorney-client privilege ever attached and, if so, whether it

was waived.  Indeed, Defendant's deficient privilege log leaves Lead Plaintiff "in no better

position either to contest or acknowledge the validity of defendant's assertions of work product

protection than [it] was before the privilege log was produced."  *See Mack v. Global Drilling

Co.*, No. Civ.A. 04-3461, 2006 WL 980746, at *1 (E.D. La. Apr. 11, 2006)  (defendant's failure

to identify originators and all recipients in its deficient privilege log "forced" the court "to

ascertain who are the clients, the attorneys, the paralegals and the witnesses through its own

reading of the subject documents").

### E.    Halliburton's Continued Failure to Provide an Adequate Privilege Log Constitutes Waiver of Any Claimed Privilege.

Despite numerous requests by the Lead Plaintiff, Halliburton has refused to provide an

adequate privilege log.  In fact, as discussed above, *see supra* Section II, counsel for Lead

Plaintiff has sent multiple letters to Halliburton's counsel outlining many of the same

---

[12] In addition to providing inadequate information regarding multiple individuals on its log, as described above, Defendant provides no information whatsoever for George Carlton, Lisa Gioe, Pam Graham, Jody Olson, Michelle Potter, Jerry Stein, or Jack Ward.

[13] Halliburton also provides no job title for: Janeen Heath, Karen Kellner, D. Craig Kesler, Sharron Malenski, J.C. Mascart, Jim McTurnan, Pat Murray, Linda Nabors, Nancy Peterson, Fran Rabinowitz, M. Rickman, Stephen Scott, or Craig Ticer.

deficiencies that are discussed in this motion and requesting an updated, complete log.  App. at 093-095; 098; 136.  But Halliburton has refused to cure these defects.

"[F]ailure to assert a privilege properly may amount to a waiver of that privilege."  *Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n*, 914 F. Supp. 1172, 1178 (E.D. Pa. 1996)  ("A person who fails to provide adequate information about the privilege to the party seeking the information may be held in contempt or be subjected to sanctions."); *see also Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. of Mont.*, 408 F.3d 1142, 1147 (9th Cir. 2005) ("The advisory committee notes accompanying the addition of the relevant paragraph to Rule 26(b)(5) do suggest a temporal framework for asserting privilege, and also suggest waiver as a possible result of failure to properly provide 26(b)(5) notice.").

By providing an inadequate and deficient privilege log—one that prevents the other party or the Court from ascertaining whether the claimed privilege actually applies to the withheld documents—Halliburton has failed to properly assert any claims of privilege with respect to the documents listed therein.  *See supra* pp. 5-7.  Accordingly, the Court should find that Halliburton has waived any privilege with respect to these documents and require Halliburton to produce them to the Lead Plaintiff without delay.  *See Consol. Grain & Barge Co., Inc. v. M/V CSS ATLANTA,* No. Civ.A 99-687, 2000 WL 495740, at *2 (E.D. La. Apr. 24, 2000) (defendant "must provide the detailed log required by Rule 26(b)(5), failing which all such privileges will be deemed waived."); *Newpark Envtl. Ser. v. Admiral Ins. Co.*, No. Civ.A.99-331 E, 2000 WL 136006, at *4 (E.D. La. Feb. 3, 2000).

## CONCLUSION

A party withholding a document on the basis of privilege must demonstrate that it is entitled to that privilege and that the privilege has not been waived.  In this case, Halliburton has

produced a grossly deficient privilege log that prevents Lead Plaintiff and the Court from assessing whether the attorney-client privilege or work product protection has been properly asserted.  Furthermore, Halliburton has refused to cure the defects in its privilege log, despite numerous requests from the Lead Plaintiff to do so.  Since Halliburton has failed to meet its burden, Lead Plaintiff respectfully requests that the Court deem that Halliburton has waived any claim of privilege with respect to the withheld documents.

If the Court does not find that Halliburton has waived the privilege by its refusal to produce an adequate privilege log, Lead Plaintiff respectfully requests the Court to compel Halliburton to produce an adequate privilege log that will enable Plaintiff and the Court to test Halliburton's assertions of privilege.  In particular, the revised privilege log should include, at a minimum: (1) some indication of the number of documents or pages withheld under each entry, as well as a means of identifying the specific entries in the log; (2) a detailed description of the documents withheld that clearly outlines the basis for the asserted privilege such that Lead Plaintiff or the Court could properly assess Halliburton's assertions of privilege; (3) adequate date information for each document listed on the log; and (4) the identity of all authors and recipients of each document listed on the log, as well as their job titles.  The questionable nature of many of the entries on the log—ranging from assertion of privilege over communications in prior, unrelated litigation to communications disclosed publicly—make it crucial that Halliburton be compelled to produce the withheld documents or to provide a more detailed privilege log.

Respectfully submitted,

David Boies
BOIES, SCHILLER & FLEXNER LLP
333 Main Street
Armonk, NY  10504
Telephone:  (914) 749-8200
Facsimile:  (914) 749-8300

Caryl L. Boies, TSB # 02565420
Sashi B. Boruchow, FSB #0398276
BOIES, SCHILLER & FLEXNER LLP
401 E. Las Olas Blvd., Suite 1200
Ft. Lauderdale, FL 33301
Telephone:  (954) 356-0011
Facsimile:  (954) 356-0022
**LEAD COUNSEL FOR LEAD PLAINTIFF,
THE ARCHDIOCESE OF
MILWAUKEE SUPPORTING FUND, INC.**

Neil Rothstein, Esq.
Truth in Corporate Justice LLC
8721 Santa Monica Blvd., Suite 41
Los Angeles, CA 90069
Telephone:  (800) 610-4998
Facsimile:  (310) 246-1175
**SPECIAL COUNSEL TO LEAD PLAINTIFF,
THE ARCHDIOCESE OF
MILWAUKEE SUPPORTING FUND, INC.**
E. Lawrence Vincent, SBN 20585590
208 N. Market Street, Suite 200
Dallas, Texas 75202
Telephone:  (214) 680-1668
Facsimile:  (972) 491-2417
**ATTORNEY FOR LEAD PLAINTIFF,
THE ARCHDIOCESE OF
MILWAUKEE SUPPORTING FUND, INC.**

## <u>CERTIFICATE OF CONFERENCE</u>

On July 18, 2008, Caryl Boies, counsel for Lead Plaintiff, attempted to confer by telephone, and did ultimately confer by electronic mail, with Rebecca Robertson, counsel for Halliburton.   Ms. Boies explained Lead Plaintiff's position and indicated that Lead Plaintiff intended to file the present motion to compel.   Counsel for Halliburton indicated that they oppose the motion.


/s/ Caryl L. Boies
CARYL L. BOIES

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on the 18th day of July 2008, I served the attached document via CM/ECF to the following counsel of record, and first class U.S. Mail to the remaining individuals on the attached service list.

Robb L. Voyles
Jessica B. Pulliam
BAKER BOTTS, LLP
2001 Ross Avenue, Suite 600
Dallas, TX 75201-2980
Tel.: (512) 322-2500
Fax: (512) 322-2501
Robb.Voyles@bakerbotts.com
Jessica.Pulliam@bakerbotts.com

David D. Sterling
Rebecca Robertson
BAKER BOTTS, LLP
910 Louisiana Street
Houston, Texas 77002-4995
Tel: (713) 229-1234
Fax: (713) 229-2099
David.Sterling@bakerbotts.com
Rebecca.Robertson@bakerbotts.com

Donald E. Godwin
Marcos G. Ronquillo
Jose L. Gonzalez
GODWIN PAPPAS RONQUILLO, LLP
1201 Elm Street, Suite 1700
Dallas, Texas 75270
Tel.: (214) 939-4400
Fax: (214) 760-7332
MRonquillo@godwinpappas.com
JGonzalez@godwinpappas.com
DGodwin@godwinpappas.com

/s/ Caryl L. Boies
CARYL L. BOIES

24

# <u>SERVICE LIST</u>

*Archdiocese of Milwaukee Supporting Fund, Inc., et al.,*
*v.*
*Halliburton Company, et al.*
**Civil Action No. 3:02-CV-1152-M**

## The following parties were served by CM/ECF:

| | |
|---|---|
| **Theodore Carl Anderson, III**<br>Kilgore & Kilgore<br>3109 Carlisle, Suite 200<br>Dallas, TX 75204<br>214/969-9099<br>Fax: 214/292-8758<br>Email: tca@kilgorelaw.com | **Stuart L. Berman**<br>Schiffrin Barroway Topaz & Kessler LLP<br>280 King of Prussia Road<br>Radnor, PA 19087<br>610/667-7706<br>Email: ecf_filings@sbclasslaw.com |
| **Thomas E. Bilek**<br>Hoeffner & Bilek<br>1000 Louisiana Street<br>Suite 1302<br>Houston, TX 77002<br>713/227-7720<br>Fax: 713/227-9404<br>Email: tbilek@hb-legal.com | **Willie Briscoe**<br>**Joe Kendall**<br>Provost Umphrey Law Firm<br>3232 McKinney Avenue<br>Suite 700<br>Dallas, TX 75204<br>214/744-3000<br>Fax: 214/744-3015<br>Email: Provost_Dallas@yahoo.com<br>Email: Provost_Dallas@yahoo.com |
| **Jules Brody**<br>**Aaron Brody**<br>**Patrick Slyne**<br>Stull Stull & Brody<br>6 East 45th Street<br>New York, NY 10017<br>212/687-7230<br>Fax: 212/490-2022<br>Email: jbrody@ssbny.com | **Andrew J. Brown**<br>**Thomas G. Wilhelm**<br>Lerach Coughlin Stoia Geller<br>  Rudman & Robbins<br>655 W. Broadway, Suite 1900<br>San Diego, CA 92101<br>619/231-1058<br>Email: andrewb@lerachlaw.com<br>Email: TWilhelm@lerachlaw.com |

| | |
|---|---|
| **Lea F. Courington**<br>**Lindsey C. Cummings**<br>Gwinn & Roby<br>1201 Elm Street<br>Suite 4100<br>Dallas, TX 75270<br>214/698-4131<br>Fax: 214/747-2904<br>Email: lcourington@gwinnroby.com<br>Email: lcummings@gwinnroby.com | **John G. Emerson, Jr.**<br>Emerson Poynter<br>830 Apollo Ln<br>Houston, TX 77058<br>281/488-8854<br>Fax: 281/488-8867<br>Email: john@emersonpoynter.com |
| **William B. Federman**<br>Federman & Sherwood<br>10205 N Pennsylvania Avenue<br>Oklahoma City, OK 73120<br>405/235-1560<br>Fax: 405/239-2112<br>Email: wfederman@aol.com | **Dennis D. Gibson**<br>Gibson McClure Wallace & Daniels<br>8080 N Central Expwy<br>Suite 1300 LB 50<br>Dallas, TX 75206-1838<br>214/891-8001<br>Fax: 214/891-8010<br>Email: gibson@gmwdlaw.com |
| **Donald E. Godwin**<br>**Jose L. Gonzalez**<br>**Marcos G. Ronquillo**<br>Godwin Pappas Ronquillo, LLP<br>1201 Elm Street, Suite 1700<br>Dallas, TX 75270<br>214/939-4400<br>Fax: 214/760-7332<br>Email: dgodwin@godwinpappas.com<br>Email: jgonzalez@godwinpappas.com<br>Email: mronquillo@godwinpappas.com | **Fred T. Isquith**<br>Wolf Haldenstein Adler Freeman & Herz<br>270 Madison Avenue, Ninth Floor<br>New York, NY 10016<br>212/545-4600<br>Email: isquith@whafh.com |
| **Mark V. Jackowski**<br>**David R. Scott**<br>Scott + Scott<br>108 Norwich Ave<br>PO Box 192<br>Colchester, CT 06415<br>860/537-5537<br>Fax: 860/537-4432<br>Email: mvjackowski@scott-scott.com | **Jeffrey R. Krinsk**<br>Finkelstein & Krinsk<br>Koll Center<br>501 West Broadway<br>Suite 1250<br>San Diego, CA 92101-3579<br>619/238-1333<br>Fax: 619/238-5425<br>Email: jrk@classactionlaw.com |

| | |
|---|---|
| **Roger L Mandel**<br>**Marc R Stanley**<br>**Martin Woodward**<br>Stanley Mandel & Iola<br>3100 Monticello Avenue, Suite 750<br>Dallas, TX 75205<br>214/443-4302 - Mandel<br>214/443-4301 - Stanley<br>Fax: 214/443-0358<br>Email: rmandel@smi-law.com<br>Email: mstanley@smi-law.com<br>Email: mwoodward@smi-law.com | **James M McCoy**<br>Gibson McClure Wallace & Daniels<br>8080 N Central Expwy<br>Suite 1300 LB 50<br>Dallas, TX 75206-1838<br>214/891-8040<br>Fax: 214/891-8003<br>Email: jmccoy@gmwdlaw.com |
| **Frederick Linton Medlin**<br>K&L Gates LLP<br>2828 N. Harwood Street, Suite 1800<br>Dallas, TX 75201-6966<br>214/939-4900<br>Fax: 214/939-4949<br>Email: frederick.medlin@klgates.com | **Scott E. Poynter**<br>Emerson Poynter<br>The Museum Center<br>500 President Clinton Avenue, Suite 305<br>Little Rock, AR 72201<br>501/907-2555<br>Fax: 501/907-2556<br>Email: scott@emersonpoynter.com |
| **Neil Rothstein**<br>Truth in Corporate Justice, LLC<br>8966 Shoreham Drive<br>West Hollywood, CA 90069<br>Tel.: (800) 610-4998 (hard line)<br>Email: BBGWWT@gmail.com | **Edmund W. Searby**<br>Scott + Scott<br>33 River Street<br>Chagrin Falls, OH 44022<br>440/247-8200<br>Email: esearby@scott-scott.com |
| **Arthur L. Shingler, III**<br>Scott + Scott<br>600 B Street, Suite 1500<br>San Diego, CA 92101<br>619/233-4565<br>Fax: 619/233-0508<br>Email: ashingler@scott-scott.com | **Kay E. Sickles**<br>Schiffrin Barroway Topaz & Kessler LLP<br>280 King of Prussia Road<br>Radnor, PA 19087<br>610/667-7706<br>Email: ksickles@sbclasslaw.com |

| | |
|---|---|
| **David D. Sterling**<br>**Rebecca Robertson**<br>Baker Botts, LLP<br>One Shell Plaza<br>910 Louisiana Street<br>Houston, Texas 77002-4995<br>Tel: (713) 229-1234<br>Fax: (713) 229-2099<br>Email: david.sterling@bakerbotts.com<br>Email: rebecca.robertson@bakerbotts.com | **Ronald W. Stevens**<br>Kirkpatrick & Lockhart Preston Gates Ellis<br>10100 Santa Monica Blvd<br>Seventh Floor<br>Los Angeles, CA 90067<br>310/552-5521<br>Fax: 310/552-5001<br>Email: rstevens@klng.com |
| **Robert M. Thornton**<br>Kilgore & Kilgore<br>3109 Carlisle, Suite 200<br>Dallas, TX 75204<br>214/969-9099<br>Fax: 214/953-0133<br>Email: rmt@kilgorelaw.com | **E. Lawrence Vincent**<br>Law Office of Emery L. Vincent<br>3948 Legacy Drive, #106-324<br>Plano, TX 75023<br>Telephone: (214) 680-1668<br>Facsimile:  (972) 491-2417<br>Email: larryvin@gmail.com |
| **Robb L. Voyles**<br>**Rod Phelan**<br>**Jessica B Pulliam**<br>Baker Botts, LLP<br>2001 Ross Avenue<br>Dallas, TX 75201-2980<br>214/953-6500<br>Fax: 214/661-4949<br>Email: robb.voyles@bakerbotts.com<br>Email: rod.phelan@bakerbotts.com<br>Email: jessica.pulliam@bakerbotts.com | **Craig M. Walker**<br>Walker Law<br>3196 High Ridge Road<br>Stamford, CT 06903<br>917/880-7686<br>Email: craig_m_walker@sbcglobal.net |
| **Alfred G. Yates, Jr.**<br>Law Office of Alfred G. Yates Jr.<br>519 Allegheny Building<br>429 Forbes Avenue<br>Pittsburgh, PA 15219<br>412/391-5164<br>Email: yateslaw@aol.com | **Richard J. Zook**<br>Thompson & Knight LLP<br>333 Clay Street, Suite 3300<br>Houston, TX 77002<br>713/913-5812<br>Email: rzook@tklaw.com |

## The following parties were served by
## <u>U.S. Mail Only:</u>

| | |
|---|---|
| **Eric J. Belfi**<br>Murray Frank & Sailer<br>275 Madison Avenue, Suite 801<br>New York, NY 10016<br>212/682-1818<br>Fax: 212/682-1892 | **Thomas Burt**<br>**Gregory M Nespole**<br>Wolf Haldenstein Adler Freeman & Herz<br>270 Madison Avenue, Ninth Floor<br>New York, NY 10016<br>212/545-4600 |
| **Steven E. Cauley**<br>Cauley Geller Bowman & Coates<br>PO Box 25438<br>Little Rock, AR 72221-5438<br>501/312-8500<br>Fax: 501/312-8505 | **Patrick V. Dahlstrom**<br>Pomerantz Haudek Block Grossman & Gross<br>One N LaSalle Street, Suite 2225<br>Chicago, IL 60602-3908<br>312/377-1181 |
| **Leo W. Desmond**<br>Law Office of Leo W Desmond<br>2161 Palm Beach Lakes Boulevard<br>Suite 204<br>West Palm Beach, FL 33409<br>561/712-8000 | **Robert J. Dyer, III**<br>Dyer & Shuman<br>801 E 17th Avenue<br>Denver, CO 80218-1417<br>303/861-3003 |
| **Nadeem Faruqi**<br>Faruqi & Faruqi<br>369 Lexington Avenue, 10th Floor<br>New York, NY 10017<br>212/983-9330 | **Brian M. Felgoise**<br>Law Offices of Brian M Felgoise<br>PO Box 706<br>261 Old York Road, Suite 423<br>Jenkintown, PA 19046<br>215/886-1900 |
| **Paul J. Geller**<br>Lerach Coughlin Stoia<br>  Geller Rudman & Robbins<br>120 E Palmetto Park Road<br>Suite 500<br>Boca Raton, FL 33432 | **Richard J. Vita**<br>Law Office of Richard J Vita<br>77 Franklin Street, Suite 300<br>Boston, MA 02110<br>617/426-6566 |
| **Corey D. Holzer**<br>Holzer Holzer & Cannon LLC<br>1117 Perimeter Center West<br>Suite E-107<br>Atlanta, GA 30338<br>770/392-0090<br>Fax: 770/392-0029 | **Adam J. Levitt**<br>Wolf Haldenstein Adler Freeman & Herz<br>55 W Monroe Street, Suite 1111<br>Chicago, IL 60603<br>312/984-0000 |

| | |
|---|---|
| **Brian Murray**<br>Rabin & Peckel<br>275 Madison Avenue<br>34th Floor<br>New York, NY 10016<br>212/682-1818<br>Fax: 212/682-1892 | **Gary V. McGowan**<br>5009 Caroline Street<br>Suite 100<br>Houston,  TX 77004 |
| **Charles J. Piven**<br>Law Office of Charles J Piven<br>World Trade Center Baltimore<br>401 E Pratt Street, Suite 2525<br>Baltimore, MD 21202<br>410/332-0030 | **Robert Schachter**<br>Zwerling, Schachter & Zwerling<br>41 Madison Avenue<br>New York, NY 10010<br>212/223-3900 |
| **Richard S. Schiffrin**<br>**Darren J. Check**<br>**Marc A Topaz**<br>**Marc I Willner**<br>Schiffrin Barroway Topaz & Kessler LLP<br>280 King of Prussia Road<br>Radnor, PA 19087<br>610/667-7706<br>Fax: 610/667-7056 | **Patrick Slyne**<br>Stull Stull & Brody<br>6 East 45th Street<br>New York, NY 10017<br>212/687-7230 |