IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THE ARCHDIOCESE OF MILWAUKEE SUPPORTING FUND, INC., *On Behalf of Itself and All Others Similarly Situated,* | § § § § | |
| | § | CIVIL ACTION NO. 3:02-CV-1152-M |
| Plaintiff, | § | |
| v. | § § | |
| HALLIBURTON COMPANY, et al., | § § | |
| Defendants. | | |

ORDER

Before the Court are Plaintiff's Motion to Certify Class [Docket Entry #341] and Defendants' Alternative Motion to Supplement the Record [part of Docket Entry #468]. The Motion to Certify Class is **GRANTED** and the Alternative Motion to Supplement the Record is **DENIED** as untimely. Defendants had a sufficient opportunity to develop the record to supplement their position against class certification when the Court conducted a class certification hearing on March 28, 2008.

This case was filed in 2002 as a purported class action. The Court received briefs, evidence, and heard argument on Plaintiff's Motion to Certify Class. Following the law in the Fifth Circuit pertaining to loss causation, this Court denied class certification [Docket Entry #444], stating that but for Fifth Circuit law on loss causation, it would certify the class. The Fifth Circuit affirmed on that same basis, but on June 6, 2011, the Supreme Court reversed the decision of the Fifth Circuit, holding that Plaintiff need not prove loss causation as a prerequisite to class certification. The Fifth Circuit remanded the case to this Court for further proceedings.

The Court has reviewed the additional briefing from the parties on the issue of class certification [Docket Entries #468 and #469] and finds that all elements for class certification under Rule 23 have been met.

**Analysis**

For the reasons below and those stated by the Court in its Memorandum Opinion and Order dated November 4, 2008 [Docket Entry #444] and on the record at the March 28, 2008 hearing, the Court finds that Plaintiff satisfied the class certification requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(3). The proposed class is sufficiently numerous, the members of the class have common claims, The Archdiocese of Milwaukee Supporting Fund, Inc. (AMSF) is a typical and adequate class representative, and common questions of law or fact predominate, making a class action the superior method of adjudicating the claims of the class members.

1) Numerosity

Rule 23(a)(1) requires that the class be so numerous that the joinder of all members is impracticable. Plaintiff need not demonstrate the precise number in the class to satisfy this requirement. See *Zeidman v. J. Ray McDermott & Co.*, 651 F.2d 1030, 1038 (5th Cir. 1981). Lead Plaintiff estimates that there are tens, if not hundreds, of thousands of class members. Defendants do not challenge certification on this ground. The Court finds that the size of the proposed class is sufficiently large to satisfy Rule 23(a)(1).

2) Commonality

Rule 23(a)(2) requires that there be questions of law or fact common to the class. "The threshold of 'commonality' is not high." *Bertulli v. Ind. Ass'n of Cont'l Pilots*, 242 F.3d 290, 296-97 (5th Cir. 2001). It "does not require complete identity of legal claims among the class

members"—only that they have "at least one issue whose resolution will affect all or a significant number of the putative class members." *Stewart v. Winter*, 669 F.2d 328, 335 (5th Cir. 1982). This requirement, too, is satisfied, as at least the following issues constitute common questions of law or fact: whether the Defendants violated federal securities laws; whether the Defendants omitted or misrepresented material facts; whether Defendants acted with knowledge or with reckless disregard for the truth in omitting or misrepresenting facts; and whether the market price of the Company's common stock during the proposed class period was artificially inflated due to the Defendants' omissions and/or misrepresentations. Defendants do not dispute the satisfaction of this element, and the Court finds it to be established here.

3) Typicality

Rule 23(a)(3) requires that the claims of the representative party be typical of the claims of the class, but the claims of the representative party need not be identical to those of the class. See *Philips v. Joint Legislative Comm. on Performance & Expenditure Review*, 637 F.2d 1014, 1024 (5th Cir. 1981). Typicality is satisfied when the representative plaintiff's claims arise out of the same event or course of conduct as the other class members, and is based on the same legal theory. See *Durrett v. John Deere Co.*, 150 F.R.D. 555, 558 (N.D. Tex. 1993). The test for typicality is not extremely rigorous. See *Forbush v. J.C. Penney Co.*, 994 F.2d 1101, 1106 (5th Cir. 1993).

The Court finds that the claims of the Lead Plaintiff, AMSF, are typical of those of the class members. AMSF, like all class members, allegedly suffered economic losses from its transactions in Halliburton stock. As stated at the March 2008 hearing, the Court finds that AMSF's use of money managers does not disqualify its claims from being typical of those of

other class members, many of whom no doubt used advisors, brokers, and/or research in making their investments.

    4) Adequacy

Rule 23(a)(4) requires a finding that the representative party will fairly and adequately protect the interests of the class. Under *Berger v. Compaq Computer Corporation*, 257 F.3d 475, 479 (5th Cir. 2001), *denying rehearing and rehearing en banc*, 279 F.3d 313 (5th Cir. 2002), to establish adequacy, a plaintiff must show that plaintiff's counsel has the zeal and competence to represent the class, and that the proposed class representative is willing and able to take an active role in controlling the litigation and protecting the absent class members. The adequacy inquiry also serves to uncover conflicts of interest between the named plaintiff and the class the plaintiff seeks to represent. *Id.* at 480.

Plaintiff's counsel has extensive experience in securities class action litigation that well-qualifies them to represent the class. The Court finds that the Lead Plaintiff has demonstrated sufficient interest in prosecuting this case and is willing to take an active role in controlling the litigation and protecting absent class members, as demonstrated in part by its vigor in challenging a settlement advocated by former Lead Plaintiffs and rejected by the Court, replacing counsel charged with, and later convicted of, crimes, and appealing the loss causation issue to the Fifth Circuit and Supreme Court. The Court knows of no relevant conflicts of interest between the Lead Plaintiff and other class members. The Court is not persuaded by Defendants' argument that AMSF is not an adequate representative merely because it designated an officer other than its CEO as its representative for the pursuit of this litigation.

5) Common Questions of Law or Fact Predominate

Rule 23(b)(3) requires that common questions of law or fact predominate and that a class action be superior to other methods of adjudication. Here, the issues of law or fact common to the members of the putative class predominate over questions affecting individual class members. The fraud-on-the-market theory applies to this case, so proof of each individual class member's reliance is not required. See *Basic, Inc. v. Levinson*, 485 U.S. 224, 248 (1988); see also *Krogman v. Sterritt*, 202 F.R.D. 467, 473 (N.D. Tex. 2001). Although the extent of damages suffered by each class member will vary, individual damages can be calculated. The Court concludes that common questions of law or fact predominate over that individual issue, and a class action is the superior method for adjudicating the issues alleged here. A class approach will promote judicial economy and avoid the risk of inconsistent judgments, which would exist if multiple individual suits were to be litigated. This method of adjudication is superior to individual claims.

## Conclusion

Therefore, this case will proceed as a class action for all persons and entities who purchased or otherwise acquired Halliburton Company's common stock between June 3, 1999, through and including December 7, 2001, excluding the individual Defendants and their families, and officers and directors of Halliburton and their families.

The Court appoints The Archdiocese of Milwaukee Supporting Fund, Inc. as Class Representative and David Boies of Boies, Schiller & Flexner LLP as Class Counsel.

**SO ORDERED.**

January 27, 2012.

BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS