IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THE ARCHDIOCESE OF MILWAUKEE SUPPORTING FUND, INC., et al., *On Behalf of Itself and All Others Similarly Situated*, | § § § § | |
| Plaintiffs, | § § | |
| vs. | § § | Civil Action No.: 3:02-CV-1152-M |
| HALLIBURTON COMPANY, and DAVID J. LESAR, | § § § | CLASS ACTION |
| Defendants. | § § | |

## AMENDED SCHEDULING ORDER

The Fifth Circuit Court of Appeals issued a Mandate in this case on June 19, 2013, as to the Defendants' appeal; therefore, pursuant to Fed. R. Civ. P. 16(b) and 26, the local civil rules of this Court (except as modified herein), the Court's Civil Justice Expense and Delay Reduction Plan, and in consideration of any appropriate proposal submitted by the parties, the Court enters this Amended Scheduling Order.  Unless otherwise ordered or specified herein, all limitations and requirements of the Federal Rules of Civil Procedure, as amended, must be observed.

1. **Trial Date:**  This case is **set for jury trial** on this Court's three-week docket beginning **Monday, May 11, 2015, at 9:00 a.m.**  Counsel and the parties must be ready for trial on two (2) days notice at any time during this three-week period, unless the Court allows otherwise at the pretrial conference.  **Any potential conflicts which can now be contemplated must be called to the attention of the Court in writing within ten (10) days of the date of this Amended Scheduling Order**.

2. **Dispositive Motions:** All motions that would dispose of all or any part of this case, including motions for **summary judgment,** shall be filed by **November 21, 2014**. Cross-motions for summary judgment shall not, except in truly extraordinary circumstances, be permitted to be filed after the dispositive motion deadline. If the parties seek to extend the dispositive motion deadline closer to the trial date than 90 days, such an extension may mean that the Court may not be able to decide such motions before trial. Delay in deciding motions will not affect the trial date. Briefs in support of responses to summary judgment motions shall be subject to the page restrictions contained in Local Rule 56.5(b). The inclusion of a dispositive motion deadline does not mean that the parties can file more than one motion for summary judgment. If such a motion was filed by a party, that party would have to seek leave to file any additional motion(s) for summary judgment. Oppositions to dispositive motions shall be filed and served by **January 9, 2015**. Replies to dispositive motions shall be filed by **February 6, 2015**.

3. **Motion for Class Certification:** [Expired.]

4. **Initial Designation of Experts:** Unless otherwise stipulated or directed by Order, any party with the burden of proof on an issue shall file a written designation of the name and address of each **expert witness** who will testify at trial on such issue(s) and otherwise comply with Rule 26(a)(2), Fed. R. Civ. P. ("Rule 26(a)(2)"), on or before **June 27, 2014**.

5. **Responsive Designation of Experts:** Any party without the burden of proof on an issue but who wishes to utilize an expert witness shall file a written designation of the name and address of each **expert witness** who will testify at trial for that party on such issue(s) and shall otherwise comply with Rule 26(a)(2) on or before **July 29, 2014**.

6. **Reply:** Designation of any reply experts and submission of reply expert reports by Plaintiff shall be completed by **August 29, 2014**.

7. **Objections to Experts:** Objections to the qualifications or competency of experts, sometimes referred to as <u>Daubert</u> motions, <u>must</u> be made in a written motion filed no later than **November 21, 2014**. Responses to such motions must be filed by **January 9, 2015**. Replies to such motions shall be filed by **February 6, 2015**.

8. **Pretrial Disclosures and Objections:** Unless otherwise directed by Order, the parties must make the disclosures required by Rule 26(a)(3)(A)(i)-(iii), Fed. R. Civ. P. by **April 20, 2015**. Within **seven (7) days** thereafter, a party must serve and file a list disclosing (i) any objections to the use under Rule 32(a) of a deposition designated by another party under Rule 26(a)(3)(A)(ii), and (ii) any objection, together with the grounds therefor, that may be made to the admissibility of materials identified under Rule 26(a)(3)(A)(iii), if any. Other than exhibits on file with the Court, the objecting party must attach to the objections the materials to which the objections are directed. Counsel, or the party if not represented by counsel, must confer about exhibits and deposition designations and make reasonable efforts to agree on admissibility prior to the pretrial conference, at which time the Court will rule on the admissibility of the exhibits.

9. **Completion of Discovery:** By **June 20, 2014**, all **factual discovery** shall be completed. By **October 13, 2014**, all **expert discovery** shall be completed. The parties may agree to extend these discovery deadlines, provided (1) the extension does not affect the trial or pretrial material submission or dispositive motion dates, and (2) **prompt written notice** of the extension is given to the Court. *Fact Depositions:* The Plaintiff and Defendants

each are allowed, without leave of Court, to take up to fifty (50) fact depositions, and to designate up to five (5) witnesses who may be deposed for up to a total of fourteen (14) hours each. Additional depositions may be taken, and additional witnesses deposed for up to fourteen (14) hours, only with leave of Court. The parties will make a good faith effort to identify which witnesses will be designated for fourteen hour depositions in the deposition notice for the witnesses, and will endeavor to schedule the deposition for each such witness on consecutive days. All other fact depositions will be subject to the seven (7) hour limitation provided for in Fed. R. Civ. P. 30(d)(2). ***Rule 30(b)(6) Depositions:*** Depositions of witnesses designated to testify on Rule 30(b)(6) topics will be counted by the number of hours of testimony taken by the party who noticed the deposition. Seven (7) hours of Rule 30(b)(6) testimony will count as one (1) deposition under the deposition limit set forth in Section E, irrespective of the number of witnesses who give that testimony or the number of days in which that testimony is given. The parties reserve the right to seek a protective order should they believe that Rule 30(b)(6) depositions are being used to avoid the number or time limits set forth above. ***Interrogatories:*** Notwithstanding any interrogatories previously served, the parties shall be entitled to 25 written interrogatories, as provided for by Federal Rule of Civil Procedure 33(a), beginning with the effective date of this Order. ***Privilege Logs:*** Privilege Logs and supplements thereto should be provided in compliance with the Federal Rules of Civil Procedure, and will be provided and/or updated no later than sixty (60) days following the production from which the subject privileged documents are withheld.

10. **Settlement Status Report and Settlement Conference:** Counsel, or the respective

party if not represented by counsel, are directed to confer and file with the court by **September 15, 2014**, a joint report setting forth the status of settlement negotiations and the specific efforts made by the parties to resolve this case. If no efforts have been made, the parties must state the reasons why no settlement efforts have occurred. Counsel shall include in such report a statement about their views about ADR (timing and preference for provider, if any), and desire for a settlement conference to be conducted by the Magistrate Judge. Not later than **March 30, 2015**, the parties and their respective lead counsel must meet in person or by telephone conference to discuss settlement of this case. All parties must make a good faith effort to settle this case. At the conclusion of this conference, counsel must, **within three business days**, notify the Court in writing of the participants' names and capacities, and the results of the settlement conference.

11. **Pretrial Materials:**

    (a) By **April 20, 2015**, the following pretrial materials **must** be filed:

    1. **Pretrial Order:** A **joint pretrial order** shall be submitted by Plaintiffs' attorney which covers each of the matters listed in Local Rule 16.4 and which states the **estimated length of trial**. If an attorney for either party does not participate in the preparation of the joint pretrial order, the opposing attorney shall submit a separate pretrial order with an explanation of why a joint order was not submitted (so that the court can impose sanctions, if appropriate); however, failure to agree upon content or language is **not an excuse for submitting separate pretrial orders,** since each party may present its version of any disputed matter in the joint pretrial order. When the joint pretrial order is approved by the Court, it will control all subsequent proceedings in this case. **Parties shall summarize their claims and defenses in the pretrial order.**

    2. **Witness List:** Each party must file a **list of witnesses** who may be called by each party in its case in chief. Each witness list shall contain a brief **narrative summary** of the testimony to be elicited from each

      witness, shall state whether the witness has been deposed, and whether the witness's testimony at trial is "**probable**," "**possible**," "**expert**," or "**record custodian**." A copy of this list must be furnished to the Court reporter **prior** to trial.

3. **Exhibit List and Deposition Testimony:** A **list of exhibits** and a **designation of portions of depositions** to be offered at trial shall be filed by each party. The list of exhibits shall describe the documents or items in numbered sequence. The documents or items to be offered as exhibits shall be numbered by attachment of gummed labels to correspond with the sequence on the exhibit list. In addition, counsel for each party intending to offer exhibits shall **exchange a set** of marked exhibits with opposing counsel at least **14** days before the scheduled date for trial and shall **deliver a set of marked exhibits to the Court's chambers** (except large or voluminous items that cannot be easily reproduced). Exhibits are to be placed in three-ring binders, including numbered tabs, and each binder is to be labeled with the style of case, case number, name of the party, and volume number of the binder. A copy of the exhibit list must be furnished to the court reporter **prior** to trial.

(b) By **April 27, 2015**, the following **must** be filed.

1. **Jury Instructions: Requested jury instructions (annotated)**[1] and issues shall be filed by each party. The instructions and issues must be tailored to the specific case. They shall be submitted in hard copy and on disk in a Word Perfect or Word format.

2. **Proposed Voir Dire Questions: Proposed voir dire questions** which the Court is requested to ask during its examination of the jury panel must be filed.

    The Court will submit to the jury a standard written questionnaire, a copy of which is attached. The parties may propose necessary modifications to the form as the case gets closer to trial. The Court, after completion of its voir dire, will allow counsel additional time to conduct their own voir dire examination.

12.     **Objections to Pretrial Materials and Motions in Limine:** In addition to the

    objections to exhibits, and designated deposition testimony referenced in Paragraphs

---

[1] "Annotated" means that whenever possible, *each* proposed instruction or conclusion of law shall be accompanied by citation to statutory or case authority, or pattern instructions. The parties should, to the extent possible, rely principally on Fifth Circuit and Supreme Court cases, Northern District precedents, and Fifth Circuit pattern instructions.

8, and 11(a)3, objections to witness lists shall be filed by **April 29, 2015**. **Motions in limine,** if any, shall be filed by **April 29, 2015,** unless counsel, in the exercise of reasonable diligence, could not have known of the basis for the motion as of that date. The parties shall confer promptly to determine what limine items may be unobjectionable. Not later than twenty-four hours before the time scheduled for pretrial conference, the parties shall advise the court, in writing, of what limine items remain in genuine dispute.

13. **Pretrial Conference:** A **pretrial conference** in **this case** is set for **Wednesday, May 6, 2015, at 9:00 a.m.** Each party shall be represented by at least one attorney who will participate in the trial and who has authority to enter into stipulations and admissions that would facilitate the admission of evidence and reduce the time and expenses of trial. Fed. R. Civ. P. 16(b). The Court will consider at that time pretrial motions not previously decided, and procedures for trial will be discussed.

14. **Modification of Amended Scheduling Order:** The parties may agree to modify the deadlines established by Paragraphs 4, 5, 6, 7 and 9 of this Amended Scheduling Order; provided, however, that objections to experts cannot be extended to a date less than twenty-eight (28) days before trial; and (2) any extensions to deadlines must be confirmed in writing and filed promptly thereafter with the Court. If the parties seek to extend any of the deadlines set forth in Paragraphs 8, 11 or 12, they shall file their motions seeking such an extension before the deadline elapses. This Order shall control the disposition of this case unless it is modified by the Court upon a showing of good cause and by leave of court. Fed. R. Civ. P. 16(b). **It is only under truly**

**extraordinary circumstances that the Court will reset the trial date**. If any such request is made, it must be made in writing and in accordance with the United States District Court for the Northern District of Texas Civil Justice Expense and Delay Reduction Plan and Local Rule 40.1 (motions for continuance must be signed by the party as well as by the attorney of record).

15. Under Local Rule 7.1, unless otherwise directed by the Court, Responses to Motions must be filed by the twenty-first day after the Motion is filed, and Replies are to be filed by the fourteenth day after the date the Response is filed. If the due date falls on a Saturday, Sunday, or federal holiday, the Response or Reply is due on the next business day. Federal Rule 6(d), which provides that "[w]hen a party may or must act within a specified time after service and service is made under Rule 5(b)(2)(C), (D), (E), or (F), 3 days are added after the period would otherwise expire under Rule 6(a)," does not apply to Response or Reply due dates, which are calculated under Local Rule 7.1 according to the Motion or Response's filing date, not the date of service. If a party is unaware of the filing date of a Motion or Response, the party may contact the Court to ascertain that information.

16. **Trial Procedures:** Judge Lynn does not enforce the rules of limited cross examination at trial. Redirects and recrosses are limited to the immediately preceding examination.

17. **Parties:** Whenever the name of any party, or the name of the parent of a corporate entity changes during the proceeding, counsel or, if applicable, an unrepresented party, shall advise the Court of such change, within twenty (20) days of the event.

It shall be the responsibility of counsel or any unrepresented party to remain fully advised of any such developments.

18. The Court is aware of a trend today in which fewer cases go to trial, and in which there are generally fewer speaking or "stand-up" opportunities in court, particularly for young lawyers (*i.e.*, lawyers practicing for less than seven years).  The Court strongly encourages litigants to be mindful of opportunities for young lawyers to conduct hearings before the Court, particularly for motions where the young lawyer drafted or contributed significantly to the underlying motion or response.  In those instances where the Court is inclined to rule on the papers, a representation that the argument would be handled by a young lawyer will weigh in favor of holding a hearing.  The Court understands that there may be circumstances where having a young lawyer handle a hearing might not be appropriate – such as where no young lawyers were involved in drafting the motion, or where the motion might be dispositive in a "bet-the-company" type case. Even so, the Court believes it is crucial to provide substantive speaking opportunities to young lawyers, and that the benefits of doing so will accrue to young lawyers, to clients, and to the profession generally. Thus, the Court encourages all lawyers practicing before it to keep this goal in mind.

19. **Compliance with this Amended Order:**  Counsel and the parties are expected to comply fully with this Amended Order.  Failure to comply will cause the Court to consider the entire range of sanctions available.

20. **Inquiries:   Only scheduling questions are to be directed to the Court Coordinator, Ms. Lori Anne Greco, at 214-753-2421.  Questions relating to**

**anything else should be directed to the law clerk, at 214-753-2418.**

**IT IS SO ORDERED** this 6th day of August, 2013.

_____
BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS