IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THE ERICA P. JOHN FUND, INC., On Behalf of Itself and All Others Similarly Situated, | § § § § | |
| Lead Plaintiff, | § § | Civil Action No. 3:02-CV-1152-M |
| vs. | § § | |
| HALLIBURTON COMPANY and DAVID J. LESAR, | § § § § | |
| Defendants. | § | |

**HALLIBURTON'S REPLY IN SUPPORT OF ITS MOTION FOR
PROTECTIVE ORDER CONCERNING PRIVILEGE LOGS**

Plaintiff makes three arguments: (1) Halliburton waived the privilege for all attachments, even though those attachments are referenced on Halliburton's privilege logs; (2) Halliburton's motion for protective order, which proposes to efficiently move discovery forward, is premature; and (3) Plaintiff's counter-proposal would resolve the parties' privilege disputes, even though it would delay resolution by requiring the Court to review certain documents *in camera*. All three arguments are meritless.

**I.    Plaintiff has not met its burden to demonstrate that Halliburton waived the privilege with respect to the attachments referenced on its logs.**

The draconian remedy of waiver is not warranted under these circumstances. Plaintiff has not shown that Halliburton engaged in bad faith or delay in drafting its privilege log entries referencing attachments. To the contrary, the evidence shows that Halliburton reasonably concluded that Plaintiff had no objections to the content of its 2008 privilege log, and modeled its 2013–2014 logs after that log. Halliburton provided to Plaintiff thousands of entries across several months before Plaintiff decided to complain about the content of Halliburton's privilege logs.

Plaintiff admits that in the vast majority of the waiver cases cited in its motion to compel, the parties either provided untimely privilege logs or left documents off their logs entirely. *See* Plf.'s Resp. at 8. Plaintiff's claim that "[t]his is not a meaningful distinction" is baseless. *Id*. As Plaintiff acknowledges, waiver is reserved for instances of "'delay, bad faith, or other conduct.'" *Id.* at 9 (quoting *In re Santa Fe Int'l Corp.*, 272 F.3d 705, 713 (5th Cir. 2001)). A finding of bad faith is not warranted where Halliburton noted that attachments exist and were being withheld as part of privileged documents.

Plaintiff continues to misread *C.T. v. Liberal School District*, No. 06-2093-JWL, 2008 WL 217203 (D. Kan. Jan. 25, 2008). Plaintiff claims that the court in that case ordered the plaintiff to produce privileged attachments, even though the plaintiff's log "clearly identified the existence of attachments." Resp. at 7. Not so. A review of the plaintiff's log reveals that the sample log entries cited by the court did not include any reference to the withheld attachments. *Compare C.T.*, 2008 WL 217203, at *9 n.71 (citing documents 10, 11, and 16), *with* Ex. A to Defs.' Mot. for Extension of Time at 5, No. 06-2093-JWL (June 19, 2007), Dkt. 142-1 (describing documents 10, 11, and 16 each as an "Email" without any mention of an attachment or a complete page count of the whole document). Finding that the plaintiff did not "list these attachments" anywhere in his privilege logs, the court ordered the plaintiff to produce them. *C.T.*, 2008 WL 217203 at *9.

Plaintiff asks this Court to hold that Halliburton must separately log each attachment referenced on its privilege logs, then immediately compel Halliburton to produce those attachments. That is a severe sanction indeed. Plaintiff has not met its burden to show that Halliburton should be stripped of the protections of the attorney-client privilege and work

product doctrine. Because Halliburton has in good faith complied with Rule 26 and Judge Kaplan's July 2008 order, a finding of waiver is not warranted.

## II. Halliburton's motion for protective order is timely.

Halliburton's motion is not premature. Halliburton seeks an order about a real dispute—whether it must make further revisions to its privilege log entries regarding attachments and email chains—not an advisory opinion. Plaintiff has filed a motion to compel regarding attachments, and the parties are at an impasse—as Plaintiff's response demonstrates—regarding Plaintiff's additional complaints concerning Halliburton's privilege logs. Halliburton is entitled to protection from Plaintiff's demand that it overhaul its privilege logs yet again. As "[a] party . . . from whom discovery is sought," Halliburton "may move for a protective order," and the Court may "issue an order to protect [Halliburton] from . . . undue burden or expense." Fed. R. Civ. P. 26(c)(1).

## III. Plaintiff's counter-proposal would not efficiently resolve the issues before the Court.

Halliburton has proposed a reasonable compromise—one that is consistent with the case law on which Plaintiff relies. Yet Plaintiff has rejected that compromise in favor of requiring the Court to review *in camera* 75 documents of Plaintiff's choosing.

Plaintiff has not made clear why the Court should review these documents, particularly when Halliburton has proposed to ensure production of non-privileged attachments or communications within an email chain to the extent not previously produced. If the Court takes Plaintiff's approach, Plaintiff has not explained what privilege disputes the Court would address; how the Court would rule on those disputes in a way that would assist the parties in resolving other disputes; or even how the Court's ruling would address Plaintiff's concern about whether non-privileged attachments or communications within an email chain have otherwise been produced.

Although Plaintiff's motion to compel was devoid of any complaint about the adequacy of the descriptions in Halliburton's privilege logs, Plaintiff raises this issue in its response to Halliburton's motion for protective order and appears to ask the Court to rule on it as part of Plaintiff's counter-proposal. This new complaint only further demonstrates that Halliburton needs protection from Plaintiff's piecemeal complaints.

Halliburton's privilege logs describe the nature of the withheld documents in a manner that enables Plaintiff to assess Halliburton's claims of privilege. Halliburton's entries specify whether a logged document relates to Plaintiff's claims regarding (1) Halliburton's asbestos liability, (2) Halliburton's accounting for claims on engineering and construction contracts, or (3) Halliburton's merger with Dresser Industries. The entries also include additional detail and specify, for example, whether a document relates to litigation strategy, a particular insurer, a particular category of asbestos claims, or a particular engineering and construction contract. Example entries include "Email chain and attachments containing attorney mental impressions and legal advice from Ferguson regarding Highlands insurance," "Email containing attorney mental impressions and advice regarding asbestos settlement and Harbison-Walker litigation," and "Email and attachment containing attorney mental impressions and advice regarding Beaconsfield project." Pl. App. 684 at PSCA 14456; Pl. App. 446 at PSCA 12839; Pl. App. 684 at PSCA 14448.

In the cases cited by Plaintiff, the logs contained far less detail. For example, in *PYR Energy Corp. v. Samson Resources Co.*, No. 1:05-cv-530, 2007 WL 446025 (E.D. Tex. Feb. 7, 2007), the court found that descriptions such as "Email re Sun Fee," "Email re Nome Field," and "Email re seismic data" were "so vague and oblique as to be meaningless" and contained "no proffered justification for the assertion of any claim of privilege." *Id.* at *1 (E.D. Tex. Feb. 7,


2007); Defs.' Priv. Log at 2, No. 1:05-cv-530 (May 26, 2006), Dkt. 115-2 (source of quoted privilege log descriptions).

Plaintiff's complaint about the adequacy of the descriptions in Halliburton's privilege logs—coupled with Plaintiff's decision to wait to raise that complaint until its response to Halliburton's motion for protective order—underscores Halliburton's need for protection from the substantial expense and undue burden of making additional, wholesale revisions to its privilege logs.

## CONCLUSION

Halliburton asks the Court to grant its motion for protective order and deny Plaintiff's motion to compel.

Respectfully submitted,

BAKER BOTTS L.L.P.

/s/ *Jessica B. Pulliam*
Jessica B. Pulliam
State Bar No. 24037309
Thomas E. O'Brien
State Bar No. 24046543
John B. Lawrence
State Bar No. 24055825
2001 Ross Avenue, Suite 600
Dallas, Texas 75201-2980
Telephone No. (214) 953-6500
Facsimile No. (214) 953-6503

David Sterling
State Bar No. 19170000
One Shell Plaza
910 Louisiana Street
Houston, Texas 77002-4995
Telephone No. (713) 229-1234
Facsimile No. (713) 229-2099

*Counsel For Defendants Halliburton Company and David J. Lesar*

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served on all counsel of record via the Court's ECF system on June 18, 2014.

/s/ *Jessica B. Pulliam*
Jessica B. Pulliam