# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| THE ERICA P. JOHN FUND, INC., et al., *On Behalf of Itself and All Others Similarly Situated*,<br><br>      Plaintiff,<br><br> vs.<br><br>HALLIBURTON COMPANY and DAVID J. LESAR,<br><br>      Defendants. | CIVIL ACTION NO.: 3:02-CV-1152-M<br><br><br>CLASS ACTION |

## APPENDIX IN SUPPORT OF LEAD PLAINTIFF'S RESPONSE
## TO DEFENDANTS' MOTION FOR PROTECTIVE ORDER

Kim E. Miller
*(admitted pro hac vice)*
KAHN SWICK & FOTI, LLC
250 Park Avenue, Suite 2040
New York, NY 10177
Tel: (212) 696-3730
Fax: (504) 455-1498

Lewis S. Kahn
Neil Rothstein
*(admitted pro hac vice)*
KAHN SWICK & FOTI, LLC
206 Covington Street
Madisonville, LA 70447
Tel: (504) 455-1400
Fax: (504) 455-1498

***SPECIAL COUNSEL TO LEAD
PLAINTIFF, THE ERICA P. JOHN
FUND, INC., AND THE CLASS***

David Boies
*(admitted pro hac vice)*
BOIES, SCHILLER & FLEXNER LLP
333 Main Street
Armonk, NY  10504
Tel:  (914) 749-8200
Fax: (914) 749-8300

Carl E. Goldfarb
*(admitted pro hac vice)*
BOIES, SCHILLER & FLEXNER LLP
401 E. Las Olas Blvd., Suite 1200
Ft. Lauderdale, FL  33301
Tel:  (954) 356-0011
Fax: (954) 356-0022

***LEAD COUNSEL TO LEAD PLAINTIFF,
THE ERICA P. JOHN FUND, INC., AND
THE CLASS***

# TABLE OF CONTENTS

Appendix Page

Declaration of Kim E. Miller ........................................................................................ App. 01-02

Exhibit A - Halliburton's Responses to Lead Plaintiff's Third Request for
Production of Documents ........................................................................................... App. 04-10

Exhibit B - Lead Plaintiff's Third Request for Production of Documents to
Defendant Halliburton Company ............................................................................... App. 11-18

Dated:  June 19, 2014

/s/ Kim E. Miller
Kim E. Miller
*(admitted pro hac vice)*
KAHN SWICK & FOTI, LLC
250 Park Avenue, Suite 2040
New York, NY 10177
Tel: (212) 696-3730
Fax: (504) 455-1498

Lewis S. Kahn
Michael Swick
Neil Rothstein
*(admitted pro hac vice)*
KAHN SWICK & FOTI, LLC
206 Covington Street
Madisonville, LA 70447
Tel: (504) 455-1400
Fax: (504) 455-1498

*SPECIAL COUNSEL TO LEAD*
*PLAINTIFF, THE ERICA P. JOHN*
*FUND, INC., AND THE CLASS*

Respectfully submitted,

David Boies
*(admitted pro hac vice)*
BOIES, SCHILLER & FLEXNER LLP
333 Main Street
Armonk, NY 10504
Tel:  (914) 749-8200
Fax:  (914) 749-8300

Carl E. Goldfarb
*(admitted pro hac vice)*
BOIES, SCHILLER & FLEXNER LLP
401 E. Las Olas Blvd., Suite 1200
Ft. Lauderdale, FL 33301
Tel: (954) 356-0011
Fax: (954) 356-0022

*LEAD COUNSEL TO LEAD PLAINTIFF,*
*THE ERICA P. JOHN FUND, INC., AND*
*THE CLASS*

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on June 19, 2014, I served the attached document via

CM/ECF System to the following counsel of record.

    Robb L. Voyles
    Jessica B. Pulliam
    Tom O'Brien
    John Lawrence
    Amanda Hix
    BAKER BOTTS, LLP
    2001 Ross Avenue, Suite 600
    Dallas, Texas 75201-2980
    Tel.: (512) 322-2500
    Fax: (512) 322-2501
    **Robb.Voyles@bakerbotts.com**
    **Jessica.Pulliam@bakerbotts.com**
    **tom.obrien@bakerbotts.com**
    **john.lawrence@bakerbotts.com**
    **amanda.hix@bakerbotts.com**

    David D. Sterling
    Leslie Buenzow
    BAKER BOTTS, LLP
    910 Louisiana Street
    Houston, Texas 77002-4995
    Tel: (713) 229-1234
    Fax: (713) 229-2099
    **David.Sterling@bakerbotts.com**
    **leslie.buenzow@bakerbotts.com**

                     /s/ Kim E. Miller
                      Kim E. Miller

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

|  |  |
|---|---|
| THE ERICA P. JOHN FUND, INC., et al., *On Behalf of Itself and All Others Similarly Situated*,<br><br>Plaintiff,<br><br>vs.<br><br>HALLIBURTON COMPANY and DAVID J. LESAR,<br><br>Defendants. | CIVIL ACTION NO.: 3:02-CV-1152-M<br><br><br>CLASS ACTION |

## DECLARATION OF KIM E. MILLER IN SUPPORT OF LEAD PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR PROTECTIVE ORDER

Kim E. Miller
*(admitted pro hac vice)*
KAHN SWICK & FOTI, LLC
250 Park Avenue, Suite 2040
New York, NY 10177
Tel: (212) 696-3730
Fax: (504) 455-1498

Lewis S. Kahn
Neil Rothstein
*(admitted pro hac vice)*
KAHN SWICK & FOTI, LLC
206 Covington Street
Madisonville, LA 70447
Tel: (504) 455-1400
Fax: (504) 455-1498

***SPECIAL COUNSEL TO LEAD PLAINTIFF, THE ERICA P. JOHN FUND, INC., AND THE CLASS***

David Boies
*(admitted pro hac vice)*
BOIES, SCHILLER & FLEXNER LLP
333 Main Street
Armonk, NY 10504
Tel: (914) 749-8200
Fax: (914) 749-8300

Carl E. Goldfarb
*(admitted pro hac vice)*
BOIES, SCHILLER & FLEXNER LLP
401 E. Las Olas Blvd., Suite 1200
Ft. Lauderdale, FL 33301
Tel: (954) 356-0011
Fax: (954) 356-0022

***LEAD COUNSEL TO LEAD PLAINTIFF, THE ERICA P. JOHN FUND, INC., AND THE CLASS***

I, Kim E. Miller, hereby declare as follows:

1.      I am an attorney duly licensed to practice law in the State of New York and am a partner with the law firm of Kahn Swick & Foti, LLC, Special Counsel for Lead Plaintiff and the Class.   I am admitted in this case *pro hac vice*.   The matters stated herein are based on my personal knowledge and, if called upon to testify, I could and would testify competently thereto.

2.      Attached as Exhibit A to this Declaration is a true and correct copy of excerpts from Halliburton's Responses to Lead Plaintiff's Third Request for Production of Documents.

3.      Attached as Exhibit B to this Declaration is a true and correct copy of excerpts from Lead Plaintiff's Third Request for Production of Documents to Defendant Halliburton Company.

I declare under the penalty of perjury under the laws of the United States that the foregoing is true and correct and that I executed this declaration on June 18, 2014 in New York, New York.

/s/ Kim E. Miller
Kim E. Miller

1

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| ARCHDIOCESE OF MILWAUKEE SUPPORTING FUND, INC., et al., On Behalf Of Itself and All Others Similarly Situated, | § § § § | |
| Lead Plaintiff, | § § | |
| vs. | § § | Civil Action No. 3:02-CV-1152-M |
| HALLIBURTON COMPANY and DAVID J. LESAR, | § § § | |
| Defendants. | § § | |

**HALLIBURTON'S RESPONSES TO LEAD PLAINTIFF'S
THIRD REQUEST FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant Halliburton Company ("Halliburton") responds as follows to Lead Plaintiff's Third Request for Production of Documents ("Document Requests").

**OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

1.      Halliburton objects to these Document Requests, including the "Definitions" and "Instructions" contained therein, to the extent they seek information that is subject to the attorney-client privilege, work product doctrine, joint-defense privilege, or other applicable legal protection or privilege.

2.      Halliburton objects to these Document Requests, including Instructions 19 and 20 and the other "Definitions" and "Instructions" contained therein, to the extent they purport to require Halliburton to produce information regarding privileged documents and communications beyond such information as may be required by the Court in determining the privileged status of the document.

3.      Halliburton objects to these Document Requests, including the "Definitions" and "Instructions" contained therein, to the extent they purport to impose obligations in addition to or

1

evidence.   As an example, and without limitation, this request seeks information regarding projects that resulted in unapproved claim revenue that was either immaterial or did not correspond to the charge that Halliburton announced on December 21, 2000 in connection with certain fixed-fee engineering and construction projects.   Halliburton also objects to this request as vague and ambiguous.   In particular, the phrase "project grades or ratings" is vague and ambiguous.   In addition, Halliburton objects to this request to the extent it seeks production of documents already produced by Halliburton to Lead Plaintiff, including, without limitation, documents produced by Halliburton to the SEC in connection with the SEC's investigation of Halliburton's accounting for unapproved claim revenue with respect to 11 fixed-price construction projects.   Halliburton will not reproduce those documents, or produce any additional documents relating to those 11 fixed-price construction projects.

## DOCUMENT REQUEST NO. 48:

All Documents, including, but not limited to notes and transcripts, concerning the meeting between David Lesar and Salomon Smith Barney analyst Kieburtz in or around October, 2000.

## RESPONSE:

In addition to the above-stated Objections to Definitions and Instructions, Halliburton objects to this request to the extent it calls for production of information and documents that are protected by the attorney-client privilege, work product doctrine, joint-defense privilege, or other applicable legal protection or privilege.   Halliburton further objects to this request to the extent it seeks production of documents already produced by Halliburton to Lead Plaintiff.   Halliburton will not reproduce those documents.   Subject to these objections, to the extent it has not already done so, Halliburton agrees to produce non-privileged documents in its possession, custody, or control, if any, responsive to this request.

**DOCUMENT REQUEST NO. 49:**

All Documents concerning costs associated with integrating Dresser's construction operations with the construction operations of Halliburton, including but not limited to Documents concerning excessive costs.

**RESPONSE:**

In addition to the above-stated Objections to Definitions and Instructions, Halliburton objects to this request to the extent it calls for production of information and documents that are protected by the attorney-client privilege, work product doctrine, joint-defense privilege, or other applicable legal protection or privilege.  Halliburton further objects to this request on the ground that it is overbroad, unduly burdensome, and seeks information that is not relevant to any claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence.  Halliburton also objects to this request to the extent it seeks production of documents already produced by Halliburton to Lead Plaintiff.   Halliburton will not reproduce those documents.  Subject to these objections, to the extent it has not already done so, Halliburton agrees to produce non-privileged documents in its possession, custody, or control, if any, relating to any statements in the current complaint made during the class period about the projected savings from the Dresser merger.

**DOCUMENT REQUEST NO. 50:**

All Documents concerning possible or actual operating inefficiencies and/or excessive costs in the KBR business unit.

**RESPONSE:**

In addition to the above-stated Objections to Definitions and Instructions, Halliburton objects to this request to the extent it calls for production of information and documents that are protected by the attorney-client privilege, work product doctrine, joint-defense privilege, or other applicable legal protection or privilege.  Halliburton further objects to this request on the ground

that it is overbroad, unduly burdensome, and seeks information that is not relevant to any claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence.  Halliburton also objects to this request to the extent it seeks production of documents already produced by Halliburton to Lead Plaintiff.  Halliburton will not reproduce those documents.  Subject to these objections, to the extent it has not already done so, Halliburton agrees to produce non-privileged documents in its possession, custody, or control, if any, relating to any statements in the current complaint made during the class period about the projected savings from the Dresser merger.

## DOCUMENT REQUEST NO. 51:

All Documents concerning the corporate culture of Dresser and/or Halliburton, including but not limited to differences between the companies in management and/or accounting style.

## RESPONSE:

In addition to the above-stated Objections to Definitions and Instructions, Halliburton objects to this request to the extent it calls for production of information and documents that are protected by the attorney-client privilege, work product doctrine, joint-defense privilege, or other applicable legal protection or privilege.  Halliburton further objects to this request on the ground that it is overbroad, unduly burdensome, and seeks information that is not relevant to any claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence.  Halliburton also objects to this request as vague and ambiguous.  In particular, the phrases "corporate culture" and "management and/or accounting style" are vague and ambiguous.  In addition, Halliburton objects to this request to the extent it seeks production of documents already produced by Halliburton to Lead Plaintiff.  Halliburton will not reproduce those documents.

**RESPONSE:**

In addition to the above-stated Objections to Definitions and Instructions, Halliburton objects to this request to the extent it calls for production of information and documents that are protected by the attorney-client privilege, work product doctrine, joint-defense privilege, or other applicable legal protection or privilege.  Halliburton further objects to this request on the ground that it is overbroad, unduly burdensome, and seeks information that is not relevant to any claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence.  Halliburton also objects to this request to the extent it seeks production of documents already produced by Halliburton to Lead Plaintiff.   Halliburton will not reproduce those documents.

**DOCUMENT REQUEST NO. 56:**

All Documents concerning risks of an integration of Kellogg and Brown & Root identified by Dresser and/or Halliburton prior to the consummation of the merger.

**RESPONSE:**

In addition to the above-stated Objections to Definitions and Instructions, Halliburton objects to this request to the extent it calls for production of information and documents that are protected by the attorney-client privilege, work product doctrine, joint-defense privilege, or other applicable legal protection or privilege.  Halliburton further objects to this request on the ground that it is overbroad, unduly burdensome, and seeks information that is not relevant to any claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence.  Halliburton also objects to this request to the extent it seeks production of documents already produced by Halliburton to Lead Plaintiff.   Halliburton will not reproduce those documents.  Subject to these objections, to the extent it has not already done so, Halliburton agrees to produce non-privileged documents in its possession, custody, or control, if any, relating

to any statements in the current complaint made during the class period about the projected savings from the Dresser merger.

**DOCUMENT REQUEST NO. 57:**

All Documents relied upon and forming the basis of David Lesar's statement in the 10/24/00 conference call that Halliburton's construction operations would need to pursue a "new strategy" to "cut costs and strengthen that business" and "recombine" all of its "engineering and construction businesses."

**RESPONSE:**

In addition to the above-stated Objections to Definitions and Instructions, Halliburton objects to this request to the extent it calls for production of information and documents that are protected by the attorney-client privilege, work product doctrine, joint-defense privilege, or other applicable legal protection or privilege.  Halliburton also objects to this request as vague and ambiguous.  In particular, the phrase "relied upon and forming the basis of David Lesar's statement" is vague and ambiguous.  Halliburton further objects to this request to the extent it seeks production of documents already produced by Halliburton to Lead Plaintiff.  Halliburton will not reproduce those documents.  Subject to these objections, to the extent it has not already done so, Halliburton agrees to produce non-privileged documents in its possession, custody, or control, if any, which were consulted in preparation of Mr. Lesar's statement.

**DOCUMENT REQUEST NO. 58:**

Documents sufficient to identify the names and titles of all project managers, business managers, shared services employees, and project controls employees related to the Brazil and Bolivia pipeline project, the EPC-1 project, the Chesapeake Power project, the VEHOP project, and the Prairie Rose project, and all projects identified by Halliburton as the seven projects.

**RESPONSE:**

In addition to the above-stated Objections to Definitions and Instructions, Halliburton objects to this request to the extent it calls for production of information and documents that are protected by the attorney-client privilege, work product doctrine, joint-defense privilege, or other

particular, the phrase "involved in the decision" is vague and ambiguous. Halliburton also objects to this request to the extent it seeks production of documents already produced by Halliburton to Lead Plaintiff, including, without limitation, documents produced by Halliburton to the SEC in connection with the SEC's investigation of Halliburton's accounting for unapproved claim revenue with respect to 11 fixed-price construction projects. Halliburton will not reproduce those documents, or produce any additional documents relating to those 11 fixed-price construction projects.

Respectfully submitted,

Robb L. Voyles
State Bar No. 20624100
Jessica B. Pulliam
State Bar No. 24037309
Thomas E. O'Brien
State Bar No. 24046543
John B. Lawrence
State Bar No. 24055825
2001 Ross Avenue, Suite 600
Dallas, Texas  75201-2980
Telephone No. (214) 953-6500
Facsimile No.  (214) 953-6503

David Sterling
State Bar No. 19170000
One Shell Plaza
910 Louisiana Street
Houston, Texas  77002-4995
Telephone No. (713) 229-1234
Facsimile No.  (713) 229-2099

*Counsel For Defendant*
*Halliburton Company*

80

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served on all counsel of record via electronic mail on August 7, 2013.

Jessica B. Pulliam

# EXHIBIT B

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

|  |  |
|---|---|
| THE ARCHDIOCESE OF MILWAUKEE SUPPORTING FUND, INC., et al., On *Behalf of Itself and All Others Similarly Situated*, | |
| Plaintiff, | **CIVIL ACTION NO.: 3:02-CV-1152-M** |
| vs. | **CLASS ACTION** |
| HALLIBURTON COMPANY, and DAVID J. LESAR, | |
| Defendants. | |

## LEAD PLAINTIFF'S THIRD REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT HALLIBURTON COMPANY

Lead Plaintiff, by and through its undersigned counsel, hereby propounds Lead Plaintiff's Third Request for Production of Documents pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure to the Defendant Halliburton Company. The responses are due at the offices of The Law Office of Joe H. Staley, Jr., P.C., 3100 Monticello Ave., Suite 850, Dallas, Texas 75205, or electronically at Boies, Schiller & Flexner LLP, 401 East Las Olas Boulevard, Suite 1200, Fort Lauderdale, Florida 33301, or Kahn Swick & Foti, LLC, 206 Covington St., Madisonville, LA, 70447, within thirty (30) days of service hereof.

**DOCUMENT REQUEST NO. 45:**

All Documents relating to the monthly work schedule for the duration of each of the Company's projects for which the Company claimed any revenue during the Class Period based on claims and change orders which were in the process of being negotiated with customers for extra work or changes in the scope of work which the Company included in revenue because it concluded that collection was probable, showing: percentage of completion for work accepted by the Owner or its representative; budget and time schedules showing the existing schedule in comparison to the original budget.

**DOCUMENT REQUEST NO. 46:**

All Documents relating to any requests for change orders resulting from change in conditions or change in the scope of work on each of the Company's projects for which the Company claimed any revenue during the Class Period based on claims and change orders which were in the process of being negotiated with customers for extra work or changes in the scope of work which the Company included in revenue because it concluded that collection was probable, and any documentation submitted with the claim, as well as all Documents showing whether the request originated from Defendant or a subcontractor.

**DOCUMENT REQUEST NO. 47:**

All Documents relating to any project grades or ratings provided by the Owner or Owner's Representative for each of the Company's projects for which the Defendant claimed any revenue during the Class Period based on claims and change orders which were in the process of being negotiated with customers for extra work or changes in the scope of work which the Company included in revenue because it concluded that collection was probable.

**DOCUMENT REQUEST NO. 48:**

All Documents, including, but not limited to notes and transcripts, concerning the meeting between David Lesar and Salomon Smith Barney analyst Kieburtz in or around October, 2000.

**DOCUMENT REQUEST NO. 49:**

All Documents concerning costs associated with integrating Dresser's construction operations with the construction operations of Halliburton, including but not limited to Documents concerning excessive costs.

**DOCUMENT REQUEST NO. 50:**

All Documents concerning possible or actual operating inefficiencies and/or excessive costs in the KBR business unit.

**DOCUMENT REQUEST NO. 51:**

All Documents concerning the corporate culture of Dresser and/or Halliburton, including but not limited to differences between the companies in management and/or accounting style.

**DOCUMENT REQUEST NO. 52:**

All Documents prepared and/or reviewed by any employee or officer or director of Halliburton and/or Dresser prior to September 29, 1998, comparing the application of accounting practices and methodology by Dresser to that of Halliburton, including but not limited to any perceived differences.

**DOCUMENT REQUEST NO. 53:**

All Documents concerning the formation of the Transition Committee comprised of William Bradford, Richard Cheney, David Lesar and Donald Vaughn, as described in the document previously produced by the Company bates stamped SCA00141314.

**DOCUMENT REQUEST NO. 54:**

All Documents concerning meetings of the Transition Committee.

**DOCUMENT REQUEST NO. 55:**

All Documents forming the basis of Les Coleman's statement in his November 18, 1997 confidential memorandum regarding the Dresser Merger to Dick Cheney and Dave Lesar previously produced by the Company bates stamped SCA00143601- SCA00143625 that "post-combination management presents significant risks."

**DOCUMENT REQUEST NO. 56:**

All Documents concerning risks of an integration of Kellogg and Brown & Root identified by Dresser and/or Halliburton prior to the consummation of the merger.

**DOCUMENT REQUEST NO. 57:**

All Documents relied upon and forming the basis of David Lesar's statement in the 10/24/00 conference call that Halliburton's construction operations would need to pursue a "new strategy" to "cut costs and strengthen that business" and "recombine" all of its "engineering and construction businesses."

**DOCUMENT REQUEST NO. 58:**

Documents sufficient to identify the names and titles of all project managers, business managers, shared services employees, and project controls employees related to the Brazil and Bolivia pipeline project, the EPC-1 project, the Chesapeake Power project, the VEHOP project, and the Prairie Rose project, and all projects identified by Halliburton as the seven projects.

All documents relied upon by Halliburton in answering Lead Plaintiff's Interrogatory No. 10.

## DOCUMENT REQUEST NO. 74:

All documents relied upon by Halliburton in answering Lead Plaintiff's Interrogatory No. 12.

## DOCUMENT REQUEST NO. 75:

Documents sufficient to identify all persons involved in the decision to begin recording revenue based upon claims and change orders for additional work, or changes in the scope of work that had not yet been agreed to, but based upon the Company's determination that collection was deemed probable, starting in or around 1999.

Dated: July 8, 2013                                            Respectfully submitted,

KAHN SWICK & FOTI, LLC                          BOIES, SCHILLER & FLEXNER LLP
Kim E. Miller                                                  Carl E. Goldfarb
(*admitted pro hac vice*)                                (*admitted pro hac vice*)
250 Park Avenue, Suite 2040                       401 E. Las Olas Blvd., Suite 1200
New York, NY 10177                                   Ft. Lauderdale, FL 33301
Tel: (212) 696-3730                                      Telephone: (954) 356-0011
Fax: (504) 455-1498                                     Facsimile: (954) 356-0022

Lewis S. Kahn                                              David Boies
Michael Swick                                             (*admitted pro hac vice*)
Neil Rothstein                                             333 Main Street
(*admitted pro hac vice*)                               Armonk, NY 10504
206 Covington Street                                  Telephone: (914) 749-8200
Madisonville, LA 70447                              Facsimile: (914) 749-8300
Tel: (504) 455-1400
Fax: (504) 455-1498                                    *LEAD COUNSEL TO LEAD PLAINTIFF,*
                                                                 *THE ERICA P. JOHN FUND, INC., AND THE*
                                                                 *CLASS*
*SPECIAL COUNSEL TO LEAD PLAINTIFF,*
*THE ERICA P. JOHN FUND, INC., AND THE*
*CLASS*

E. Lawrence Vincent, SBN 20585590
The Law Office of Joe H. Staley, Jr., P.C.
3100 Monticello Ave., Suite 850
Dallas, Texas 75205
Telephone: (214) 739-3700
Facsimile: (214) 739-1919

***ATTORNEY FOR LEAD PLAINTIFF, THE ERICA P. JOHN FUND, INC.***

25

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 8, 2013, I served the foregoing document via U.S. mail and electronic mail to all counsel of record.

Kim E. Miller