**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| THE ERICA P. JOHN FUND, INC., | § | |
| On Behalf of Itself and All Others | § | |
| Similarly Situated, | § | |
| | § | |
| Lead Plaintiff, | § | |
| | § | Civil Action No. 3:02-CV-1152-M |
| vs. | § | |
| | § | |
| HALLIBURTON COMPANY and | § | |
| DAVID J. LESAR, | § | |
| | § | |
| Defendants. | § | |

**HALLIBURTON'S MOTION FOR AN ORDER PROTECTING IT FROM THE FUND'S
REQUEST FOR TESTIMONY IRRELEVANT TO PRICE IMPACT**

Less than two months ago, the Court issued an order staying the depositions of, among other witnesses, Halliburton Chief Executive Officer David Lesar and former Chief Financial Officer Douglas Foshee.[1]  The Fund fought this stay by arguing that these witnesses possessed personal knowledge relevant to price impact and that their depositions should proceed during any stay of merits discovery.  The Court rejected this argument.  The Fund nevertheless listed Mr. Lesar and Mr. Foshee as witnesses it intends to call at the December 1, 2014 hearing on price impact and is now insisting that both sit for deposition before that hearing.

The Fund's September 5 witness list identified no new grounds for arguing that these witnesses' testimony is relevant to price impact.  Halliburton thus seeks a protective order preventing the Fund from deposing Mr. Lesar or Mr. Foshee during the discovery stay and from calling either as a witness at the December 1, 2014 hearing on price impact.

---

[1]  Order on Mot. to Stay, D.E. 561 at 1.

## I.     The Court has already rejected the Fund's request to depose Mr. Lesar and Mr. Foshee before the hearing on price impact.

In granting Halliburton's motion to stay, the Court rejected the Fund's argument that Mr. Lesar's or Mr. Foshee's testimony is relevant to price impact.  Before ruling on that motion, the Court provided the Fund with ample opportunity to explain why, if the stay were granted, any of the scheduled depositions should proceed:  "[I]f you're arguing that . . . any of these depositions relate to price impact . . . I want you to tell me how."[2]

The Fund responded by submitting briefing to the Court attempting to "describe how the testimony from the currently[] scheduled depositions of fact witnesses [including Mr. Lesar and Mr. Foshee] is potentially relevant to the issue of price impact."[3]  With respect to Mr. Lesar, the Fund argued:

> Mr. Lesar may have information regarding pending asbestos cases against Halliburton and what Halliburton knew about the risks posed by those cases as well as about adverse asbestos verdicts and judgments, both those that were disclosed and not disclosed, and how that information relates to prior alleged misrepresentations regarding Halliburton's asbestos reserves. He may also have information regarding how those asbestos verdicts and judgments as well as other corrective disclosures affected Halliburton's stock price. He may [have] further information regarding the factual background of the Dresser merger and the relationship between Halliburton's misrepresentations and corrective disclosures about (1) unapproved claims revenue and (2) costs savings from the Dresser merger. In the event that Defendants attempt to rebut price impact by submitting evidence regarding disaggregation of culpable and nonculpable news regarding the accounting and/or merger claims, Mr. Lesar may have information relevant to the reasons for the corrective disclosures regarding those issues.[4]

With respect to Mr. Foshee, the Fund argued:

> Mr. Foshee may have information regarding the adverse asbestos verdicts and judgments and how that information relates to prior alleged misrepresentations regarding Halliburton's asbestos reserves, and may also have information regarding the factual background of the Dresser merger and the relationship between Halliburton's misrepresentations and corrective disclosures about (1)

---

[2]   July 15, 2014 Hr'g Tr. at 16:2–17.
[3]   Pl.'s Post-Hr'g Br. on Mot. to Stay, D.E. 559 at 1.
[4]   *Id*. at Ex. A at 7.

unapproved claims revenue and (2) costs savings from the Dresser merger. He may also have information regarding how those asbestos verdicts and judgments as well as other corrective disclosures affected Halliburton's stock price.[5]

In the face of these arguments, the Court granted Halliburton's motion and ordered that "[a]ll depositions scheduled to take place . . . are STAYED."[6]  During the telephonic hearing on the stay motion the Court also stated that, if the Fund were to later determine new grounds on which any particular fact depositions were needed before the hearing on price impact, the Court would permit the Fund to "come back" to the Court with those new grounds:  "I'm not saying I'll necessarily agree with you.  But if I do, I'll allow you to take them, even if I've otherwise shut you down."[7]

The Fund's witness list contains no new grounds beyond those which this Court previously rejected.[8]  According to the Fund, Mr. Lesar and Mr. Foshee will each "testify regarding his and Halliburton's statements regarding the impact of public pronouncements and events on Halliburton's stock price."[9]  In other words, the Fund still wants to ask these witnesses about "why Halliburton's stock price dropped" and "how . . . corrective disclosures affected Halliburton's stock price."[10]

Neither Mr. Lesar nor Mr. Foshee are experts in econometrics or price impact.  Their views on why or how any Halliburton statement or event impacted the stock price are not relevant to whether "the alleged misrepresentation . . . actually affect[ed] the stock's market price" or to how the stock actually "respond[ed] to pertinent publicly reported events." *Halliburton Co. v. Erica P. John Fund, Inc.* ("*Halliburton II*"), 134 S. Ct. 2389, 2415–16 (2014). The evidence that does inform this analysis is by definition public and is plainly available to the

---

[5]  *Id.* at Ex. A at 5.
[6]  Order on Mot. to Stay, D.E. 561 at 1.
[7]  July 15, 2014 Hr'g Tr. at 17:20–18:18.
[8]  Joint Submission Concerning Witnesses for the December 1 Hearing, D.E. 570 at 2.
[9]  *Id.*
[10]  Pl.'s Post-Hr'g Br. on Mot. to Stay, D.E. 559 at 2, Ex. A at 5, 7.

Fund without deposing Mr. Lesar or Mr. Foshee.

## II.   Halliburton's internal knowledge and beliefs are irrelevant to price impact.

Non-public information—including Halliburton's internal knowledge and beliefs—is irrelevant to the fraud-on-the-market presumption and price impact. "The fundamental premise underlying the [*Basic*] presumption is that an investor presumptively relies on a misrepresentation so long as it was reflected in the market price at the time of his transaction." *Id.* at 2414 (internal quotation marks omitted). This presumption is rebutted through "evidence showing that the alleged misrepresentation did not actually affect the stock's market price and, consequently, that the *Basic* presumption does not apply." *Id.* at 2416. The only evidence relevant to the Court's inquiry is evidence showing what "actually affect[ed]" the stock's market price—the public information known to the market and expert analysis of that information.

The *Basic* presumption rests "on what is known as the 'fraud-on-the-market' theory, which holds that 'the market price of shares traded on well-developed markets reflects all *publicly available information*.'" *Id.* at 2408 (quoting *Basic Inc. v. Levinson*, 485 U.S. 485, 246 (1988)) (emphasis added). The theory presumes that the market price reflects such information because "'market professionals generally consider most publicly announced material statements about companies, thereby affecting stock market prices.'" *Id.* at 2410 (quoting *Basic*, 485 U.S. at 247 n.24). The "typical investor" may not be aware of all such statements, but by "buy[ing] or sell[ing] stock at the price set by the market does so in reliance on the integrity of that price—the belief that it reflects all public, material information." *Id.* at 2408 (internal quotation marks omitted). As a result, under the fraud-on-the-market theory, "whenever the investor buys or sells stock at the market price, his reliance on any public material misrepresentations may be presumed.'" *Id.* (internal quotation marks omitted).

The Fund agrees that "the only issue regarding class certification that remains to be resolved . . . is whether Defendants can rebut the fraud-on-the-market presumption" through "lack of price impact."[11]  Price impact looks at "whether the alleged misrepresentations affected the market price in the first place."  *Halliburton II*, 134 S. Ct. at 2414 (internal quotation marks omitted).  Its absence or presence is thus shown through evidence of how a company's stock "respond[ed] to pertinent publicly reported events."  *Id.* at 2415.  As the Fund explained in a recent filing, this analysis "should turn on an econometric analysis of the impact of public statements on the stock price."[12]  Information that the market did not know—including Halliburton's or its officers' own internal knowledge or belief about those public statements—is irrelevant.

## CONCLUSION

For the foregoing reasons, Halliburton asks the Court to issue a protective order preventing the Fund from deposing Mr. Lesar or Mr. Foshee until the lifting of this Court's discovery stay or from calling either as a witness at the December 1, 2014 hearing on price impact.

---

[11]  Joint Submission Concerning Further Proceedings on Class Certification, D.E. 564 at 3.  The parties disagree as to their respective burdens related to this rebuttal, but that issue is not relevant to this motion.
[12]  Pl.'s Post-Hr'g Br. on Mot. to Stay, D.E. 559 at 2.

Respectfully submitted,


BAKER BOTTS L.L.P.


s/ *Jessica B. Pulliam*
Jessica B. Pulliam
State Bar No. 24037309
Thomas E. O'Brien
State Bar No. 24046543
John B. Lawrence
State Bar No. 24055825
2001 Ross Avenue, Suite 600
Dallas, Texas  75201
Telephone No. (214) 953-6500
Facsimile No.  (214) 953-6503

David Sterling
State Bar No. 19170000
One Shell Plaza
910 Louisiana Street
Houston, Texas  77002
Telephone No. (713) 229-1234
Facsimile No.  (713) 229-2099

*Counsel For Defendants Halliburton*
*Company and David J. Lesar*

## <u>CERTIFICATE OF CONFERENCE</u>

I certify that counsel for Halliburton has conferred with counsel for the Fund in an effort to resolve this dispute without Court action.  The Fund is opposed to the relief requested herein.

<u>s/ *Jessica B. Pulliam*</u>
Jessica B. Pulliam

## CERTIFICATE OF SERVICE

I certify that the foregoing document was served on all counsel of record via the Court's ECF system on September 15, 2014.

s/ *Jessica B. Pulliam*
Jessica B. Pulliam