IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| THE ERICA P. JOHN FUND, INC., On Behalf of Itself and All Others Similarly Situated, § § § § Lead Plaintiff, § § v. § § HALLIBURTON COMPANY and § DAVID J. LESAR, § § Defendant. § | Civil Action No. 3:02-CV-1152-M |

**HALLIBURTON'S EMERGENCY MOTION
TO STRIKE THE UNTIMELY EXPERT REPORT OF
DR. THOMAS Z. LYS AND REQUEST FOR TELEPHONIC HEARING**

The Erica P. John Fund, Inc. ("EPJF") designated for the first time on rebuttal an accounting expert to opine on key issues in EPJF's case-in-chief, the same issues addressed by its other previously designated expert. As this Court and others have held, such an expert is not a proper rebuttal expert. Accordingly, Halliburton Company and David J. Lesar (collectively, "Halliburton") move to strike the untimely expert report of Dr. Thomas Z. Lys and respectfully request an emergency telephonic hearing in light of the impending June 13, 2016 close of expert discovery.

**ARGUMENT**

In assessing a motion to strike an expert improperly designated at the rebuttal stage, courts engage in a two-step process. First, courts determine whether the expert is a true rebuttal expert who addresses "new unforeseen facts brought out in the other side's case" or merely an untimely designated initial expert who addresses "an expected and anticipated portion of the other party's case-in-chief." *R & O Constr. Co. v. Rox Pro Int'l Grp., Ltd.*, No. 2:09-CV-01749-

1

LRH-LR, 2011 WL 2923703, at *2 (D. Nev. July 18, 2011) (internal quotation marks omitted). Second, if the expert is improperly designated as a rebuttal expert, courts determine whether good cause exists to permit the expert's testimony despite the violation. *See U.S. Risk Ins. Grp., Inc. v. U.S. Risk Mgmt., LLC*, No. 3:11-CV-2843-M-BN, 2013 WL 6098488, at *2 (N.D. Tex. Nov. 19, 2013) (Lynn, J.). Dr. Lys is not a rebuttal expert, and good cause does not exist to permit his testimony.

**1.     Dr. Lys is not a true rebuttal expert.**

Since before the filing of EPJF's Fourth Amended Consolidated Class Action Complaint (the "Complaint") in April of 2006, the main issue in this case has been whether Halliburton's accounting estimates of its asbestos liability and related SEC disclosures during the class period were false or misleading. The Complaint alleges:

> Halliburton, in fact, had not adequately ***reserved or accounted for its accrued asbestos liabilities as represented***—in truth, Halliburton's potential liabilities for asbestos claims and suits were unquantifiably large, but certainly exceeded the stated reserves as disclosed throughout the Class Period by a huge multiple.
>
> . . .
>
> As a further part of the scheme to manipulate and falsify Halliburton's 98-01 financial results, defendants deliberately ***understated Halliburton's liabilities for then-existing asbestos claims*** and suits for which it faced liability. ***GAAP, as set forth in SFAS No. 5, Accounting For Contingencies***, requires that a loss be recognized for certain loss contingencies when it is probable the loss has been incurred and the amount can be reasonably estimated.
>
> . . .
>
> During the Class Period, Halliburton ***failed to make adequate and timely reserves for losses associated with asbestos claims*** Halliburton incurred when it acquired Dresser in 9/98.[1]

---

[1]     D.E. 246, Fourth Consol. Am. Compl. for Violation of the Securities Exchange Act of 1934, ¶¶ 42(k), 237–38 (emphasis added).

In light of these allegations, EPJF deposed Halliburton's two Chief Financial Officers during the class period, Halliburton's Chief Accounting Officer, Halliburton's General Accounting Manager, the Chairman of Halliburton's Audit Committee, and three members of the engagement team from Halliburton's independent auditor.

When it came time for EPJF to designate experts, however, EPJF chose not to designate an expert with an accounting background to testify about its allegations concerning Halliburton's accounting estimates. Instead, EPJF designated Dr. Lys—who describes himself as a "specialist in accounting"—only on rebuttal.[2] Dr. Lys is not a proper rebuttal expert because his report addresses issues central to EPJF's prima facie case and repeats opinions similar to those espoused by one of EPJF's timely disclosed experts.

The purpose of Dr. Lys' testimony is to question Halliburton's accounting for asbestos liabilities—a longstanding and central issue in this case. "If the purpose of expert testimony is to contradict an expected and anticipated portion of the other party's case-in-chief, then the witness is not a rebuttal witness or anything analogous to one." *R & O Constr.*, 2011 WL 2923703, at *2, *5 (internal quotation marks omitted) (striking expert opinion that did not address any "new and unforeseen statements"). "Rather, rebuttal expert testimony is limited to new unforeseen facts brought out in the other side's case." *Id.* at *2 (internal quotation marks omitted). Where an issue "may be demonstrated in various ways, simply because one method fails, the other does not become 'rebuttal.'" *Id.* at *5.

Under this Court's September 18, 2015 Third Amended Scheduling Order, "any party with the burden of proof on an issue shall file a written designation of the name and address of each expert witness who will testify at trial on such issue(s) and otherwise comply with

---

[2] App. 005 (Ex. 1, Lys Report ¶ 4).

Rule 26(a)(2), Fed. R. Civ. P. ('Rule 26(a)(2)'), on or before March 11, 2016."[3] EPJF has the burden of proof on the allegation that forms the bedrock of its Complaint—whether Halliburton's accounting estimates for its asbestos liabilities were false or misleading. This is the precise issue on which Dr. Lys proposes to opine. His report explains he "was asked to opine on the standards of United States Generally Accepted Accounting Principles ('GAAP') reporting and the U.S. Securities and Exchange Commission ('SEC') disclosure requirements."[4] More specifically, he seeks to opine on: (1) Halliburton's decision during the Class Period not to estimate liability for unasserted asbestos claims that may be filed in the future;[5] (2) Halliburton's accounting for and disclosure of claims settled but not paid by a former subsidiary during a portion of the class period;[6] and (3) Halliburton's disclosure of other issues surrounding asbestos claims against that subsidiary at the end of the class period.[7] These very issues are also addressed by EPJF's initial expert, Dr. Charles Bates, who submitted both an initial report and a rebuttal report.[8] Accordingly, Dr. Lys' report is not a true rebuttal report.

Addressing a similar situation, the court in *Stephenson v. Wyeth LLC* struck a rebuttal expert who was "not truly functioning as a rebuttal expert" but was rather acting as an expert for the plaintiff's case-in-chief. No. 04-2312-CM, 2011 WL 4900039, at *2 (D. Kan. Oct. 14, 2011). In that case, the plaintiff claimed she developed cancer as a result of hormone therapy. *Id.* at *1. The plaintiff timely disclosed three experts who opined that hormone therapy caused

---

[3] D.E. 607 ¶ 4.
[4] App. 006 (Ex. 1, Lys Report ¶ 15).
[5] App. 008–9 (Ex. 1, Lys Report ¶¶ 23–28).
[6] App. 010 (Ex. 1, Lys Report ¶¶ 31–33).
[7] App. 010 (Ex. 1, Lys Report ¶¶ 34–36).
[8] *See, e.g.*, App. 096–97 (Ex. 2, Bates Report ¶ 27 (discussing Halliburton's decision during the class period not to estimate liability for unasserted asbestos claims that may be filed in the future)); App. 196–98 (¶¶ 246–48 (discussing Halliburton's accounting for and disclosure of claims settled but not paid by a former subsidiary during a portion of the class period)); App. 231 (Ex. 3, Bates Suppl. Report p. 7 (discussing Halliburton's disclosure of other issues surrounding asbestos claims against that subsidiary at the end of the class period)); App. 278–81, 283–87 (Ex. 5, Bates Rebuttal Report ¶¶ 67–75, 78–89 (purporting to rebut Halliburton's expert on these issues)).

4

cancer. *Id.* at *2. The defendant disclosed two experts who opined the opposite. *Id.* Then, at the deadline to disclose rebuttal experts, the plaintiff disclosed a new expert whose report stated it was a rebuttal of defendants' experts, but the main thrust of which was that hormone therapy did in fact cause cancer. *Id.* The court held that this was not proper rebuttal testimony and struck the expert. *Id.* The court stated that it should "disallow the use of a rebuttal expert to introduce evidence more properly a part of the party's case-in-chief," and that "'[t]he plaintiff who knows that the defendant means to contest an issue that is germane to the prima facie case . . . must put in his evidence on the issue as part of his case in chief.'" *Id.* at *1 (quoting *Braun v. Lorillard, Inc.*, 84 F.3d 230, 237 (7th Cir. 1996)).

As in *Stephenson*, EPJF submitted expert testimony addressing a central and longstanding issue in the case at the deadline for initial expert reports, but then attempted to add another expert addressing this same issue at the rebuttal stage. Like the expert in *Stephenson*, Dr. Lys should be stricken.

Similarly, in *People v. Kinder Morgan Energy Partners, L.P.*, the court excluded a purported rebuttal groundwater hydrology expert when the topic of the expert's testimony was "a key part of [the] litigation from the inception." No. 07CV1883-MMA (WVG), 2016 WL 427015, at *4–5 (S.D. Cal. Feb. 2, 2016). At the initial disclosure deadline, the plaintiffs disclosed a non-retained expert on "issues of the municipal water supply." *Id.* The defendant then submitted two expert reports addressing hydrology and water treatment. *Id.* at *3. The plaintiffs then designated a new rebuttal expert on the issue of groundwater hydrology. *Id.* The defendant argued that "the [plaintiffs'] failure to disclose an expert on the viability of its water project could not have been an oversight, but rather represent[ed] a strategic choice." *Id.* at *4. Agreeing, the court stated:

5

> [The plaintiff's] failure to disclose a water expert, and [the disputed expert] in particular, by the . . . initial expert disclosure deadline is indefensible. Normally, parties are expected to present all of their evidence in their case in chief . . . . The use of the groundwater underneath the property as a source of potable water has been a key part of this litigation from its inception.
>
> . . .
>
> When a plaintiff's case . . . relies in part on the viability, operation, and value of a complex [issue], the plaintiff must expect to introduce such expert testimony.
>
> . . .
>
> A party with the burden of proof on an issue should not be allowed to secretly prepare an army of 'rebuttal' experts . . . . If they were allowed to do so, their work would not be subject to a direct response from any opposing expert. This immunity, combined with the element of surprise, is simply unfair.

*Id.* at *4–5 (citations and internal quotation marks omitted).

Like the plaintiffs in *Kinder Morgan*, EPJF here attempts to introduce an expert at the rebuttal phase whose testimony focuses on a topic that "has been a key part of this litigation from its inception." *Id.* at. 4.

**2.    Dr. Lys should be stricken because there is no good cause for his untimely designation.**

Once it is established that an expert witness is improperly designated as a rebuttal expert, courts determine whether there is good cause or exceptional circumstances that justify allowing the expert's testimony. There are none here.

In *U.S. Risk Insurance Group*, this Court held that the plaintiff had improperly designated a rebuttal expert and allowed him to testify only after finding the plaintiff's actions were justified and also after several changes to the scheduling order. 2013 WL 6098488, at *1. In that case, the defendant identified a lay witness who would testify regarding trademark confusion. *Id.* The plaintiff believed the lay witness was really an expert witness in disguise and designated a rebuttal expert in response. *Id.* This Court found that the purported rebuttal expert was not a

6

true rebuttal witness because he was not rebutting expert testimony and because his testimony was "more probably being offered to 'contradict an expected and anticipated portion of the Defendant's case.'" *Id.* at *2 (quoting *R & O Construction*, 2011 WL 2923703, at *2).

After finding the expert was improperly designated, this Court noted that it will consider four factors in determining whether an untimely designated expert should be struck: "'(1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice.'" *Id.* (quoting *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990)).

In finding that the circumstances justified a modification of the scheduling order, this Court noted that the plaintiff had a legitimate and understandable excuse for the late designation. The plaintiff believed that "Defendant [was] trying to veil [its lay witness] as a fact witness . . . and out of an abundance of caution, Plaintiff designated [its rebuttal expert] as a rebuttal expert to [the lay witness's] alleged expert testimony." *Id.* at *1. This Court accepted the plaintiff's explanation, stating "Plaintiff identified [the rebuttal expert] once it received notice of [the lay witness's] testimony, which, regardless of Defendant's contentions to the contrary, Plaintiff believed to be expert testimony." *Id.* at *2.

In this case, each of the four factors set forth in *U.S. Risk Insurance Group* weighs in favor of striking Dr. Lys' report. First, unlike in *U.S. Risk Insurance Group*, EPJF has offered no legitimate explanation for failing to disclose Dr. Lys on time. There is none. Courts have noted that an "error in interpreting the requirements of a Federal Rule of Civil Procedure and the court's scheduling order does not provide a satisfactory explanation" for improper designation of a rebuttal expert. *See Cont'l Cas. Co. v. St. Paul Fire & Marine Ins. Co.*, No. CIV.A. 304CV1866D, 2006 WL 2506957 (N.D. Tex. Aug. 15, 2006) (Fitzwater, J.) (finding the expert

7

was improperly designated but allowing him to testify only after allowing the plaintiff 60 days to respond to the untimely report, allowing another 45 days after that for further depositions, and postponing trial for several months).

Second, EPJF has implicitly conceded that Dr. Lys' testimony is of little importance since it addresses the same issues already addressed by EPJF's original expert, Dr. Bates. On the date for its initial designation of experts, EPJF designated, among other experts, Dr. Bates, who is an economist and asbestos estimation expert. Dr. Bates was charged with assessing "[w]hether Halliburton's SEC disclosures in the Class Period regarding its asbestos liability were false or misleading."[9] Among other key topics addressed by Dr. Bates were: (1) Halliburton's decision not to reserve for future asbestos claims during the class period;[10] (2) Halliburton's accounting for and disclosure of claims settled but not paid by a former subsidiary in the second quarter of 2001;[11] and (3) Halliburton's disclosure of the number of reserved claims of that former subsidiary in its Form 10-Q for the third quarter of 2001.[12] These are the core issues on which Dr. Lys opines. Fully aware of the issues in this case, EPJF chose to designate Dr. Bates—not Dr. Lys—as an expert by the deadline for initial designations.

Third, the potential prejudice threatened by Dr. Lys' testimony is substantial. EPJF should not be allowed to lay in wait and, only after Halliburton's expert deadline has passed, then disclose an expert to testify about the central issues in its case-in-chief in the guise of a rebuttal expert. If Dr. Lys and experts like him are allowed to testify as rebuttal experts, parties with the burden of proof will have less incentive to designate their experts by the initial disclosure deadline.

---

[9] App. 085 (Ex. 2, Bates Report ¶ 6).
[10] App. 096 (Ex. 2, Bates Report ¶ 27).
[11] App. 196–98 (Ex. 2, Bates Report ¶¶ 246–48).
[12] App. 231 (Ex. 3, Bates Suppl. Report p. 7).

8

EPJF's actions will require Halliburton to incur substantial, additional costs to digest the report of and depose Dr. Lys before expert discovery closes in three and a half weeks. Halliburton will not have sufficient time to obtain and review documents from this entirely new expert and prepare for and take his deposition by the expert discovery deadline. In reliance on EPJF's counsel's representations that EPJF retained three expert witnesses,[13] Halliburton has already agreed to a schedule under which all six of the parties' timely-designated experts will be deposed in four different states across the county over the final fourteen business days of the expert discovery period.

Fourth, any effort to overhaul the current scheduling order to attempt to cure EPJF's actions would be inequitable to the parties and delay the resolution of this 13-year-old case. The court in *Stephenson* noted that, while a continuance might cure the late designation, "the court [did] not see value in delaying it further and running up additional unnecessary expenses." *Stephenson*, 2011 WL 4900039, at *2–3. The same is true here.

The Scheduling Order and Federal Rules do not permit EPJF to reassess its choice of experts after Halliburton designated its responsive experts. EPJF's gamesmanship should not be rewarded, and the Court should strike Dr. Lys' report.

**CONCLUSION AND REQUEST FOR EMERGENCY TELEPHONIC HEARING**

For the reasons stated above, the Court should strike Dr. Lys' untimely report. Under the Court's Third Amended Scheduling Order, expert depositions must be completed by June 13, 2016. Accordingly, Halliburton respectfully requests an emergency telephonic hearing to

---

[13] On April 22, one week after Halliburton served its responsive expert reports, counsel for EPJF indicated to counsel for Halliburton that EPJF had retained three experts. EPJF's counsel stated: "Provided the rest of the scheduling works, *we can present two of our three experts* (Bates and Coffman) during the window you requested, June 7-10, *but not all three*." Thereafter, EPJF continued communicating with Halliburton and planning for expert discovery under the premise that each side had retained three experts. App. 233 (Ex. 4, April 22, 2016 C. Goldfarb Email).

9

address its Motion to Strike in advance of this deadline.

          Respectfully submitted,

By: *s/ Jessica B. Pulliam*
    Jessica B. Pulliam
    State Bar No. 24037309
    Thomas E. O'Brien
    State Bar No. 24046543
    John B. Lawrence
    State Bar No. 24055825
    Baker Botts L.L.P.
    2001 Ross Avenue, Suite 600
    Dallas, Texas  75201-2980
    Telephone: (214) 953-6500

    David D. Sterling
    State Bar No. 19170000
    Baker Botts L.L.P.
    One Shell Plaza
    910 Louisiana Street
    Houston, Texas 77002-4995
    Telephone: (713) 229-1522

ATTORNEYS FOR HALLIBURTON COMPANY AND DAVID J. LESAR

**CERTIFICATE OF CONFERENCE**

Counsel for Halliburton, including the undersigned, conferred with counsel for EPJF, including Mr. Goldfarb, regarding the relief sought in this Motion on May 16, 2016 and were unable to reach an agreement regarding the relief sought. Counsel for EPJF opposes the Motion.

*s/ Jessica B. Pulliam*
Jessica B. Pulliam

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served on all counsel of record via the Court's electronic filing system on May 18, 2016.

*s/ Jessica B. Pulliam*
Jessica B. Pulliam