**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

THE ERICA P. JOHN FUND, INC., et al., *On Behalf of Itself and All Others Similarly Situated*,

Plaintiff,

vs.

HALLIBURTON COMPANY and DAVID J. LESAR,

Defendants.

**CIVIL ACTION NO.: 3:02-CV-1152-M**

**CLASS ACTION**

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO**
**HALLIBURTON'S EMERGENCY MOTION TO STRIKE**

Kim E. Miller
*(admitted pro hac vice)*
KAHN SWICK & FOTI, LLC
250 Park Avenue, Suite 2040
New York, NY 10177
Tel: (212) 696-3730
Fax: (504) 455-1498

Lewis S. Kahn
Michael Swick
Neil Rothstein
*(admitted pro hac vice)*
KAHN SWICK & FOTI, LLC
206 Covington Street
Madisonville, LA 70447
Tel: (504) 455-1400
Fax: (504) 455-1498

***SPECIAL COUNSEL TO LEAD PLAINTIFF, THE ERICA P. JOHN FUND, INC. AND THE CLASS***

David Boies
*(admitted pro hac vice)*
BOIES, SCHILLER & FLEXNER LLP
333 Main Street
Armonk, NY 10504
Tel: (914) 749-8200
Fax: (914) 749-8300

Carl E. Goldfarb
*(admitted pro hac vice)*
BOIES, SCHILLER & FLEXNER LLP
401 E. Las Olas Blvd., Suite 1200
Ft. Lauderdale, FL 33301
Tel: (954) 356-0011
Fax: (954) 356-0022

***LEAD COUNSEL TO LEAD PLAINTIFF, THE ERICA P. JOHN FUND, INC. AND THE CLASS***

# TABLE OF CONTENTS

Page

I. INTRODUCTION ..... 1

II. FACTUAL BACKGROUND ..... 2

III. ARGUMENT ..... 4

A. Plaintiff Does Not Have To Establish A GAAP Violation As Part Of Its Prima Facie Case ..... 4

B. Dr. Lys' Report Is A Proper Rebuttal Report ..... 7

C. The Cases Halliburton Cites Are Not On Point ..... 8

D. Even Assuming Dr. Lys' Report Was Untimely, It Should Be Admitted ..... 13

IV. CONCLUSION ..... 16

# TABLE OF AUTHORITIES

Page

## Cases

*Amgen, Inc. v. Connecticut Retirement Plans and Trust Funds*,
133 S. Ct. 1184 (2013) ........ 5

*Erica P. John Fund, Inc. v. Halliburton, Co.*,
563 U.S. 804 (2011) ........ 5

*Halliburton Co. v. Erica P. John Fund, Inc.*
134 S. Ct. 2398 (2014) ........ 5

*Jacobs v. Tapscott*,
No. 04-1968, 2006 U.S. Dist. LEXIS 68619 (N.D. Tex. Sep. 25, 2006) ........ 14

*Lebeouf v. Manning*,
No. 12-2583, 2016 U.S. Dist. LEXIS 20967 (E.D. La. Feb. 22, 2016) ........ 14

*Matrixx Initiatives, Inc. v. Siracusano*,
131 S. Ct. 1309 (2011) ........ 5

*PACT XPP Techs., AG v. Xilinx, Inc.*,
No. 07-563, 2012 U.S. Dist. LEXIS 41688 (E.D. Tex. Mar. 27, 2012) ........ 15

*People v. Kinder Morgan Energy Partners, L.P.*,
No. 07-1883, 2016 U.S. Dist. LEXIS 15174 (S.D. Cal. Feb. 2, 2016) ........ 8, 12

*Poly-Am, Inc. v. Serrot Int'l, Inc.*,
No. 03-1457, 2002 U.S. Dist. LEXIS 15995 (N.D. Tex. Aug. 26, 2002) ........ 6, 7

*Primrose Operating Co. v. Nat'l Am. Ins. Co.*,
382 F.3d 546 (5th Cir. 2004) ........ 13

*R&O Constr. Co. v. Rox Pro Int'l Grp., Ltd.*,
No. 09-01749, 2011 U.S. Dist. LEXIS 78032 (D. Nev. July 18, 2011) ........ 8, 9, 10

*Stephenson v. Wyeth LLC*,
No. 04-2312, 2011 WL 4900039 (D. Kan. Oct. 14, 2011) ........ 8, 11, 12

*Stoneridge Investment Partners, LLC v. Scientific– Atlanta, Inc.*,
552 U.S. 148 (2008) ........ 5

*U.S. Risk Ins. Grp., Inc. v. U.S. Risk Mgmt., LLC*,
No. 11-2843, 2013 U.S. Dist. LEXIS 165097 (N.D. Tex. Oct. 30, 2013)................................ 13

*Wireless Agents, L.L.C. v. Sony Ericsson Mobile Communs. AB*,
No. 05-0289, 2006 U.S. Dist. LEXIS 97125 (N.D. Tex. May 31, 2006).................................. 8

**<u>Statutes</u>**

15 U.S.C. § 78j(b)........................................................................................................ 1, 4, 5

15 U.S.C.A. § 78t(a)........................................................................................................... 5

**<u>Rules</u>**

Fed. R. Civ. P. 16(b)(4).................................................................................................. 13, 14

Fed. R. Civ. P. 26........................................................................................................... 10, 11

Fed. R. Civ. P. 26(a)(2)...................................................................................................... 13

Fed. R. Civ. P. 26(a)(2)(B)................................................................................................. 7

Fed. R. Civ. P. 26(a)(2)(C)................................................................................................. 7

Fed. R. Civ. P. 26(a)(2)(D)(ii)........................................................................................ 7, 9

Fed. R. Civ. P. 37(c)(1).................................................................................................. 13, 14

**<u>Regulations</u>**

17 CFR § 240.10b–5 (2013)........................................................................................... 1, 4

Plaintiff, The Erica P. John Fund, Inc. ("Plaintiff"), respectfully submits this Memorandum in Opposition to Halliburton's Emergency Motion to Strike the Untimely Expert Report of Dr. Thomas Z. Lys and Request for Telephonic Hearing ("Motion"). For the reasons articulated below, Plaintiff requests this Court deny Halliburton's Motion and all relief requested thereto.

## I. INTRODUCTION

On September 18, 2015, this Court entered the Third Amended Scheduling Order setting the dates by which the parties were required to designate expert witnesses and submit their expert reports. *See* D.E. 607 ¶¶ 4-6. Plaintiff had to designate its initial experts by March 11, 2016, Halliburton had to designate its experts by April 15, 2016, and Plaintiff had to designate its reply experts by May 13, 2016. *Id.* Plaintiff timely designated Dr. Thomas Z. Lys as a reply expert on May 13, 2016. Halliburton now claims his report does not constitute a rebuttal report, and thus is untimely and should be stricken. *See generally* D.E. 681. Finally, Halliburton argues that there is no good cause to otherwise admit Dr. Lys' report.

Halliburton's assertions are wrong on both counts. First, Dr. Lys' report is indeed a rebuttal report, and was timely designated and served. He responds to and directly rebuts the contention by Halliburton's expert, Lawrence F. Ranallo, that Halliburton's statements in its SEC filings during the class period comply with Generally Accepted Accounting Practices ("GAAP"). Nor is there any basis for Halliburton's argument that Plaintiff should have presented Dr. Lys' report as one of its initial reports. In this action, Plaintiff alleges that Defendants made material misstatements and omissions about their asbestos liability in violation of Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and Rule 10b–5, 17 CFR § 240.10b–5 (2013). The elements of such a cause of action do not include demonstrating that Halliburton violated GAAP. Accordingly, Plaintiff does not have to demonstrate that

Halliburton violated GAAP as part of its case-in-chief. Rather, Halliburton raised its purported compliance with GAAP as an ostensible defense in this securities-fraud action, and the report of Dr. Lys is proper rebuttal testimony. Because Dr. Lys' testimony is proper rebuttal testimony, there is no need for the Court to reach the issue of whether there is good cause to admit Dr. Lys' report as untimely.

Second, should the Court reach the issue of good cause, the equities strongly favor accepting his report. In contrast to the out-of-Circuit cases cited by Halliburton, Plaintiff submitted several expert reports on liability. This is not a case where plaintiff is attempting to sneak in a late liability report as a rebuttal report, nor a case where Plaintiff had an undisclosed liability expert waiting in the wings to ambush Defendants. Rather, Plaintiff did not retain (or even contact) Dr. Lys until being served with the Mr. Ranallo's Report, which seeks to convert this case about material misrepresentations and omissions into a case about GAAP compliance.

## II. FACTUAL BACKGROUND

This case is a federal securities-fraud action. In the operative complaint, Plaintiff alleged several bases for its securities-fraud claims. Only one basis remains: that Halliburton and its CEO David Lesar made material misstatements and omissions regarding Halliburton's asbestos liability.[1]

On March 11, 2016, Plaintiff timely submitted expert reports from Chad Coffman, Deborah R. Hensler, and Charles E. Bates. D.E. 683. Mr. Coffman's report focused on materiality, loss causation, and damages and did not mention generally accepted accounting practices or GAAP. Goldfarb Decl. ¶ 3, Plaintiff's Appendix ("Pl. App") 001. Dr. Hensler's

---

[1] In its complaint, Plaintiff also originally alleged that Halliburton booked cost overruns on long-term, fixed price contracts as revenue in violation of GAAP. The Court did not certify that aspect of Plaintiff's case, *see* D.E. 601 at 30-32, and therefore GAAP violations are no longer part of the action.

report focused on what Halliburton knew or should have known about its asbestos liability, and did not mention generally accepted accounting practices or GAAP. *Id.* ¶ 4, Pl. App. 001. Dr. Bates' report focused on demonstrating that Halliburton made material misrepresentations and omissions regarding its asbestos liability and referenced generally accepted accounting practices or GAAP only once, and did so in citing an SEC document. *Id.* ¶ 5, Pl. App. 002. Dr. Bates also submitted a short supplemental report because one of Halliburton's former executives was deposed after the close of fact discovery due to exigent personal circumstances, and Dr. Bates did not mention generally accepted accounting practices or GAAP in that supplemental report. *Id.* ¶ 6, Pl. App. 002.

On April 13, 2016, Halliburton served experts reports from Lucy P. Allen, Francine F. Rabinovitz, and Lawrence F. Ranallo. Only the report of Mr. Ranallo is relevant to the present Motion. In his report, Mr. Ranallo, who is a CPA and a former partner at PricewaterhouseCoopers LLP, focused on whether Halliburton's SEC filings complied with GAAP. In the first paragraph of his summary of opinions, he states: "My primary opinion is that Halliburton did not violate GAAP or SEC guidance in accruing for and disclosing asbestos liabilities throughout the Class Period. In my opinion, Halliburton complied with the standard of care that I would expect, including the relevant guidance set forth in GAAP and by the SEC." Ranallo Rpt. ¶ 12, Pl. App. 028. In his summary and in the body of his report, Mr. Ranallo repeatedly opines that Halliburton's SEC filings and actions complied with GAAP. The term "GAAP" appears in his report more than 170 times. Goldfarb Decl. at ¶ 7, Pl. App. 002. Mr. Ranallo repeatedly lumps "GAAP and SEC guidance" together, suggesting the two terms necessarily go hand-in-hand. *See* Ranallo Rpt. ¶¶ 14, 16, 17, 20, 21, 24, 26, 33, 43, 115, 116, 120, 143, 159, 193 n. 280, 202, 203, 204, 205, 207, 208, 210, 214, 215, and 234, Pl. App. 028-

034, 036, 039, 067-068, 071-072, 085, 098, 101-106, 113. The concluding sentence of his report is: "In any event, Dr. Bates' suggested disclosures were not required ***under GAAP and SEC guidance*** and were not errors in Halliburton's financial reporting." *Id.* at ¶ 234, Pl. App. 113 (emphasis added).

On May 13, 2016, Plaintiff served its rebuttal reports, including a report by Dr. Lys. In his report, Dr. Lys states that he was retained "to evaluate the expert report of Lawrence F. Ranallo" and "to comment on the specific conclusions reached by Mr. Ranallo, the most prominent of which are listed throughout this report." Lys Rpt. ¶ 15, Defendants' Appendix ("Def. App.") 006-007. Dr. Lys begins his summary of opinions by stating, "Mr. Ranallo's conclusion that Halliburton's disclosure of its asbestos liabilities complied with GAAP is, in my professional opinion, incorrect." Lys Rpt. ¶ 17, Def. App. 007. Dr. Lys goes on to provide "[s]pecific examples of GAAP violations" including the "[f]ailure to reserve for future claims" and Halliburton's treatment of "Harbison-Walker's open claims in Q2 and Q3 2001." Lys Rpt. ¶¶ 22-23, 103-195, Def. App. 008, 028-049. Those were among the precise topics that Mr. Ranallo addressed in his report. *See* Ranallo Rpt. ¶¶ 20-22, 133-168, 177-210, Pl. App. Pl. App. 031-032, 075-088, 091-105. Dr. Lys' entire report is a rebuttal to Mr. Ranallo's report as evidenced by the fact that Dr. Lys references Mr. Ranallo more than 110 times in his report. Goldfarb Decl. ¶ 8, Pl. App. 002. Dr. Lys' report provides an important counterweight to Mr. Ranallo's false assertion that Halliburton's SEC filings complied with GAAP and also to his misleading and false assertion that, because those filings complied with GAAP, they complied with SEC guidance as well.

## III. ARGUMENT

### A. Plaintiff Does Not Have To Establish A GAAP Violation As Part Of Its Prima Facie Case

In this Court's operative pretrial scheduling order, the Court said that a party with the "burden of proof on an issue" has to designate its initial experts by March 11, 2016. *See* D.E. 607 at 2. Plaintiff is bringing claims against Halliburton and Mr. Lesar under section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and Securities and Exchange Commission Rule 10b–5, 17 CFR § 240.10b–5 (2013). As this Court noted in its class certification order, "[i]n order to prevail and recover damages, a plaintiff must prove '(1) a material misrepresentation or omission by the defendant; (2) scienter; (3) a connection between the misrepresentation or omission and the purchase or sale of a security; (4) reliance upon the misrepresentation or omission; (5) economic loss; and (6) loss causation.'" D.E. 601 at 4 (quoting *Amgen, Inc. v. Connecticut Retirement Plans and Trust Funds,* 133 S. Ct. 1184, 1192 (2013)). Because establishing a GAAP violation is not an element of the cause of action, Plaintiff does not have to establish a GAAP violation to prevail on such a claim, as the Class Certification Order repeatedly makes clear, D.E. 601 at 1, 4, 19, 29-32, 53, and as is evident from the statute itself, 15 U.S.C. § 78j(b), and from numerous Supreme Court cases listing the elements of private securities-fraud claims, *see Halliburton Co. v. Erica P. John Fund, Inc.*, 134 S. Ct. 2398, 2407 (2014); *Erica P. John Fund, Inc. v. Halliburton, Co.*, 563 U.S. 804, 809-810 (2011); *Matrixx Initiatives, Inc. v. Siracusano*, 131 S. Ct. 1309, 1317 (2011); *Stoneridge Investment Partners, LLC v. Scientific– Atlanta, Inc.*, 552 U.S. 148, 157 (2008)).[2]

This case centers on allegations that Halliburton made material misrepresentations and omissions about its asbestos liability. Demonstrating a GAAP violation is not an element of the

[2] Plaintiff also has a control person claim under Section 20(a) of the Securities Exchange Act of 1934. In order to establish prima facie case of control person liability under Securities Exchange Act, a plaintiff must show: (1) primary violation by controlled person; (2) control of primary violator by defendant; and (3) that controlling person was in some meaningful sense a culpable participant in primary violation. Securities Exchange Act of 1934, § 20(a), 15 U.S.C.A. § 78t(a). Showing a GAAP violation is not an element of that claim either.

claims in this case and, accordingly, Plaintiff does not bear the burden of proof on whether Halliburton's asbestos accounting violated GAAP and so did not have to submit an initial report on GAAP compliance. Rather, the Fourth Consolidated Amended Complaint ("FCAC"), D.E. 246, the operative complaint, repeatedly alleges that Halliburton made numerous statements regarding its asbestos liability that "were false and misleading." *See* FCAC ¶¶ 116, 128, 140, 153, 168, 173, 190. Those actionable misrepresentations are set forth in Lead Plaintiff's Second Amended Responses and Objections to Defendants' Fourth Set of Interrogatories at Response No. 11, Pl. App. 010-015 (citing FCAC ¶¶ 38, 113, 119, 126, 130, 139, 145, 148, 149, 157, 160, 166, 170, 171, 175, 178, 180, 181, 183, 184, 189). Plaintiff does not have to establish a GAAP violation to show such statements are false or misleading. A typical misrepresentation, as alleged in the complaint, is the following: "We believe that the pending asbestos claims will be resolved without material effect on our financial position or results of operations." FCAC ¶¶ 126, 130, 148, 160, 189.

To the extent Halliburton suggests (D.E. 681 at 2-3) that Plaintiff bears the burden of proving Halliburton's disclosures regarding its asbestos liabilities did not comply with GAAP and that a GAAP expert is necessary to prove Plaintiff's case-in-chief, that assertion is incorrect. *See supra* at 4-5. Halliburton cites two paragraphs from the operative complaint that simply reference GAAP and FAS 5 and then points to the fact that Plaintiff deposed several Halliburton employees with accounting functions. D.E. 681 at 2-3. That argument is a red herring. Halliburton cannot justify its contention that Plaintiff must demonstrate a violation of GAAP as part of Plaintiff's case-in-chief. Quite simply, no accounting expert is *necessary* to prove the allegations in Plaintiff's case-in-chief.

Rather, through Mr. Ranallo's expert report, Halliburton makes its purported compliance with GAAP part of its defense in this case. Tellingly, Halliburton lists GAAP compliance as one of its defenses in its answer, stating: "At all times during the alleged Class Period, Halliburton's accounting practices and/or procedures were consistent with GAAP including, *inter alia*, SOP 81-1(.65)." *See* D.E. 329 at 92 (sixth pled defense).

**B. Dr. Lys' Report Is A Proper Rebuttal Report**

Halliburton cites three district court cases (discussed below) from outside the Fifth Circuit but fails to cite the district court cases within this District that are directly on point. In *Poly-Am, Inc. v. Serrot Int'l, Inc.*, No. 03-1457, 2002 U.S. Dist. LEXIS 15995 (N.D. Tex. Aug. 26, 2002) (J., Fitzwater), the court set forth a test for determining whether an expert's report constitutes rebuttal evidence. The court's test is based on what was then Fed. R. Civ. P. 26(a)(2)(C), but is now Fed. R. Civ. P. 26(a)(2)(D)(ii), which provides a default rule governing the timing of expert rebuttal reports. The court said: "Rule 26(a)(2)(C) effectively provides that rebuttal disclosures are those that relate to evidence that is 'intended solely to contradict or rebut evidence on the same subject matter identified by another party' in its expert disclosure." *Poly-Am*, 2002 U.S. Dist. LEXIS 15995, at *48-49. The court noted that while an expert rebuttal witness will often know whose testimony he is rebutting, that is not necessary and then explained:

> It is sufficient if the evidence disclosed under the rebuttal rubric is intended solely to contradict or rebut evidence on the same subject matter that another party has identified in its expert disclosure. To determine whether a disclosure is properly included under Rule 26(a)(2)(C) rather than under Rule 26(a)(2)(B), it will often be helpful to answer these three questions: ***First***, *what evidence does the rebuttal expert purport to contradict or rebut?* ***Second***, *is the evidence disclosed as rebuttal evidence on the same subject matter as that identified by another party in its Rule 26(a)(2)(B) disclosure?* ***Third***, *is the evidence disclosed as rebuttal evidence intended solely to contradict or rebut that evidence?*

*Poly-Am*, 2002 U.S. Dist. LEXIS 15995, at *49. (emphasis added). Dr. Lys' report readily

passes the test set forth in *Poly-Am*: (1) The evidence Dr. Lys purports to contradict or rebut is the opinion of Halliburton's expert Mr. Ranallo; (2) Dr. Lys' report is on the same subject matter as that identified by Halliburton – whether Halliburton's SEC filings complied with GAAP; and (3) Dr. Lys' report is intended solely to contract or rebut Mr. Ranallo's evidence regarding GAAP. In *Poly-Am*, the court concluded "that at least some of [the plaintiff's expert's] testimony purports to contradict or rebut [the defendant's expert's] opinion," and allowed that testimony as rebuttal "because it ha[d] no other stated or apparent purpose." *Id.* at *49-50. Similarly, Dr. Lys' report has no other stated or apparent purpose.

In *Wireless Agents, L.L.C. v. Sony Ericsson Mobile Communs. AB*, No. 05-0289, 2006 U.S. Dist. LEXIS 97125, at *6-7 (N.D. Tex. May 31, 2006) (J., Fitzwater), the court again applied that same three-question test in deciding whether a proposed witness had been properly designated as a rebuttal expert. The court found that the witness was a proper rebuttal expert because his report contained opinions that "directly bear" on an issue first raised in defendant's expert's report. *Id* at *8. Again, the same is equally true of Dr. Lys' report as discussed above.

**C. The Cases Halliburton Cites Are Not On Point**

In arguing for the exclusion of Dr. Lys' report, Halliburton relies on three out-of-Circuit district court cases with facts radically different from the facts here: *R&O Constr. Co. v. Rox Pro Int'l Grp., Ltd.*, No. 09-01749, 2011 U.S. Dist. LEXIS 78032 (D. Nev. July 18, 2011); *Stephenson v. Wyeth LLC*, No. 04-2312, 2011 WL 4900039 (D. Kan. Oct. 14, 2011); and *People v. Kinder Morgan Energy Partners, L.P.*, No. 07-1883, 2016 U.S. Dist. LEXIS 15174 (S.D. Cal. Feb. 2, 2016). In two of those cases, the party whose expert rebuttal report was excluded did not timely submit ***any*** expert report on liability and tried to make up for that blatant omission by belatedly submitting what were initial liability reports as rebuttal reports. In the third case, plaintiff's excluded expert report did not even mention any of the defendant's experts, mirrored

the conclusions of plaintiff's initial expert reports, and was apparently submitted first in another case. Far from supporting Halliburton's claim that Dr. Lys' report should be stricken, these cases undercut Halliburton's contention and show instead that expert rebuttal reports are excluded under egregious circumstances not remotely present here.

In the *R&O Constr.* case, the parties were required to simultaneously designate initial reports, and subsequently, rebuttal reports. 2011 U.S. Dist. LEXIS 78032, at *4. The plaintiff did not submit ***any expert report*** by the date for initial expert disclosures, *id.* at *4, *10, and later designated its liability expert as a rebuttal expert, *id.* at *4. The court excluded plaintiff's expert, finding he was not a true rebuttal expert. As the court explained, "[r]ebuttal expert reports are proper if they contradict or rebut the subject matter of the affirmative expert report." *Id.* at *5. In that case, the court excluded defendant's proposed rebuttal report because the report "does not directly address the findings, i.e., 'the same subject matter,'" as plaintiff's report. *Id.* at *8. Dr. Lys, by contrast, does directly address Mr. Ranallo's findings and, therefore, Dr. Lys is a proper rebuttal expert under the *R&O Constr*. analysis because he "contradict[s] or rebut[s]" Mr. Ranallo's conclusions. *Compare* Ranallo Rpt. at 4 ("My primary opinion is that Halliburton did not violate GAAP or SEC guidance in accruing for and disclosing asbestos liabilities throughout the Class Period."), Pl. App. 028, *with* Dr. Lys. Rpt. ¶ 17 ("Mr. Ranallo's conclusion that Halliburton's disclosure of its asbestos liabilities complied with GAAP is, in my professional opinion, incorrect."), Def. App. 007.

Halliburton's argument that Dr. Lys is not a rebuttal witness, citing the *R&O Constr.* case, rests on a mischaracterization of his report. Halliburton would have this Court believe that Dr. Lys' report broadly addresses whether "Halliburton's accounting estimates for its asbestos liabilities were false or misleading[.]" D.E. 681. This is simply not the case. Dr. Lys' report

addresses Mr. Ranallo's decidedly more circumscribed testimony regarding Halliburton's compliance with GAAP. Thus, Dr. Lys' report "is intended solely to contradict or rebut evidence on the same subject matter identified by another party…." Fed. R. Civ. P. 26(a)(2)(D)(ii). As Dr. Lys' report itself demonstrates, he analyzes whether Halliburton complied with GAAP. The first statement of Dr. Lys' summary of opinions states: "Mr. Ranallo's conclusions that Halliburton's disclosure of its asbestos liabilities complied with GAAP is, in my professional opinion, incorrect." Lys Rpt. ¶ 17, Def. App. 007. [3] Halliburton also claims that the "purpose of Dr. Lys' testimony is to question Halliburton's accounting for asbestos liabilities," an issue "central to EPJF's prima facie case." D.E. 681 at 4. Again, that assertion is wrong because it mischaracterizes Dr. Lys' testimony and because Plaintiff does not have to prove Halliburton violated GAAP as part of its prima facie case. It is precisely for that reason that the reports submitted by Plaintiff's initial experts, Dr. Charles E. Bates, Deborah R. Hensler and Chad W. Coffman, did not include opinions regarding generally accepted accounting principles or GAAP.

According to the *R&O Constr.* case, a rebuttal witness cannot rebut the "anticipated portion of the other party's case-in-chief." 2001 U.S. Dist. LEXIS 78032, at *6. Halliburton seeks to stretch that language beyond the breaking point. It is important to bear in mind that in *R&O Constr.*, the plaintiff did not submit an initial expert report. Thus, when the *R&O Constr.* court talks of "an expected and anticipated portion of the other party's case-in-chief," *id.* at *5-6, it does so to highlight that a plaintiff cannot wait until the time for rebuttal reports to put in a report on liability and then argue its liability report rebuts defendant's liability report.

[3] Equally flawed is Halliburton's contention that Dr. Lys addressed issues also addressed by Plaintiff's initial expert, Dr. Bates. In his initial report, Dr. Bates did not address whether Halliburton's SEC filings violated GAAP and, as noted, mentioned GAAP only once when citing an SEC document.

Halliburton's sweeping reading of the case would place Plaintiff in the untenable position of having to anticipate which of the 19 defenses cited in Halliburton's answer (which include compliance with GAAP, D.E. 329 at 92) will be the subject of expert testimony proffered by Halliburton, and then to anticipatorily present expert testimony on that same defense in Plaintiff's initial expert reports. That is not the law and is at odds with both the requirements of Rule 26 on rebuttal reports and this Court's scheduling order, which limited initial reports to issues on which a party bears "the burden of proof[.]" D.E. 607 at 2. Plaintiff's submission of Dr. Lys' report as a rebuttal report complies both with Rule 26 and the Court's scheduling order.

*Stephenson v. Wyeth LLC* is not on point either. In that case, the court excluded a proposed rebuttal expert whose report "does not mention plaintiff by name or refer to any opinion given by defense experts in this case." 2011 U.S. Dist. LEXIS 119013, at *6 (D. Kan. Oct. 14, 2011). The court also said the conclusion of the excluded expert "mirrors that of three other experts timely disclosed by plaintiff" and found that the Plaintiff "took the opportunity to add him to her expert list after he submitted his new report in the [related] MDL proceedings." *Id.* at *7. The facts in this case could hardly be more different. Dr. Lys mentions Mr. Ranallo by name more than 110 times, Dr. Lys' report directly rebuts Mr. Ranallo's conclusions, and Dr. Lys' report is not duplicative of any of Plaintiff's initial reports.

Halliburton cites *Stephenson v. Wyeth LLC* for the proposition that "[t]he plaintiff who knows that the defendant means to contest an issue that is germane to the prima facie case…must put in his evidence on the issue as part of his case in chief." 2011 U.S. Dist. LEXIS 119013, at *4 (internal citation omitted). Halliburton, however, omits a crucial parenthetical clause from the foregoing quotation, which reads as follows: "The plaintiff who knows that the defendant means to contest an issue that is germane to the prima facie case ***(as distinct from an affirmative***

***defense)*** must put in his evidence on the issue as part of his case in chief." *Id.* (emphasis added). Although Halliburton contends that, like the expert in *Stephenson*, Dr. Lys should be stricken because he "submitted expert testimony addressing a central and longstanding issue in the case" (D.E. 681 at 5), Dr. Lys' report addresses one of Halliburton's defenses, ***cited as a defense in its answer***, *see* D.E. 329 at 92 (sixth pled defense), that, because its accrual for asbestos liabilities complied with GAAP, its statements and omissions regarding its asbestos liability were not violative of federal securities laws. The sole purpose of Dr. Lys' report is to rebut this defense as articulated in Mr. Ranallo's report. After the passage Halliburton quotes from *Stephenson v. Wyeth L.L.C.*, the court states: "A party presents its argument as to the issue for which it has the burden of proof in its initial reports." 2011 U.S. Dist. LEXIS 119013, at *5 (internal citation omitted). That is what this Court's scheduling order required, D.E. 607 at 2, and that is precisely what Plaintiff did.

Halliburton's discussion of *People v. Kinder Morgan Energy Partners, L.P.*, D.E. 681 at 5-6, omits key facts that show how utterly inapposite that case is In that case, the state of California filed an action seeking remediation of the 166 acres of land underlying Qualcomm Stadium and its adjoining parking lots. The state sought three categories of damages, including "'water damages'—including the loss of use of the Mission Valley aquifer as a source of potable water and for underground water storage[.]" 2016 U.S. Dist. LEXIS 15174, at *2. In its initial designations, the state designated a damage expert ("to opine on the method to value to value of the loss of use of the aquifer") but no expert on liability ("to opine on the actual loss of use of the aquifer"). *Id.* at *13. The state tried to rectify that omission by designating a liability expert as a rebuttal witness. *Id.* at 9-10. The court struck the state's proposed rebuttal witness, saying his designation "as a mere rebuttal expert seems to be disingenuous, at best." *Id.* at * 14. The court

further concluded of plaintiff's proposed rebuttal expert, "[h]is expert opinion and testimony are essential to proving the City's case-in-chief—it's entitlement to 'loss of use' water damages—and are not proper rebuttal." *Id.* at *15. In this case, by contrast, Plaintiff's initial designations included proposed experts on liability and damages, and Dr. Lys' rebuttal testimony was not a belated attempt to introduce expert testimony on liability. Nor is his testimony "essential" to proving Plaintiff's case-in-chief because proving a GAAP violation is not an element of Plaintiff's securities-fraud claims. *See supra* at 4-6.[4]

**D. Even Assuming Dr. Lys' Report Was Untimely, It Should Be Admitted**

Even if Dr. Lys' report were not a timely-submitted rebuttal report, which it not the case, this Court should still deny Halliburton's motion because Plaintiff's submission of Dr. Lys' report as a rebuttal report is both "substantially justified" and constitutes "harmless error." Under Fed. R. Civ. P. 37(c)(1), a party who fails to identify a witness in compliance with Rule 26(a)(2) may nevertheless "use that information or witness to supply evidence on a motion, at a hearing, or at trial" if the failure "was substantially justified or is harmless." Here, the submission of Dr. Lys as a rebuttal expert is substantially justified because demonstrating a GAAP violation is not an element of a securities-fraud claim, and because it was difficult, if not impossible, for Plaintiff to anticipate upon which of the 19 defenses that Halliburton listed in its answer, *see* D.E. 329 at 92, it would provide expert testimony.

In *Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546 (5th Cir. 2004), the Fifth Circuit looked to four factors when "performing a Rule 37(c)(1) harmless error analysis to

[4] The court in that case said "a party with the burden of proof should not be allowed to secretly prepare an army of 'rebuttal' experts. If they were allowed to do so, their work would not be subject to a direct response from any opposing expert." 2016 U.S. Dist. LEXIS 15174, at *15 (internal citation omitted). Here, Plaintiff did not approach Dr. Lys until ***after*** receiving Mr. Ranallo's expert report, presenting a GAAP defense. Goldfarb Decl. ¶ 9, Pl. App, 002.

determine whether the district court properly exercised its discretion in allowing" an expert's testimony: "(1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose." *Id.* at 563-64. Halliburton invokes the "good cause" standard for modifying scheduling orders under Fed. R. Civ. P. 16(b)(4) that is substantially similar to the Fifth Circuit's harmless error test. *See* D.E. 681 at 6-7 (citing *U.S. Risk Ins. Grp., Inc. v. U.S. Risk Mgmt., LLC*, No. 11-2843, 2013 U.S. Dist. LEXIS 165097, at *5 (N.D. Tex. Oct. 30, 2013)); *Lebeouf v. Manning*, No. 12-2583, 2016 U.S. Dist. LEXIS 20967, at *3 (E.D. La. Feb. 22, 2016) ("In determining whether a party has met its burden under Rule 16(b)(4), the court considers the same four factors as under Rule 37(c)(1)"); *Jacobs v. Tapscott*, No. 04-1968, 2006 U.S. Dist. LEXIS 68619, at *38 (N.D. Tex. Sep. 25, 2006) (employing Rule 37(c)(1) factors in determining whether to strike supplemental expert report). Each of these factors militates in favor of admitting Dr. Lys' report.

First, Dr. Lys' report is important to Plaintiff's case. With Mr. Ranallo's report, Halliburton seeks to turn this case about material misrepresentations and omissions into an accounting case. Mr. Ranallo's report asserts Halliburton's SEC filings complied with GAAP and it is now apparent that such a contention is one of Halliburton's central defenses. If Plaintiff is not provided an opportunity to rebut Mr. Ranallo's report with an expert on GAAP issues, it will be significantly prejudiced. Halliburton claims "that Dr. Lys' testimony is of little importance since it addresses the same issues already addressed by EPJF's original expert, Dr. Bates." D.E. 681 at 8. That is wrong. Halliburton fails to note that while Dr. Lys' report addresses and rebuts Mr. Ranallo's opinions regarding GAAP, Dr. Bates does not opine on GAAP compliance in his report. *See* Bates Initial Report ¶¶ 10-28, Defs. App. 086-097.

Second, Halliburton will suffer no prejudice if Dr. Lys' report is admitted. Halliburton claims that it will be prejudiced by the "substantial, additional costs to digest the report of and depose Dr. Lys[.]" D.E. 681 at 9. That contention rings hollow because Halliburton already has an accounting expert in place, Mr. Ranallo, who can help Halliburton prepare for and depose Dr. Lys. Moreover, Defendants cannot claim to be caught off-guard by the Court logically permitting Plaintiff to rebut Mr. Ranallo's report, which attempts to turn this action into a case about GAAP compliance, with its own expert rebuttal report regarding GAAP compliance. Plaintiff timely-designated Dr. Lys as an expert and submitted his rebuttal report in accordance with the Third Amended Scheduling Order on May 13, 2016. As such, Halliburton had an entire month from the time of service of Dr. Lys' report until the close of expert discovery on June 13, 2016, "to digest the report of and depose Dr. Lys."

Third, assuming there were any prejudice to Halliburton (which there is not), it could be cured by allowing Halliburton "sufficient" additional time to depose Dr. Lys, which seems to be Halliburton's primary concern. *See* D.E. 681 at 9. Plaintiff will consent to Halliburton's deposing Dr. Lys after the deadline for deposing experts. *See PACT XPP Techs., AG v. Xilinx, Inc.*, No. 07-563, 2012 U.S. Dist. LEXIS 41688, at *15-16 (E.D. Tex. Mar. 27, 2012) ("[T]he prejudice to Plaintiff can be mitigated by requiring Defendants to produce Mr. Münch for deposition before trial."). A short enlargement of the time in which to take Dr. Lys' deposition should not affect other deadlines in this action, but the schedule can be modified if the Court deems it appropriate to do so, and Plaintiff notes that the December 2016 trial date is uncertain because of the appeal pending in the Fifth Circuit on the class certification order.

Fourth, and finally, Plaintiff's failure to identify Dr. Lys as an initial expert is justifiable because Dr. Lys is not an initial expert, but a rebuttal expert. It only became necessary for

Plaintiff to engage Dr. Lys to author a report *after* Halliburton designated Mr. Ranallo and submitted his report opining on previously unexplored GAAP issues. Notably, Plaintiff did not contact Dr. Lys until after Halliburton served Mr. Ranallo's rebuttal report. Goldfarb Decl. ¶ 9. Pl. App. 002. Even assuming this Court were to find Dr. Lys is not a proper rebuttal expert, a result at odds with the facts and circumstances in this case, this is not a case where Plaintiff failed to designate an initial expert on liability or engaged in other egregious or improper conduct, but rather a case where the rebuttal witness responds to and rebuts the opinions of an expert witness for the Defendants on an issue where Plaintiff does not carry the burden of proof.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court deny Halliburton's Emergency Motion to Strike the Untimely Expert Report of Dr. Thomas Z. Lys.

Dated: May 27, 2016

Respectfully submitted,

/s/ Kim E. Miller

Kim E. Miller
*(admitted pro hac vice)*
KAHN SWICK & FOTI, LLC
250 Park Avenue, Suite 2040
New York, NY 10177
Tel: (212) 696-3730
Fax: (504) 455-1498

Lewis S. Kahn
Michael Swick
Neil Rothstein
*(admitted pro hac vice)*
KAHN SWICK & FOTI, LLC
206 Covington Street
Madisonville, LA 70447
Tel: (504) 455-1400
Fax: (504) 455-1498

***SPECIAL COUNSEL TO LEAD PLAINTIFF, THE ERICA P. JOHN FUND, INC., AND THE CLASS***

/s/ Carl E. Goldfarb

David Boies
*(admitted pro hac vice)*
BOIES, SCHILLER & FLEXNER LLP
333 Main Street
Armonk, NY 10504
Tel: (914) 749-8200
Fax: (914) 749-8300

Carl E. Goldfarb
*(admitted pro hac vice)*
BOIES, SCHILLER & FLEXNER LLP
401 E. Las Olas Blvd., Suite 1200
Ft. Lauderdale, FL 33301
Tel: (954) 356-0011
Fax: (954) 356-0022

***LEAD COUNSEL TO LEAD PLAINTIFF, THE ERICA P. JOHN FUND, INC., AND THE CLASS***

E. Lawrence Vincent
THE LAW OFFICE OF JOE H. STALEY, JR., P.C.
3100 Monticello Ave., Suite 850
Dallas, Texas 75205
Tel: (214) 739-3700
Fax: (214) 739-1919

***ATTORNEY FOR LEAD PLAINTIFF, THE ERICA P. JOHN FUND, INC., AND THE CLASS***

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on May 27, 2016, I served the attached document via CM/ECF System to the following counsel of record:

Jessica B. Pulliam
Tom O'Brien
John Lawrence
Amanda Hix
BAKER BOTTS, LLP
2001 Ross Avenue, Suite 600
Dallas, Texas 75201-2980
Tel.: (512) 322-2500
Fax: (512) 322-2501
**jessica.pulliam@bakerbotts.com**
**tom.obrien@bakerbotts.com**
**john.lawrence@bakerbotts.com**
**amanda.hix@bakerbotts.com**

David D. Sterling
Leslie Buenzow
BAKER BOTTS, LLP
910 Louisiana Street
Houston, Texas 77002-4995
Tel: (713) 229-1234
Fax: (713) 229-2099
**david.sterling@bakerbotts.com**
**leslie.buenzow@bakerbotts.com**

*/s/ Carl E. Goldfarb*
Carl E. Goldfarb