NORTHERN DISTRICT OF TEXAS
JUL - 5 2016

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **THE ERICA P. JOHN FUND, INC., et al.,** **Plaintiffs,** | § § § | |
| **v.** | § | **No. 3:02-CV-1152-M** |
| **HALLIBURTON COMPANY and DAVID J. LESAR,** **Defendants.** | § § § § | |

**ORDER**

The Court has before it Defendant Halliburton's Emergency Motion to Strike the Untimely Expert Report of Dr. Thomas Z. Lys [D.E. 681]. This motion was referred by the District Court to the Magistrate Judge for determination. Order [D.E. 684]. Based on the parties' briefing, the Court rules as follows.

The District Court's scheduling order required the initial designation of experts on March 22, 2016, responsive expert designations on April 15, 2016, and reply expert designations on May 13, 2016. Sch. Order [D.E. 607 at 2-3]. Halliburton and David J. Lesar (collectively, "Halliburton") ask the Court the strike Dr. Thomas Z. Lys ("Lys") report because he is not truly a reply expert. Defs.' Mot. [D.E. 681 at 1]. The Erica P. John Fund ("EPJF") responds that Lys' report "responds to and directly rebuts the contention by Halliburton's expert, Lawrence F. Ranallo ("Ranallo"), that Halliburton's statements in its SEC filings during the class period comply with Generally Accepted Accounting Practices ("GAAP")." Pl.'s Resp. [D.E. 685 at 5]. In Halliburton's reply, it argues that EPJF relies on case law that is distinguishable or not applicable to the case at hand and that there is readily available case law by the District Court regarding this situation. Defs.' Reply [D.E. 687 at 4-8].

In *U.S. Risk*, the case relied upon by Halliburton, the defendant argued that the plaintiff's proffered expert should have been excluded because he was not properly designated as an expert, and he did not qualify as an expert. *U.S. Risk Ins. Group, Inc. v. U.S. Risk Management, LLC*, No. 3:11-CV-2843-M-BN, 2013 WL 6098488, at *1 (N.D. Tex. Nov. 19, 2013). Furthermore, the plaintiff's expert rebuttal witness was proffered to rebut the testimony of a lay witness. *Id.* The court in *U.S. Risk* cited *R&O Construction* for the proposition that if one side designates a lay witness, the opposing side cannot designate rebuttal witness as a rebuttal expert witness. *Id.* at *2 (citing *R & O Construction Co. v. Rox Pro Int'l Group, Ltd.*, No. 2:09–cv–1749, 2011 WL 2923703, at *2 (D.Nev. July 18, 2011)). The court reasoned that if the lay witness did not offer an expert report or expert testimony there would be no "new unforeseen facts brought out" for a rebuttal expert to rebut. *Id.*

The circumstances in *U.S. Risk* are distinguishable from the issues presented by the parties in the case at hand. Here, Halliburton designated Ranallo as an expert. Defs.' Designation [D.E. 680]. Afterwards, EPJF designated its reply experts, including Lys. Pl.'s Designation [D.E. 683]. In his expert report, Lys states that he was retained by EPJF "to evaluate the expert report of Lawrence F. Ranallo[,]" "as well as to comment on specific conclusions reached by Mr. Ranallo . . . ." Defs.' Appx. [D.E. 682 at 12]. Therefore, Defendant Halliburton's Emergency Motion to Strike the Untimely Expert Report of Dr. Thomas Z. Lys [D.E. 681] is **DENIED**.

**SO ORDERED,** this 3rd day of ~~June~~ July 2016.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE